1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### TACOMA DIVISION

WILL CO. LTD. a limited liability company
organized under the laws of Japan,

      Plaintiff,

vs.

DOES 1-20, d/b/a THISAV.COM,

      Defendants.

Case No.:  **3:20-cv-05802-BHS**

**PLAINTIFF WILL CO LTD'S *EX PARTE* MOTION FOR EARLY DISCOVERY**

NOTE ON MOTION CALENDAR:
**SEPTEMBER 10, 2020**

Plaintiff, Will Co Ltd (hereinafter "Will Co." or the "Plaintiff") files this Motion for Early Discovery (hereinafter this "Motion") in the above-captioned case through its counsel, Spencer D. Freeman, The Freeman Law Firm, Inc.  Plaintiff seeks leave of this Court to discover the identities of all owners and operators of ThisAV.com, the web site infringing Will Co.'s copyrighted works.  This information is essential to prosecuting the Complaint filed by Plaintiff in this case (Dkt. No. 1).  To effectuate this goal, Plaintiff seeks a Court order allowing it to serve discovery demands on GoDaddy, LLC; Domains by Proxy, LLC; CloudFlare, Inc.; GorillaServers, Inc.; and Tiger Media, Inc. for identifying information of their customers, the Defendants in this case.

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY
DISCOVERY
**[3:20-cv-05802-BHS]**
 - 1

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

# I. INTRODUCTION

Plaintiff Will Co. seek the identities of the Doe Defendants, the owner and operators of ThisAV.com.  Step one in this particular case in identifying them is to serve discovery requests upon the website hosting companies and internet service providers associated with the named web site and delivery of the content on the named web site.  Will Co. seeks leave of Court to serve subpoenas on these online service companies and other third parties in advance of this case's Rule 26(f) conference, in order to discover the true identity of the defendants in order to serve them with process in this case.

# II. FACTUAL BACKGROUND

Plaintiff Will Co. is a private limited liability company organized under the laws of the Japan.  Will Co. is an award-winning entertainment company with over 50 brands and a video library of over 50,000 films.  Its brand has developed such that Will Co. is recognized globally as a leader of Japanese sensual art garnering numerous industry awards.  Will Co. intentionally markets to an audience throughout the United States, earning well in excess of $1M annually.  To protect its content and business conducted in the United States, Will Co. registered copyrights in its content with the U.S. Copyright Office.  See Complaint, ¶¶ 6-9, 31-35, Dkt. No. 1.

The named Defendants, Does 1-20, are unknown persons and/or entities operating ThisAV.com.  ThisAV.com is video streaming web site targeting United States viewers, enticing them to view illegally displayed copyright protected materials, including copyrights owned by Will Co.  ThisAV.com averages over 27.9 million hits per monthwith over a million in the United States.  See Complaint, ¶¶ 11-13, 41, Dkt. No. 1.

In addition to enticing Internet users to view copyright infringed content, ThisAV.com enables users to upload content to the web site.  In order to upload content to ThisAV.com, a user must for register as a member.  Content uploaded to ThisAV.com, "…needs to be reviewed by the webmaster."  See Complaint, ¶¶ 43-48 Dkt. No. 1.

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
**[3:20-cv-05802-BHS]**
- 2

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1    ThisAV.com is not an Internet Service Provider and has no DMCA safe harbor

2    protections.  See Complaint, ¶¶ 54, Dkt. No. 1.

3    While the copyright infringement on ThisAV.com is obvious and blatant, the

4    owners and operators of the web site have gone to great lengths to hide their identities.

5    ThisAV.com is a domain registered through GoDaddy, LLC whose main offices are in

6    Arizona, use Domains By Proxy, LLC as a privacy service to have all registrant,

7    administrative contact, and technical contact information redacted from public view.

8    *Declaration of Jason Tucker In Support of Motion for Early Discovery ("Decl. J. Tucker")*, p 2,

9    ¶¶ 9-10.

10    ThisAV.com's domain name server is Cloudflare, Inc. located in California.  A

11    domain name server connects a typed in domain name with the actual IP address/location

12    of a web site.  *Decl. J. Tucker,* p 3, ¶ 11.

13    ThisAV.com is hosted at GorillaServers, Inc. located in Utah.  *Decl. J. Tucker,* p 3,

14    ¶ 12.

15    There are several advertisers that have an apparent contractual relationship with the

16    owners and operators of ThisAV.com. Advertising broker Tiger Media, Inc. brokers United

17    States ads on ThisAV.com through its U.S. servers; Juicyads.me through Mojohost in Michigan,

18    Jads.co through Mojohost in Michigan; and Juicyads.com registered through Arizona based

19    GoDaddy LLC, hosted through Stackpath, LLC in Texas.  *Decl. J. Tucker,* p 3, ¶ 13.

20    The vendors for ThisAV.com including GoDaddy.com, LLC; Domains By Proxy;

21    GorillaServers, Inc.; Cloudflare, Inc.; and Tiger Media, Inc. have previously instructed that

22    information will only be produced upon subpoena.  *Declaration of Spencer Freeman In Support*

23    *of Motion for Early Discovery ("Decl.  S. Freeman"),* p 1-2, ¶ 2.

24

25    ### III.    ARGUMENT

26    Federal Rules allow for discovery prior to a Rule 26(f) conference upon a showing of

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY
DISCOVERY
**[3:20-cv-05802-BHS]**
- 3

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

good cause. *See Dell Inc. v. BelgiumDomains, LLC*, 2007 U.S. Dist. LEXIS 98676, 18 (S.D. Fla. 2007); *see also* Ayyash *v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (granting ex parte expedited discovery from third parties where plaintiff showed good cause); *Semitool, Inc. v. Tokyo Electronic America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying a good cause standard to plaintiff's request for expedited discovery); *and Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (applying a good cause standard to plaintiff's request for expedited discovery).

More specifically, courts have recognized that, "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortious activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Accordingly, courts have developed the following factors to consider when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Id.* at 578-80. Each of these factors resolves in favor of granting Plaintiff's requested relief.

First, Plaintiff has sufficiently identified individuals who are real persons Plaintiff could sue in Federal Court. Plaintiff observed and documented infringement of its registered works by individuals and/or entities owning or operating ThisAV.com. The requested discovery is necessary for Plaintiff to determine the true name and address of the individuals who own and operate the infringing web sites and performed the infringing acts.

Second, there are no other practical measures Plaintiff could take to identify the Doe Defendants. Plaintiff is aware of no available information that would identify the infringing users, other than information maintained by the domain privacy service, registrar service and other service providers. Due to the nature of on-line transactions Plaintiff has no way of determining Defendants' identities except through immediate discovery, and follow-up

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY
DISCOVERY
**[3:20-cv-05802-BHS]**
- 4

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

discovery.

Third, Plaintiff has asserted *prima facie* claims for copyright infringement, contributory copyright infringement, and vicarious infringement in its Complaint, which can withstand a motion to dismiss.  Specifically, Plaintiff has alleged that (i) it owns and has registered the copyright in the work at issue; and (ii) the Defendants made unauthorized reproductions of those works and distributed them without Plaintiff's authorization.  These allegations state a claim for copyright infringement.  Similarly, the Defendants knew of their infringement, and were conscious of their uploading of Plaintiff's copyrighted work, refused to take down Plaintiff's copyrighted work, and substantially participated in others' infringement of the Plaintiff's copyrighted work, which would have been impossible without Defendants' uploading and sharing of the relevant motion pictures.

When outlining the above factors, the court in *Columbia Ins.* noted that in cases where injured parties are likely to find themselves chasing unidentified tortfeasors across cyberspace, the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances. *Columbia Ins.*, 185 F.R.D. at 579.  An analysis of the factors clearly demonstrates Plaintiff's legitimate interest in identifying the name and address of the individuals who infringed upon its copyrighted works.

In addition to the three factors discussed above, courts have indicated that a plaintiff requesting early discovery to identify defendants should justify specific requests and explain how such requests "will lead to identifying information about defendant that would make service of process possible." *See Columbia Ins.,* 185 F.R.D. at 580; *see also Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir. 1980).

The infringement and other wrongful acts at issue in this action occurred online.  The key instrumentality of the infringements is the ThisAV.com website.  The owners and operators of these websites are clearly liable for copyright infringement, and the domain privacy services,

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY
DISCOVERY
**[3:20-cv-05802-BHS**]
- 5

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

domain registrars, advertising companies, and website hosting services most likely have these persons' or entities' names, addresses, billing information, and likely other information that will make it possible to reliably identify the proper party in this case.  As these persons and/or entities may have taken steps to hide their true identities from these Internet vendors, further follow-up discovery may be necessary.

Plaintiff requests discovery to be served on GoDaddy, LLC; Domains by Proxy, LLC; GorillaServers, Inc.; CloudFlare, Inc.; and Tiger Media, Inc.  Therefore the Plaintiff requests that the Court issue an Order allowing Plaintiff to serve subpoenas on these relevant Internet vendors and discovered ISPs, wherein Plaintiff shall request the specific subscriber information necessary to confirm the identity of the ISP subscriber in order to fully translate the identity of the Defendants.

Since 47 U.S.C. § 551 (The Cable Privacy Act) prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior written or electronic consent of the subscriber or a court order, and since some ISPs are also cable operators, Plaintiff requests that the Court's Order state clearly that the Court has contemplated the Cable Privacy Act, and that the order specifically complies with the Act's requirements. *See* 47 U.S.C. § 551.

## IV.   CONCLUSION

The Plaintiff requests that the Court grant leave for early discovery and issue the requisite Order instructing GoDaddy, LLC; Domains by Proxy, LLC; GorillaServers, Inc.; CloudFlare, Inc.; and Tiger Media, Inc. to turn over all information pertinent to the identity of the owners, operators, and principals operating the ThisAV.com website, domain name, and relevant accounts.  This should include, but should not be limited to, names, addresses, billing address, email exchanges or other correspondence with the relevant party, and all IP address login information for the ThisAV.com domain name accounts.

Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information Plaintiff cannot pursue its lawsuit to protect its copyrighted works.

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
**[3:20-cv-05802-BHS]**
- 6

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

Plaintiff additionally requests permission to engage in limited discovery by issuing interrogatories and/or deposing the individuals identified by the first round of discovery requests, or the second round (requests sent to the ISPs), in order to determine whether or not the Internet subscriber is a proper defendant in this action. This motion is presented on an emergency basis, as once the Defendants are informed of the fact that the Plaintiff seeks their information, they are likely to take further steps to hide their identities and/or to fraudulently transfer assets.

RESPECTFULLY SUBMITTED this 10th September 2020.

**FREEMAN LAW FIRM, INC.**

_____/s/ Spencer D. Freeman_____
Spencer D. Freeman, WSBA#25069
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 383-4500
Facsimile:  (253) 383-4501
Email: sfreeman@freemanlawfirm.org

Attorneys for Plaintiff

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY
DISCOVERY
**[3:20-cv-05802-BHS]**
- 7

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)