UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan,<br><br>Plaintiff,<br><br>vs.<br><br>DOES 1-20, d/b/a THISAV.COM,<br><br>Defendants. | Case No.: 3:20-cv-05802-BHS<br><br>**ORDER GRANTING PLAINTIFF'S** *EX PARTE* **MOTION FOR EARLY DISCOVERY** |

**ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY**

The Court, having read all papers filed in connection with the Plaintiff's *Ex Parte* Motion for Early Discovery, having considered the issues raised therein, including the requirements of the Cable Privacy Act, 47 U.S.C. § 551, and being otherwise fully advised, it is hereby ORDERED that the Motion is **GRANTED** as set forth below.

On August 10, 2020 Plaintiff filed a Complaint alleging violations for copyright infringement against Doe Defendants operating THISAV.com (Dkt. No. 1). Thereafter, Plaintiff submitted a motion seeking permission to take early discovery for the limited purpose

of identifying these Doe Defendants. Specifically, Plaintiff seeks to subpoena GoDaddy, LLC; Domains by Proxy, LLC; GorillaServers, Inc.; CloudFlare, Inc.; and Tiger Media, Inc. and the relevant Internet Service Providers ("ISPs"), to determine the names and addresses of certain subscribers connected to certain IP addresses that have been used to operate the Avgle.com website and domain names to infringe upon Plaintiff's copyrighted works. Additionally, Plaintiff seeks permission to then issue interrogatories to and depose the subscribers identified by these ISPs in order to determine whether the subscriber is a proper defendant in this action.

"As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (*citing Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). These requests are allowed upon a showing of good cause. *See Dell Inc. v. BelgiumDomains, LLC*, 2007 U.S. Dist. LEXIS 98676, *18 (S.D. Fla. 2007); *see also Ayyash v. BankAl-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (granting ex parte expedited discovery from third parties where plaintiff showed good cause); *Semitool, Inc. v. Tokyo Electronic America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying a good cause standard to plaintiff's request for expedited discovery); *and Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (applying a good cause standard to plaintiff's request for expedited discovery).

Within the internet context, Courts have recognized "[s]ervice of process can pose a special dilemma for plaintiffs in cases . . . [where] the tortious activity occurred entirely online." *Columbia Ins.*, 185 F.R.D. at 577. A three-factor test has been developed for instances where

ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
2

courts are considering motions requesting early discovery to assist in the identification of certain defendants. *Id.* at 578-80.

First, the moving party should be able to identify "the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)). Here, given the facts shown, Plaintiff has identified the missing party(s) with as much clarity as possible. Plaintiff has stated that these missing parties are persons or entities, and that these person/entities have been observed and documented as infringing on its copyrights. Thus, as real persons/entities, these Does can be sued in federal court.

Second, the moving party should be able to identify "all previous steps taken to locate the elusive defendant." Columbia *Ins.*, 185 F.R.D. at 578 (citing *Plant v. Doe*, 19 F. Supp. 2d 1316, 1320 (S.D. Fla. 1998)). The only information Plaintiff has regarding the Defendants are the existence of accounts relating to the operations of the web sites. Therefore, there are no other measures Plaintiff could take to identify the Defendants other than to obtain his/her identifying information from the vendors and then from his/her ISP. Consequently, Plaintiff must serve subpoenas on the venders and Defendants' ISPs to obtain the information it seeks.

Third, the moving party should be able to "establish to the Court's satisfaction that [its] suit against defendant could withstand a motion to dismiss." *Columbia Ins.*, 185 F.R.D. at 578 (citing *Gillespie*, 629 F.2d at 642). Here, Plaintiff, has alleged a *prima facie* claim of copyright infringement. 17 U.S.C. § 106(1)(3). Specifically, Plaintiff claimed: (1) it owns and has registered the copyrighted work at issue in this case; (2) the Defendants reproduced and distributed those works without authorization; and (3) Plaintiff was damaged by Defendants' actions. Accordingly, since Plaintiff has alleged all the elements of copyright infringement in the Complaint (Dkt. No. 1), its suit against Defendant could withstand a motion to dismiss.

Plaintiff has also alleged a *prima facie* case of contributory copyright infringement. Plaintiff claimed (1) it owns and has registered the copyrighted work at issue in this case; (2) Defendants knew of the infringing activity and were conscious of their infringement; and (3) Defendants actively participated in this infringement by inducing, causing and contributing to the infringement of Plaintiff's copyright work. As each element has properly been alleged by the Plaintiff in its Complaint (Dkt. No. 1), this cause of action could withstand a motion to dismiss.

Therefore, Plaintiff has adequately satisfied the three-factor test for the claims raised in the Complaint. Furthermore, the scope of this order has been sufficiently tailored to achieve the reasonable and necessary purpose of identifying already known alleged offenders. In sum, the Court finds good cause to grant Plaintiff the relief it seeks. GoDaddy, LLC; Domains by Proxy, LLC; GorillaServers, Inc.; CloudFlare, Inc.; and Tiger Media, Inc. shall immediately respond to the Plaintiff's subpoenas. Any Internet Service Provider shall have seven (7) days after service of any subpoenas to notify the subscriber(s) that their identit(y/ies) have been subpoenaed by Plaintiff. Each subscriber whose identity has been subpoenaed shall have twenty-one (21) calendar days from the date of such notice to file a responsive pleading or motion to quash. Thereafter, upon receipt of the subscriber's information from the ISP, the Plaintiff may send written discovery requests to the relevant subscriber and may take the subscriber's deposition, if necessary.

Accordingly, it is hereby ORDERED that Plaintiff's *Ex Parte* Motion for Early Discovery is GRANTED.

DATED: September 28, 2020.

_____
Honorable Benjamin H. Settle
United States District Court Judge