# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# TACOMA DIVISION

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan,<br><br>Plaintiff,<br><br>vs.<br><br>KA YEUNG LEE, an individual; YOUHAHA MARKETING AND PROMOTION LIMITED, a foreign company; and DOES 1-20, d/b/a THISAV.COM,<br><br>Defendants. | Case No.: 3:20-cv-05802-BHS<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Will Co. Ltd. (hereinafter referred to as "Plaintiff" or "Will Co.") by and through its counsel of record files this Complaint against Defendants Ka Yeung Lee, Youhaha Marketing and Promotion Limited, and Does 1-20, d/b/a THISAV.com (collectively hereinafter referred to as "Defendant" or "Defendants").

**PRELIMINARY STATEMENT**

1. Will Co. is an award-winning Japan based entertainment company which includes a vast library of full-length adult entertainment movies offered for viewing in a fee-based model. Will Co. sells access to its content in the United States and has filed for and obtained copyright

---

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF- 1

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

registrations with the U.S. Copyright Office. By this lawsuit, Will Co. seeks to protect its copyrighted audiovisual works from blatant infringement by Defendants in the United States.

2. The conduct that gives rise to this lawsuit is egregious and willful. Defendants own and operate websites engaged in the business of copying and distributing infringing audiovisual works. Under the guise of acting as a distributor of "user-generated content," Defendants in fact are directly and knowingly involved in the trafficking of thousands of pirated works – including many works owned by Will Co. Moreover, though Defendants are not "service providers," not engaged in the storage of content at the direction of users, and thus are not entitled to any of the safe-harbors afforded under Section 512 of the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. § 512), Defendants do not comply with their obligations under the DMCA. Instead, Defendants systematically refuse to comply with proper and compliant DMCA takedown notices.

3. Defendants' actions are causing serious harm to Will Co. and its business in the United States and must be put to a stop immediately. Because Defendants will not do so voluntarily, Will Co. now comes before this Court seeking injunctive relief and substantial damages.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

5. This Court has subject matter jurisdiction over Will Co.'s claims for copyright infringement and violation of the Digital Millennium Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338.

6. While based in Japan, Will Co. intentionally target the United States market for purposes of selling membership to Will Co. paid membership web sites, granting a paying user access to view Will Co.'s content or from DVD sales.

7. Will Co.'s videos are viewed by a specific niche market in the United States and is a niche with high demand.

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 2

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

8. Yearly, Will Co. earns in excess of $1M from U.S. Viewers based upon efforts to target the United States market.

9. To protects its business and interest in the United States market, Will Co. filed for and obtained copyright registrations for its content with the United States Copyright Office.

10. Defendants Ka Yeung Lee, Youhaha Marketing and Promotion Limited, and Does 1-20 are currently unknown individual(s) and/or entity(ies) that own and operate a website located at the uniform resource locator ("URL") https://ThisAV.com ("ThisAV Web Site").

11. Defendant Does 1-20 act in concert with each other in the operation of ThisAV Web Site.

12. Defendants knowingly and purposefully market to and target the entire United States, including residents of this District, through ThisAV Web Site.

13. Based on a website analysis overview report prepared by Similarweb.com, an industry trusted web site analytics company, dated July 2020 (the "SimilarWeb Report"), for the three-month period ending June 30, 2020, ThisAV Web Site had 27.9 million visitors, with over a million in the United States.

14. ThisAV Web Site is hosted at GorillaServers, Inc. in the United States. Defendants utilize a Content Delivery Network ("CDN") with Cloudflare in the United States. A CDN permits faster more efficient streaming of videos to a user far away from the initial server. Thus, all videos viewed by United States viewers are delivered from a United States server.

15. The domain name registrar is GoDaddy, LLC in Scottsdale, Arizona.

16. Defendants have attempted to hide their identity as the registrant of the domain ThisAV.com by redacting their identification on any public postings through Arizona based Domains By Proxy, LLC.

17. Defendants utilize domain name servers for ThisAV Web Site that are located in California and owned by Cloudflare, Inc., a corporation incorporated under the laws of the State of Delaware.

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 3

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

18. ThisAV Web Site displays geo-targeted advertisements to U.S. users, meaning the operators of the web site have means to determine the general locale of each user and displays advertisements consistent and/or specific to the U.S.

19. Advertising links on ThisAV.com are displayed from Tiger Media, Inc., a service provider hosted in Dallas, Texas at StackPath, LLC. and Multi Media LLC based in California.

20. Based on the SimilarWeb Report, for the three-month period ending June 30, 2020, Internet traffic driven to ThisAV Web Site from social media platforms came predominantly from United States based entities, such as Youtube, LLC, a California based company, which accounted for 77.21% of such traffic, Twitter, a California based company, which accounted for 7.34% of such traffic, Facebook LLC, a California based company, which accounted for 47.85% of such traffic.

21. ThisAV Web Site uses United States based histats.com, a website traffic tracking tool software to track its website analytics.

22. Defendants use of U.S. vendors for domain name servers, privacy services, advertisers, geo-targeted ads and other services illustrate that Defendants are expressly aiming their web site and business at the United States Market.

23. ThisAV Web Site, owned and/or operated by Defendants, expressly informed a user that may upload content to ThisAV that the user is expected to provide 2257 records (referring to 18 U.S.C. § 2257) upon request. Defendants clearly intend and anticipate for U.S. viewers to use the ThisAV Web Site.

24. The Terms of Service and Privacy Policy on ThisAV Web Site are written in English and contains language and concepts consistent with and specific to the United States legal system, including warranties, disclaimers, and limits of liability, among other things. These documents are clearly geared towards a United States audience.

25. ThisAV Web Site contains a 2010 copyright notice at the bottom of each page, clearly intended to be covered by U.S. Copyright laws.

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 4

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

26. Upon information and belief, Defendants all transact business in this Judicial District by way of their interactive website and through their interactivity with United States and Washington residents who have been offered the infringing and unlawful content at issue herein and who have, themselves, engaged in acts of infringement in this District and State. The Court has personal jurisdiction over the Defendants, who have engaged in business activities in and directed to this District and have committed tortious acts within this District or directed at this District. The Defendants are amenable to service of process pursuant to the state Long-Arm Statute, and Fed.R.Civ.P. 4(e).

27. Any alien defendant is subject to jurisdiction in any district. See 28 U.S.C. 1391 ("An alien may be sued in any district.") See also Fed. R. Civ. P. 4(k)(2).

28. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., 28 U.S.C. §1331 and 28 U.S.C. §1338.

29. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and/or (c).

30. This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d) and 28 U.S.C. § 1400(a).

**PARTIES**

31. Will Co. is, and at all relevant times was, a private limited liability company organized under the laws of Japan, and has its head office at Tokyo, Japan.

32. Will Co., an award-winning Japanese entertainment company, is comprised of nearly 100 employees who manage over 37 registered trademarks and 50 brands, each of which explore and deliver sensuality and sexuality through artistic photography, video, and erotic stories.

33. Since 2016, Will Co. has grown its video library to over 50,000 full length adult entertainment movies, featuring over 5000 models shot by over 300 photographer/directors. Its brands have grown into a globally recognized leader of Japanese sensual art garnering numerous industry awards through the use of studios in Japan, exotic locations, high budget productions,

1  engaging storylines, famed photographers and directors coupled with the dedication from its artists
2  and technicians

3      34. As Will Co. has expanded its library and expanded its reach to a United States
4  audience, Will Co. is registering copyrights with the U.S. Copyright Office.

5      35. Will Co. has registered with the United States Copyright Office the copyrighted
6  works identified in this Complaint. Will Co. has taken industry standard steps to identify its
7  products. Plaintiff videos and photographs are watermarked with Plaintiff readily identifiable logos
8  and other content management information.

9      36. A schedule of the Will Co. copyrighted works at issue in this case thus far, which
10 have been registered with the U.S. Copyright Office, is attached hereto as Schedule A (the "Subject
11 Works").

12     37. Will Co. is the producer and exclusive licensor of its own motion pictures/content.
13 Will Co. distributes its content through exclusive digital licensing with Digital Commerce Inc.
14 (Fanza) in the USA. Fanza solely distributes Will Co.'s content on its paid membership websites
15 for on-demand viewing or DVD sales. Will Co. earns a revenue share from each transaction.

16     38. Will Co. has never authorized or given consent to Defendants to use their
17 copyrighted works in the manner displayed or exploited by Defendants and as complained therein.

18     39. Defendants own and operate ThisAV Web Site.

19     40. Defendant Ka Yeung Lee (hereinafter "Lee") is, upon information and belief, a
20 resident of the Hong Kong Special Administrative Region of the People's Republic of China.

21     41. Defendant Lee is listed as the client and payor in client information maintained by
22 Gorilla Servers, Inc. for services provided to ThisAV Web Site. Gorilla Services, Inc. is the hosting
23 company for ThisAV Web Site.

24     42. Defendant Youhaha Marketing and Promotion Limited (hereinafter "Youhaha") is,
25 upon information and belief a company formed and registered in the Hong Kong Special
26 Administrative Region of the People's Republic of China.

43. Defendant Youhaha is listed as the client and payor in client information maintained by Gorilla Servers, Inc. for services provided to ThisAV Web Site. Gorilla Services, Inc. is the hosting company for ThisAV Web Site. Defendant Youhaha is also listed as the client and contact information for Tiger Media, providing ad broker services for ThisAV Web Site.

44. Upon information and belief, the ThisAV Web Site is based in the United States, with full intention of broadcasting, distributing, or making available content in the United States and earning money from the United States market. It appears that the ThisAV Web Site is hosted by a company based in the United States with an IP address that points to a hosting facility in Ogden, Utah. It is currently unknown where the owners and operators are located.

45. Defendants Does 1 through 20 are the owners, operators, shareholder executives, and affiliates of ThisAV Web Site. Will Co. is unaware of the true names or capacities of Does 1 through 20. Will Co. is informed and believes, and on that basis alleges, that Does 1 through 20 either (a) directly performed the acts alleged herein, (b) were acting as the agents, principals, alter egos, employees, or representatives of the owners and operators of the web sites, and/or (c) otherwise participated in the acts alleged herein with the owners and operators of the web sites. Accordingly, Does 1 through 20 each are liable for all the acts alleged herein because they were the cause in fact and proximate cause of all injuries suffered by Will Co. as alleged herein. Will Co. will amend the complaint to state the true names of Does 1 through 20 when their identities are discovered.

## STATEMENT OF FACTS

46. ThisAV Web Site is a pirate website, displaying copyrighted adult entertainment content without authorization or license.

47. In order to gain access to all of the highly interactive web site represented functions, users of ThisAV Web Site must sign up for an account. Internet users can simply watch videos on ThisAV Web Site for free without an account.

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 7

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

48. The sign-up process for ThisAV Web Site requires entry of a username, password, email address, gender identity, age certification, agreement to Terms of Use and Privacy Policy.

49. A user can manually sign up as a member to ThisAV Web Site.

50. The entry of an email address during the sign-up process on ThisAV Web Site results in an email verification for the user. A user can access the additional site features such as upload capability once they have verified their email address.

51. On ThisAV Web Site frequently asked questions (FAQ) page, Defendants state, "All newly uploaded videos need to be reviewed by the webmaster." The webmaster, upon information and belief, is one of Defendants or an agent of Defendants acting upon express authority and/or direction of Defendants.

52. Once a user has signed up, the user can, among other things, post videos or images for display on ThisAV Web Site.

53. Videos on ThisAV Web Site may be shared on other sites via "embed links" that allow for posting on or to any social media site, website site, or via Email to anyone. Such functionality makes it impossible to know how many times and where an unlicensed copyrighted video has been posted and displayed illegally as a direct result of Defendants unlawful display.

54. Static banner advertisements exist on each page of ThisAV Web Site, including advertisements expressly directed at United States viewers on behalf of United States companies.

55. When a user attempts to watch a video, the user will be shown pop-up advertisement. A "pop-up" advertisement is just that, an ad that seemingly randomly appears on the user's screen.

56. Pop-up and/or static banner advertisements on ThisAV Web Site are geo-targeted, meaning the operators of the ThisAV Web Site have means to determine the general locale of each user and displays advertisements consistent and/or specific to the locale, including the United States.

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 8

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

57. Defendants earn money from the various advertisement schemes on ThisAV Web Site. The amount of money earn is directly related to the amount of traffic to ThisAV Web Site and the number of videos watched on the site. Therefore, the quality of the videos on ThisAV Web Site directly influences the revenue generated by Defendants.

58. ThisAV Web Site fails to fulfill the requisite conditions precedent to qualify for the safe harbor provisions of the DMCA. Specifically, ThisAV Web Site does not have an appointed registered DMCA Agent. Further, Defendants fail to honor take-down notices sent to ThisAV Web Site and have failed to implement a reasonable repeat infringer policy.

59. ThisAV Web Site displays a DMCA Notice and a web page inclusive of industry standard language with instructions for notifying ThisAV of alleged copyright infringements. However, a copyright holder following such instructions does not result in either removal of the infringing content nor a termination of an infringer if a repeat infringer.

60. Will Co.'s agents routinely police web sites to identify infringement of Will Co.'s copyrighted works. In the course of doing so, Will Co.'s agents discovered many of Will Co.'s copyrighted works have been made available, in full, to the public on the ThisAV Web Site for free and without license or authorization from Will Co.

61. Specifically, between June 2020 and July 2020 it was discovered that ThisAV Web Site displayed 13 of Plaintiff's copyright registered works over 19 separate and distinct URLs - each a part of ThisAV Web Site. These copyright registered works are listed in Exhibits A with ThisAV.com infringing URLs in Exhibit B, attached hereto. Defendants have no authority or license to display or distribute any portion of Plaintiffs' copyrighted works in the manner displayed or exploited by Defendants and as complained therein.

62. Will Co. sent DMCA compliant takedown notices to ThisAV Web Site pursuant to 17 U.S.C. § 512(c) and the policy stated on ThisAV Web Site.

63. Receipt of the takedown notices was acknowledged through ThisAV Web Site. However, none of Will Co.'s content was removed.

64.     Defendants do not have a stated repeat infringer policy and none of the users were terminated by Defendants.

65.     Upon information and belief, Defendants have actual knowledge and clear notice of the infringement of Plaintiff's titles.  The infringement is clear and obvious even to the most naïve observer.  Plaintiff's copyrighted works are indexed, displayed and distributed on ThisAV Web Site through Defendants and the Doe Defendants acting in concert.  Plaintiff's and other major producers' trademarks and DVD catalog number are used to index infringing material and other identifiers which is evidence of knowledge and intent.

66.     By virtue of the conduct alleged herein, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement, and thereby have infringed, secondarily infringed, and induced infringement by others, the copyrights in Plaintiffs' copyrighted work.

67.     Defendants manually review each video prior to that video being made available to the public on ThisAV.com.

68.     Defendants, either jointly, severally, actually, constructively, and with or without direct concert with one another, deprived Plaintiffs of the lawful monetary rewards that accompany its rights in the copyrighted works.  Defendants disregard for copyright trademark laws threaten Plaintiff's business.

69.     Defendants intentionally, knowingly, negligently, or through willful blindness avoided reasonable precautions to deter rampant copyright infringement on their website.

70.     Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendants' website onto copyright holders, without sufficient means to prevent continued and unabated infringement.

//

//

/

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

**FIRST CAUSE OF ACTION**
**Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.***
**Against All Defendants**

71. Will Co. repeats, re-alleges, and incorporates by reference each preceding allegation set forth herein.

72. Will Co. is the owner of valid and registered copyrights in the Subject Works.

73. Will Co. registered each copyright with the United States Copyright Office.

74. Defendants have infringed, and are continuing to infringe, Will Co.'s copyrights by reproducing, adapting, distributing, publicly performing, and/or publicly displaying and authorizing others to reproduce, adapt, distribute, publicly perform, and/or publicly display copyrighted portions and elements of the Subject Works, and/or the Subject Works in their entireties, without authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

75. Defendants did not have authority or license to copy and/or display the Subject Works.

76. Will Co. has never authorized or given consent to Defendants to use the Subject Works in the manner displayed and exploited by Defendants.

77. Defendants knew or reasonably should have known they did not have permission to exploit the Subject Works on the ThisAV Web Site and further knew or should have known their acts constituted copyright infringement.

78. Defendants' acts of infringement are willful, in disregard of, and with indifference to the manner displayed and exploited by Defendants.

79. Defendants engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiffs' copyrighted works.

80. The quantity and quality of copyright files available to users increased the attractiveness of Defendants' service to its customers, increased its users base, and increased its ad sales revenue.

81. Based on information and belief, Defendants actively uploaded pirated copyrighted files and/or embedded code, enabling users of ThisAV Web Site to view copyrighted videos and images for free.

82. Defendants controlled the files owned by Will Co. and determined which files remained for display and distribution.

83. Defendants never implemented or enforced a "repeat infringer" policy.

84. Defendants either were aware, actually or constructively, should have been aware, or were willfully blind that pirated copyrighted materials comprised the most popular videos on the Defendants websites.

85. Defendants, through ThisAV Web Site, affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

86. Defendants' conduct was willful within the meaning of 17 U.S.C. § 101, *et seq*. At a minimum, Defendants acted with willful blindness and reckless disregard of Will Co.'s registered copyrights.

87. Because of their wrongful conduct, Defendants are liable to Will Co. for copyright infringement. See 17 U.S.C. §501. Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

88. The law permits Plaintiff to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, the law permits Plaintiff to recover statutory damages. 17 U.S.C. §504(c).

89. Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c) (2).

90. The law permits Plaintiff injunctive relief. 17 U.S.C. §502. Further, the law permits a Court Order impounding all infringing materials. 17 U.S.C. §503.

91. Because of Defendants' acts and conduct, Will Co. has sustained and will continued to sustain substantial, immediate, and irreparable injury, for which there is not

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 12

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe Will Co.'s rights in the Subject Works. Will Co. is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

**SECOND CAUSE OF ACTION**
**Inducement of Copyright Infringement**
**Against All Defendants**

92. Will Co. repeats, re-alleges, and incorporates by reference each preceding allegation set forth herein.

93. Defendants designed and/or distributed technology and/or devices and/or induced individuals to use this technology to promote the use of infringed and copyrighted material. As a direct and proximate result of Defendants' inducement, individuals infringed Will Co.'s copyrighted works. These individuals reproduced, distributed and publicly disseminated Will Co.'s copyrighted works through Defendants' website.

94. On information and belief, Defendants have encouraged the illegal uploading and downloading of Will Co.'s copyrighted works, thus inducing the unauthorized reproduction, adaptation, public display and/or distribution of copies of the Will Co.'s copyrighted works, and thus to the direct infringement of Will Co.'s copyrighted works.

95. Defendants' actions constitute inducing copyright infringement of Will Co.'s copyrights and exclusive rights under copyright in the Will Co.'s copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

96. The infringement of Will Co.'s rights in and to each of the Will Co.'s copyrighted works constituted a separate and distinct infringement.

97. The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Will Co.'s rights.

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 13

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

98. As a direct and proximate result of the infringements by Defendants of Will Co.'s copyrights and exclusive rights under copyright in the Will Co.'s copyrighted works, Will Co. is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

99. Alternatively, Will Co. is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

100. Will Co. is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

101. Because of Defendants' acts and conduct, Will Co. has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe Will Co.'s rights in the Subject Works. Will Co. is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Will Co. Ltd prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award Will Co. relief including, but not limited to, an Order:

A. Preliminarily and permanently enjoining Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons acting in concert or participation with any of them, or under their direction or control, from any of the following activities:

(1) Hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise

exploiting or making any use of any of Will Co.'s copyrighted works, including the Subject Works, or any portion(s) thereof in any form;

(2) Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party (i) to host, link to, distribute, reproduce, copy, download, upload, make available for download, index, display, exhibit, publicly perform, communicate to the public, stream, transmit, or otherwise exploit or make any use of Will Co.'s copyrighted works, including the Subject Works, or portion(s) thereof; or (ii) to make available any of Will Co.'s copyrighted works, including the Subject Works, for hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or other exploitation or use;

(3) Using, operating, maintaining, distributing, or supporting any computer server, website, software, domain name, email address, social media account, bank account, or payment processing system in connection with the hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or other exploitation or use of any of Will Co.'s copyrighted works, including the Subject Works;

(4) Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party to visit any website, including but not limited to any website operated by Defendants, that hosts, links to, distributes, reproduces, copies, downloads, uploads, makes available for download, indexes, displays, exhibits, publicly performs, communicates to the public, streams, transmits, or otherwise exploits or makes any use of Will Co.'s copyrighted works, including the Subject Works, or portion(s) thereof;

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 15

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

        (5)    Transferring or performing any function that results in the transfer of the registration of the domain name of ThisAV Website to any other registrant or registrar; and

        (6)    Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this Paragraph.

B.    Requiring Defendants and their officers, servants, employees, agents and any persons who are, or on notice and upon continued provision of services would be, in active concert or participation with them, including but not limited to the domain name registrars and registries administering, holding, listing, or otherwise having control over the domain name ThisAV.com or any other domain name used in conjunction with Defendant's infringing activities, to transfer such domain name to Will Co.'s ownership and control, including, *inter alia*, by changing the registrar of record to the registrar of Will Co.'s choosing, unless Will Co. requests that such domain name be held and/or released rather than transferred.

C.    Requiring Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons or entity acting in concert or participation with any of them, or under their direction or control, including any internet search engines, web hosting and Internet service providers, domain name registrars, domain name registries and other service or software providers, within five (5) business days from the issuance of this Order:

        (1)    To block or attempt to block access by United States users of ThisAV Web Site by blocking or attempting to block access to all domains, subdomains, URLs, and/or IP Addresses that has as its sole or predominant purpose to enable to facilitate access to ThisAV Web Site;

        (2)    To re-route all domains, subdomains, URLs, and/or IP Addresses that provides access to each and every URL available from each of ThisAV Web Site and its domains and subdomains.

FIRST AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 16

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

D.	That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

E.	That Plaintiff be awarded statutory damages in an amount to be determined at trial for all infringing activities, or actual damages including Plaintiff's damages and lost profits, Defendants' profit;

F.	That Defendants be ordered to account to Plaintiff for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

G.	That Plaintiff be awarded enhanced damages and attorney's fees;

H.	That Plaintiff be awarded pre-judgment and post-judgment interest;

I.	That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

J.	That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED:  December 10, 2020

**FREEMAN LAW FIRM, INC.**

By:_____*s/ Spencer Freeman*_____
Spencer D. Freeman, WSBA No. 25069
1107 ½ Tacoma Avenue South
Tacoma, Washington 98042
253-383-4500
253-383-45101 (fax)
sfreeman@freemanlawfirm.org
sierra@freemanlawfirm.org

*Counsel for Plaintiff Will Co. Ltd*