1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION**

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan,<br><br>Plaintiff,<br><br>vs.<br><br>KA YEUNG LEE, an individual; YOUHAHA MARKETING AND PROMOTION LIMITED, a foreign company; and DOES 1-20, d/b/a THISAV.COM,<br><br>Defendants. | **Case No.:  3:20-cv-05802-BHS**<br><br>**PLAINTIFF MG PREMIUM LTD'S *EX PARTE* MOTION FOR LEAVE FOR ALTERNATIVE SERVICE AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>NOTE FOR MOTION:<br>December 10, 2020 |

19
20
21

Plaintiff, Will Co. Ltd (hereinafter "Will Co" or the "Plaintiff") Moves for Leave for Alternative Service (hereinafter this "Motion") in the above -captioned case through its counsel, Spencer D. Freeman, The Freeman Law Firm, Inc.

22

**I.   INTRODUCTION**

23
24
25
26

Pursuant to early discovery, granted by the Court, Plaintiff has determined from vendors associated with the Defendant web site, ThisAV.com, that the identified individual defendants reside outside the United States, including Hong Kong.  However, subsequent

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE  - 1

[NO. 3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  investigations have determined that the addresses listed and/or available with the vendors are
2  virtual addresses and no other valid real terrestrial addresses can be found.  Plaintiff has,
3  however, verified that email addresses associated with each Defendant as valid.

4   Accordingly, there is good cause to grant Plaintiff leave for alternative service by email.

## II.   FACTUAL BACKGROUND

On August 10, 2020, Plaintiff filed this instant action regarding copyright infringement occurring on and through the web site ThisAV.com. (Dkt. No. 1.)  *Declaration of Spencer Freeman In Support of Plaintiff's Motion For Leave For Alternative Service ("Decl. S. Freeman"),* p 2, ¶ 2.  On September 10, 2020, after attempting to determine the owners and operators of the web site, Plaintiff filed a motion for leave to conduct early discovery in order to discover the actual identity of the owners and/or operators of ThisAV.com. (Dkt. No. 5.) *Decl. S. Freeman,* p 2, ¶ 3.  On September 28, 2020, the Court entered an Order Granting Plaintiff's Motion for Early Discovery. (Dkt. No. 8.)  *Decl. S. Freeman,* p 2, ¶ 4.

Pursuant to the Court's Order, Plaintiff Will Co. served subpoenas on GoDaddy, LLC; Domains by Proxy, LLC; Tiger Media, Inc.; and Gorilla Servers, Inc.  GoDaddy, LLC providesd registrar services for ThisAV.com while Defendants use Domains By Proxy as a privacy service to hide their identities.  Gorilla Servers, Inc. provides Defendants with web site hosting services for ThisAV.com.  The ThisAV.com web site displays advertisements brokered through or on behalf of Tiger Media, Inc.  *Decl. S. Freeman,* p 2, ¶¶ 5-9.

In late October 2020, Tiger Media provided Plaintiff with a response to the subpoena. Therein, Tiger Media's records indicate that the account holder for ads brokered on ThisAV.com is Youhaha Marketing and Promotion Limited ("Youhaha") with an address of 7/F Kowloon Building, 555 Nathan Road, Hong Kong.  An contact email for the account is listed as youhahahk@gmail.com.  *Decl. S. Freeman,* p 3, ¶ 10.

Also in late October 2020, Gorilla Servers, Inc. provided Plaintiff with a response to subpoena.  Gorilla Servers's records show Ka Yeung Lee ("Lee") and the company Youhaha

PLAINTIFF'S MOTION FOR ALTERNATIVE
SERVICE  - 2

[NO. 3:20-cv-05802-BHS]

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  Marketing and Promotion Limited as the account holders, administrative contact, payor, and
2  responsible party for the account specific to ThisAV.com.  The records have an address of Flat
3  701, Kowloon Building, 555 Nathan Road, Kowloon, Hong Kong, and email addresses of
4  panda4uhk@gmail.com and tech@zenex5ive.com.  *Decl. S. Freeman,* p 3, ¶ 11.

5  Plaintiff researched the Hong Kong address provided to both Tiger Media and Gorilla
6  Servers:  7/F Kowloon Building, 555 Nathan Road, Hong Kong and Flat 703 Kowloon
7  Building, 555 Nathan Road, Kowloon, Hongkong, respectively.   Each address has been
8  determined to be ostensibly be the same address.  This building is set up for virtual offices,
9  where renters can purchase different packages which provide services including mail handling,
10  business registry address, telephone services with email notification, and call transfer services.
11  There is no presence of actual businesses or business employees.  *Declaration of Jason Tucker*
12  *In Support of Plaintiff's Motion For Leave For Alternative Service ("Decl. J. Tucker"),* p 3, ¶¶
13  12-15.

14  Plaintiff has also utilized the email addresses listed in the Tiger Media and Gorilla
15  Service records, youhahahk@gmail.com (Tiger Media for Youhaha), panda4uhk@gmail.com
16  and tech@zenex5ive.com (Gorilla Servers for both Lee and Youhaha).  In November 2020,
17  Plaintiff sent an email to each email.  The emails informed the recipient that they had been
18  identified as an operator of ThisAV.com and requested an opportunity to discuss the matter.
19  No one responded to the email, but importantly the email address was verified as valid and did
20  not bounce back.  Further, the recipient of the email did not deny the asserted identities nor the
21  association as an operator or owner of ThisAV.com.  *Decl.J. Tucker,* p 3, ¶¶ 16-17.

22  Plaintiff has further researched both Lee and Youhaha in an attempt to find physical
23  location for each.  No physical locations could be found for either.  *Id.* p 3, ¶ 19.

24  The owners and operators of ThisAV.com have gone to great lengths to hide their
25  identities.  Even with these great lengths, Plaintiff has identified a company and a person as
26  owners or operators of ThisAV.com:  Youhaha Marketing and Promotion Limited and Ka

PLAINTIFF'S MOTION FOR ALTERNATIVE
SERVICE  - 3

[NO. 3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

Yeung Lee.

Plaintiff has filed a First Amended Complaint to include Youhaha Marketing and Promotion Limited and Ka Yeung Lee as named Defendants to this action.

Other than the specific email addresses Plaintiff has no valid information regarding the physical location of Youhaha or Lee. It is clear that the Defendants are playing a cat and mouse game to hide their whereabouts to avoid liability.

### III.   ARGUMENT

The Due Process Clause of the Fourteenth Amendment requires only that the method of service be *reasonably calculated to apprise interested parties of the pendency of the action* and afford them an opportunity to present their objections. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Service by email is widely approved of after the 9th Circuit allowed it in the landmark case, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002). It should be permitted in this case.

Fed R. Civ. P. 4(f)(3) and 4(h)(2) provide for "Service" "upon Corporations" and "Upon Individuals in a Foreign Country by other means not prohibited by international agreement as may be directed by the court," which enables the court on *ex parte* motion to devise a method of service responsive to the unique facts of the particular case, including service by mail to the defendant's last known address, by ordinary mail, by email, or other means. Fed. R. Civ. P. Rule 4. Fed. R. Civ. P. Rule 4 does not require that a party attempt service of process by the methods enumerated in Rule 4(f)(2), including by diplomatic channels before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props.*, 284 F.3d at 1014-15.

In *Rio Props.* the Ninth Circuit endorsed a district court order authorizing service on a Costa Rica resident defendant by email. *Rio Props.*, 284 F.3d 1007. The *Rio* court was confronted with a foreign defendant that was difficult to locate but maintained an email address for business purposes. *Id.* at 1012-13. The court found that electronic service was permissible, "wholeheartedly" adopting the reasoning that "[e]lectronic communication via

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE  - 4

[NO. 3:20-cv-05802-BHS]

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

satellite can and does provide instantaneous transmission of notice and information. No longer must process be mailed to a defendant's door when he can receive complete notice at an electronic terminal inside his very office, even when the door is steel and bolted shut." *Id.* at 1017 (quoting *New England Merchs. Nat 'I Bank v. Iran Power Generation & Transmission Co.*, 495 F. Supp. 73, 81 (S.D.N.Y. 1980)).

The court in *Rio* Props. concluded that after "examining the language and structure of Rule 4(f) and the accompanying advisory committee notes," there is "the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." 284 F.3d at 1015, 1017 (internal citations omitted). See also *Viz Commc'ns Inc. v. Redsun*, 2003 WL 23901766 (N.D. Cal. 2003) (district court has discretion to allow service by email; email was the sole means of contact on defendants' website; defendants were playing hide-and-seek with the federal court and email may be the only means of effecting service of process; and the court found that the defendants were informed sufficiently of the pendency of the lawsuit and the Constitution required nothing more); *Popular Enter's.*, 225 F.R.D. 560 (service of process upon a trademark infringement foreign defendant by email was warranted and sufficiently apprised the interested parties of the pendency of an action).

As the *Popular Enter's.* Court held, relying upon *Rio Props.:*

> Accordingly, the court concludes that, under the facts in this action, service upon defendant by email is fully authorized by *Federal Rule of Civil Procedure 4(f)(3).* Indeed, it is the method of service most likely to read defendant. Service of process by email is reasonably calculated to apprize defendant of the pendency of this action and afford it an opportunity to respond. As stated by the Ninth Circuit Court of Appeals, "when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process." *Rio*, 284 F. 3d at 1018. Such is the case here.

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE  - 5

[NO. 3:20-cv-05802-BHS]

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

*Popular Enter's.*, 225 F.R.D. at 563

Since *Rio*, electronic service by email or facsimile under Rule 4(f)(3) has been widely approved of. See *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.*, No. 08-CV-2593, 2008 WL 5100414 (N.D. Ill. Dec. 1, 2008) (authorizing service by e-mail). See also *Bank Julius Baer & Co. Ltd. v . Wikileaks*, No. C. 08-00824 JSW, 2008 WL 413737 (N.D.Ca. Feb. 13, 2008) (authorizing e-mail service); D 'Acquisto v. Triffo , 2006 WL 44057 (E.D. Wis. 2006) (same); Williams v. Adver. Sex, LLC, 231 F.R.D. 483, 488 (N.D. W. Va. 2005) (same); Broa*dfoot v. Diaz (In re Int'l Telemedia Assoc.)*, 245 B.R. 713, 719-20 (Bankr. N.D. Ga. 2000) (authorizing service via email, facsimile and ordinary mail); *New England Merchs. Nat'l Bank*, 495 F.Supp. at 80 (authorizing service by telex, a precursor to facsimile correspondence); *Popular Enter's. v. Webcom Media Grp. Inc.*, 225 F.R.D. 560 (E.D. Tenn. 2004); *Liberty Media Holdings, LLC v. Vinigay.com,* 2011 U.S. Dist. LEXIS 26657 (D. Ariz. 2011) (authorizing email service).

The requested relief serves the public interest by preserving the integrity of the United States' intellectual property laws. If international scofflaws are allowed to hide behind anonymity and false addresses, and believe that they can hide with impunity from United States courts as long as they remain outside of the United States, then intellectual property theft will simply flow offshore—rendering American copyright law meaningless for want of service of process. *See Rio Props.* 284 F.3d at 1013.

District courts routinely allow plaintiffs to serve foreign defendants by sending the summons and complaint by email. Fed R. Civ. P. 4(f)(3) and 4(h)(2); *Rio Props.*, 284 F.3d 1007; *Williams-Sonoma Inc. v. Friendfinder, Inc.*, 2007 U.S. Dist. LEXIS 31299 (N.D. Cal. Apr. 17, 2007); *Project Honey Pot, et al. v. Andrey Chernuk, et al.*, No. 1: 11-cv-0015-LMB -JFA at Doc #27 (E.D. Va Sep. 16, 2011) (allowing service by email and by Facebook posting).

In *Nanya* Tech*. Corp. v. Fujitsu, Ltd.,* 2007 U.S. Dist. LEXIS 5754, *11 (D. Guam,

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE  - 6

[NO. 3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

January 26, 2007), the District of Guam explained the rationale for alternate service:

> We should not lose sight of what service of process is about, it is about giving a party notice of the pendency of an action and the opportunity to respond. *Rio Props.*, 284 F.3d 1007, 1017. All that is required under Rule 4 (f)(3) is that service be "directed by the court" and that the means of service "not be prohibited by international agreement [the Hague Convention]." Fed. R. Civ. P. 4(f)(3). The D. Guam, in affirming the magistrate's approval of email service, held that this means was "sufficient enough to give Fujitsu notice and an opportunity to respond." The Magistrate Judge's Order was neither clearly erroneous nor his legal conclusions contrary to law.

*Nanya Tech.*, 2007 U.S. Dist. LEXIS 5754

Service of process by email is an appropriate method of serving foreign individuals. This is especially so when defendants are "sophisticated participants in e-commerce," and "[Plaintiff] has provided email addresses for defendant É and related website addresses through which [defendants] conduct e-commerce," as is the case with this Defendant. *Williams*, 231 F.R.D. at 7487; see also *Chanel, Inc.*, 2010 U.S. Dist. LEXIS 50745 (S.D. Fla. 2010).

The facts in the instant action are similar to that in *Rio Props.*, in which the alternative method of service by email was permitted. The Defendants in the instant action are located abroad and they are hiding their precise geographic location. There is no other way that the Defendants could be reliably served, and the Plaintiff has made extensive attempts to find a way do so by using early discovery and other investigative means.

Plaintiff has engaged in diligent efforts to find the Defendant, including issuing subpoenas to the domain name registrar, the web site's privacy services, the web site's content delivery network servicers, vendors associated with the web site, and has engaged in research aimed at finding a reliable and accurate street address and/or physical locations for the identified Defendants.  Plaintiff has been unable to physically locate the Defendant's true

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE  - 7

[NO. 3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  location beyond that they appear to be located abroad.

2      With regard to each Defendant, either the records provided do not state a
3  specific address or the specific address has been determined to be unrelated to the
4  Defendant. There is no way to determine where the Defendants reside or are located and
5  the location of the Defendants cannot be more accurately narrowed. Defendants are clearly
6  choosing to play "hide and seek." Given that Defendants are evading any reasonable means
7  of physical detection, Plaintiff will be unable to obtain traditional proof of service on
8  Defendants.

9      The domain name and corresponding website set up by the Defendants are online entities.
10 Defendants conduct business solely using the Internet. Defendants are technologically
11 advanced and familiar with multitudes of online platforms. As such, email is the natural
12 method for contacting these Defendants. See *Rio Props.*, 284 F.3d 1017-18 (individuals
13 doing business online were most likely to be reached via email). Alternative service comports
14 with constitutional notions of due process. *Rio Prop s.*, 284 F.3d at 1016. To meet this standard,
15 the method of service must be reasonably calculated to apprise interested parties of the
16 pendency of the action and afford them an opportunity to present their objections. *Id* at 1016-
17 17, citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). Courts must
18 adapt to changes and advances in technology and embrace them when they aid in the efficient
19 prosecution of disputes. *Rio Props.*, 284 F.3d at 1017 (quotations omitted). Nor can justice
20 be hamstrung by efforts of defendants to avoid service of process. Online intellectual
21 property thieves like the Defendants in this case often lack a permanent or enduring physical
22 presence, and are most reliably found through alternative means. If such defendants rely on
23 their Internet presence to commit and hide their illegal activities, they should be not only
24 unsurprised when this medium is used for service of process, but they should be comfortable
25 with it.

26     The only roadblock to service by email would be if it were prohibited by international

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE - 8

[NO. 3:20-cv-05802-BHS]

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

agreement. "Rule 4(f)(3) also allows service 'by other means not prohibited by international agreement, as the court orders.'" *In re Potash Anti-Trust Litig.*, 667 F. Supp. 2d 907. 929 (N.D. Ill. 2009) (allowing alternate service when requiring traditional service on foreign defendants would be futile). There is no international agreements with China that prohibit service via email.[1]

Accordingly, Plaintiff requests issuance of an order permitting alternative methods of service of the Summons and Complaint pursuant to Fed R. Civ. P. 4(f)(3) and 4(h)(2) by email to email addresses revealed by subpoenas and investigation as follows:

- Defendant Youhaha Marketing and Promotion Limited to youhahak@gmail.com; and
- Defendant Ka Yeung Lee to email panda4uhk@gmail.com and tech@zenex5ive.com.

### IV.   CONCLUSION

Defendants' specific physical whereabouts are unknown.  For each Defendant Youhaha Marketing and Promotion Limited and Ka Yeung Lee, Plaintiff has only been able to determine a potential country they reside is, while their exact whereabout are hidden and thus unknown. Emails for the Defendants have been determined as follows:  Defendant Youhaha Marketing and Promotion Limited, youhahak@gmail.com; and Defendant Ka Yeung Lee, panda4uhk@gmail.com and tech@zenex5ive.com.

Email service is reasonably calculated to apprise the Defendants of the pendency of the action and afford them an opportunity to present their objections.  It is respectfully

---

[1] The Hague Convention of November 15, 1965 on The Service Abroad of Judicial and Extrajudicial Documents In Civil or Commercial Matters governs foreign service process for signatory nations. See Convention on Service Abroad of Judicial and Extrajudicial Documents In Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 15 No. 6638 (hereinafter "Convention"). China is signatory to the Hague Convention. However, Article 1 of the Hague Service Convention explicitly provides that "[t]his Convention shall not apply where the address of the person to be served with the document is not known." Hague Service Convention, art. 1. The Hague Convention does not, in this case, impede alternative service.

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE  - 9

[NO. 3:20-cv-05802-BHS]

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  requested that leave be granted for alternative service, serving the Defendants at the listed email
2  addresses.
3       RESPECTFULLY SUBMITTED this 10th day of December 2020.

          **FREEMAN LAW FIRM, INC.**

          */s/ Spencer D. Freeman*
          Spencer D. Freeman, WSBA#25069
          Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE - 10

[NO. 3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)