1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILL CO. LTD a limited liability company organized under the laws of Japan,

           Plaintiff,

  v.

KA YEUNG LEE, an individual, YOUHAHA MARKETING AND PROMOTION LIMITED, a foreign company; and DOES 1-20, d/b/a THISAV.COM,

           Defendants.

CASE NO. C20-5802 BHS

ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR LEAVE FOR ALTERNATIVE SERVICE

      This matter comes before the Court on Plaintiff Will Co. Ltd.'s ex parte motion for leave for alternative service. Dkt. 10. The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

      In this copyright infringement matter, Will Co. seeks leave to serve Defendants Youhaha Marketing and Ka Yeung Lee by alternative means pursuant to Fed. R. Civ. P. 4(f)(3) and (h)(2)—specifically, by e-mail.

ORDER - 1

Fed. R. Civ. P. 4(f)(3) and (h)(2) provide that service outside the United States on a foreign business entity or individual may be effected "by other means not prohibited by international agreement, as the court orders." *Rio Prop., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The party requesting authorization to serve by alternative means must "demonstrate that the facts and circumstances of the present case necessitated the district court's intervention." *Id*. at 1016. In some circumstances, a party may establish that email is a method that is "reasonably calculated to provide notice and an opportunity to respond." *Id*. at 1017–18.

Fed. R. Civ. P. 4(f)(1) provides that service may be effected "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." While Rule 4(f) does not create a hierarchy of preferred methods of service of process, "[a] federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1)." *Rio*, 284 F.3d at 1014–15 & n.4. However, "by its terms, the Convention doesn't apply 'where the address of the person to be served with the document is not known.'" *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Technology Co., Ltd.*, No. 19-CV-01167, 2020 WL 5036085, at *2 (Aug. 19, 2020) (quoting Art. 1).

Will Co. represents that the individual defendants are located abroad, and despite diligent efforts to locate their physical addresses, it has only been able to identify addresses in Hong Kong in a building that provides virtual office services. Dkt. 12,

1  Declaration of Jason Tucker, ¶¶ 12–15. These "virtual offices" provide services including
2  mail handling and telephone services, but "no presence of actual businesses or business
3  employees." *Id*. Will Co. identified email addresses for the defendants and sent messages
4  regarding this matter which did not receive responses, but the addresses were "verified as
5  valid and did not bounce back." *Id*. ¶ 18. Will Co. also "utilized industry standard
6  Internet research tools in an attempt to locate physical addresses for both Lee and
7  Youhaha" but was unsuccessful. *Id*. ¶ 19. Will Co. asserts that the Convention is
8  therefore inapplicable in this case and does not preclude service by email. Dkt. 10 at 9
9  n.1.

10        The Court notes that though Will Co. represents that "there is no authority that
11  expressly provides or implies that email service is prohibited by international agreement,
12  or otherwise, in China," Dkt. 10-1 at 4, "service by e-mail is prohibited in China,"
13  *Facebook*, 2020 WL 5036085, at *9 (citing *China – Central Authority & Practical
14  Information – Frequently Asked Questions*, Hague Conference on Private Int'l Law,
15  https://assets.hcch.net/docs/5bbc302d-532b-40b1-9379-a2ccbd7479d6.pdf (last visited
16  July 28, 2020)).[1] However, "as long as court-directed and not prohibited by an
17  international agreement, service of process ordered under Rule 4(f)(3) may be
18  accomplished in contravention of the laws of the foreign country." *Rio*, 284 F.3d at 1014
19  (citing *Mayoral-Amy v. BHI Corp.*, 180 F.R.D. 456, 459 n.4 (S.D. Fla. 1998)).

20
21  _____
    [1] The Court verified that this document is still available at the referenced link as of
22  January 20, 2021.

1    The Court concludes that Will Co. has established service by email is reasonable in this case, given its showing that Defendants' address is unknown but active email addresses are available and that email reasonably is calculated to provide Defendants notice of the lawsuit and comport with due process. Dkt. 12. Therefore, the Court **GRANTS** Will Co.'s motion for leave for alternative service, Dkt. 10.

Dated this 27th day of January, 2021.

BENJAMIN H. SETTLE
United States District Judge