THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

WILL CO. LTD. a limited liability company
organized under the laws of Japan,

               Plaintiff,

        v.

KA YEUNG LEE, an individual; YOUHARA
MARKETING AND PROMOTION LIMITED, a
foreign company; and DOES 1-20 d/b/a
THISAV.COM

               Defendants.

Case No. 3:20-cv-05802- BHS

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO
DISMISS FOR LACK OF
PERSONAL JURISDICTION**

**NOTE ON MOTION CALENDAR:
April 16, 2021**

**ORAL ARGUMENT REQUESTED**

REPLY IN SUPPORT
Cause No. 20-CV-05802-BHS
Page 1
Mann Law Group pllc
403 Madison Ave N. Ste 240
Bainbridge Island, WA 98110
Phone:  206-436-0900

## Introduction

Having found itself with scant factual or legal arguments to present to this Court in support of its Opposition to Defendants' Motion, Plaintiff appears to have decided that it had nothing to lose by instead presenting the Court with a brief dedicated primarily to extolling the virtues of hardcore Japanese pornography and its attraction to a niche audience within the United States.  Plaintiff also goes to lengths to explain that *it (as opposed to Defendants)* has connections to the United States, albeit attenuated and convoluted connections, as if personal jurisdiction could be based on a Plaintiff's own contacts with the United States.  It is a profound reversal of what the case law actually states.

What the Opposition and supporting declarations do not contain, however, is any reasonable argument that this Court can exercise personal jurisdiction over Defendants consistent with the limitations of the Due Process Clause of the Constitution.  Indeed, to the contrary, Plaintiff readily concedes in its Opposition that: (a) it is based in Japan, (b) it produces Japanese-centric content; (c) its operations are entirely in Japan; (d) the majority of the website at issue in this case is in Japanese;[1] (e) *less than five percent of the website's traffic comes from the United States* (with 54% coming from Japan; almost 15.8% coming from Taiwan; and 15.7% coming from Hong Kong); (f) the website contracts with advertising brokers in Canada, Costa Rica, and Spain; and (g) neither Defendant is located in the United States.

To compensate for all of this, Plaintiff points primarily to its *own* tenuous connections to the United States, which (even if they existed) are irrelevant to the jurisdictional inquiry and scattered attenuated and fortuitous connections between Defendants and the United

---

1 Although the titles to the posted videos are almost entirely in Japanese, much of the rest of the website is actually in Chinese.

MANN LAW GROUP PLLC
403 Madison Ave N. Ste 240
Bainbridge Island, WA 98110
Phone:  206-436-0900

States.  It is simply not enough and the Court should dismiss Plaintiff's complaint.

**ARGUMENT**

**I.      An Exercise of Jurisdiction Would Unnecessarily Impinge on the Sovereignty of Hong Kong.**

It is important to start by recalling that not a single party to this action is located within the United States.  The Plaintiff is a Japanese company and the Defendants are a permanent resident of Hong Kong and a Hong Kong company.  As the United States Supreme Court, the Ninth Circuit, and Federal Courts in Washington have all noted, the special concerns of international sovereignty must be taken into consideration before a court exercises personal jurisdiction over foreign defendants.  *See, e.g., Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 115, 107 S. Ct. 1026, 1034 (1987)("The procedural and substantive interests of other nations in a state court's assertion of jurisdiction over an alien defendant will differ from case to case. In every case, however, those interests, as well as the Federal Government's interest in its foreign relations policies, will be best served by a careful inquiry into the reasonableness of the assertion of jurisdiction in the particular case, and an unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State. Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field"); *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 379 F.3d 1120, 1136-37 (9th Cir. 2004)("The foreign-acts-with-forum-effects jurisdictional principle must be applied with caution, particularly in an international context.  … Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.  … Litigation against an alien defendant creates a higher jurisdictional barrier than litigation

Mann Law Group pllc
403 Madison Ave N. Ste 240
Bainbridge Island, WA 98110
Phone:  206-436-0900

against a citizen from a sister state because important sovereignty concerns exist"); *Rano v. Sipa Press, Inc.,* 987 F.2d 580, 588 (9th Cir. 1993)("We have held that litigation against an alien defendant requires a higher jurisdictional barrier than litigation against a citizen from a sister state"); *Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1330 (9th Cir. 1985)("when the nonresident defendant is from a foreign nation, rather than from another state in our federal system, the sovereignty barrier is higher, undermining the reasonableness of personal jurisdiction"); *Network of Constr. & Dev. v. Bessamaire Sales, Ltd. Liab. Co.,* 2012 U.S. Dist. LEXIS 61472, at *17 (E.D. Wash. May 2, 2012)("When exercising personal jurisdiction over a citizen of a foreign sovereign nation, greater caution should be taken, as compared to litigation between citizens of sister states in the U.S., because 'important sovereignty concerns exist.'")

In short, the courts have urged great caution in asserting personal jurisdiction over foreign defendants even in cases where United States Plaintiffs have suffered injury.  In the present case, where no party is a United States person or entity (and the Defendants are not even alleged to have taken any action within the United States), the Court should be even more wary of Plaintiff's attempts to forum-shop its way into the United States at the expense of the sovereignty of foreign nations.

## II.    Plaintiff's Own Connections to the United States Do Not Support Jurisdiction.

Plaintiff spends much of its brief attempting to make the attenuated argument that it somehow has significant connections to the United States.  Even if that were relevant, it does not actually have any connections that are relevant.  Plaintiff first points to the alleged popularity of Japanese pornography within the United States as somehow jurisdictionally

relevant.[2]  Plaintiff then segues into the truly bizarre argument that it has substantial contacts with the *United States* because its content is available in the United States at the R18.com website as a result of a licensing agreement that Plaintiff has with Digital Commerce Co., Ltd. Digital Commerce, however, is itself a *Japanese* company.  *See* Declaration of Frank Scardino ("Scardino Decl"), ¶¶2-3.  And, the R18.com website, which was registered by Digital Commerce, has all of its contact information in *Japan*.  Indeed, according to the terms of service of the R18.com website, the site is subject to the exclusive jurisdiction of the *Tokyo District Court in Japan* and the terms of service are to be construed in accordance with the laws of *Japan*.[3]  *See id.*, ¶¶4-5.  Although Plaintiff has done a poor job of demonstrating even its own contacts with the United States, it has done an excellent job of demonstrating its varied and extensive contacts with Japan.

Even if Plaintiff *had* been able to show that it had contacts with the United States, such contacts would not be jurisdictionally relevant as the contacts to be examined by the Court are the *Defendants'* contacts with the forum.  *See, e.g., Walden v. Fiore,* 571 U.S. 277, 284 (2014)("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State"); *Joseph Saveri Law Firm, Inc. v. Criden*, 696 F. App'x 189, 192 (9th Cir. 2017)("Saveri's own activities in California cannot establish personal jurisdiction over Criden.  Otherwise, a plaintiff could establish jurisdiction over a defendant through the plaintiff's own contractual performance within a forum state. …A plaintiff does not 'satisfy the defendant-focused minimum contacts inquiry by demonstrating contacts between the

2 Plaintiff goes so far as to have Mr. Tucker opine about the quality and attraction of hardcore Japanese porn with the United States. Although irrelevant to the jurisdictional analysis, Defendants admit that Mr. Tucker's declaration would make for a hilarious and fascinating *Daubert* motion.

3 The Court might be detecting a bit of a theme here.

Mann Law Group pllc
403 Madison Ave N. Ste 240
Bainbridge Island, WA 98110
Phone:  206-436-0900

plaintiff (or third parties) and the forum State'"); *Boddy v. Pourciau*, 2018 U.S. Dist. LEXIS 166699, at *10-11 (W.D. Wash. Sep. 27, 2018)("plaintiffs' or third parties' contacts with the forum state cannot be the basis for jurisdiction over the defendant. This is because due process in this context 'principally protect[s] the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties.' …Put simply, 'the plaintiff cannot be the only link between the defendant and the forum.'")

**III.    The Location of ThisAv's Servers – Selected Because of Their Fast Connectivity to Japan – Cannot Support a Finding of Personal Jurisdiction.**

In their original motion, Defendants noted that District Courts within the Ninth Circuit had repeatedly held that the use of a third-party server located within a jurisdiction is an insufficient basis to exercise specific personal jurisdiction where the server is located.  *See,* Motion, pp. 16-17 (and multiple citations therein).  Subsequent to the filing of that motion, the Ninth Circuit has weighed in, affirming this proposition:

> Our circuit has never decided that personal jurisdiction is proper over a private foreign entity solely because that entity engaged in tortious conduct from a location outside of the United States by remotely accessing servers located in the United States. Likewise, no authority supports the proposition that the act of using a third-party company's server in the United States to host illegally-obtained information, without more, is sufficient to convey personal jurisdiction. At bottom, Hungerstation, Pace, and Swyft are competing Saudi Arabian corporations, they do business exclusively in Saudi Arabia, and they have no employees or property in the United States.

*Hungerstation LLC v. Fast Choice LLC*, 2021 U.S. App. LEXIS 7420, at *4-5 (9th Cir. Mar. 15, 2021).

Mann Law Group pllc
403 Madison Ave N. Ste 240
Bainbridge Island, WA 98110
Phone:  206-436-0900

The same holds true here: the parties are a Japanese corporation, a Hong Kong corporation, and a Hong Kong permanent resident, who conduct business exclusively from Japan and Hong Kong, respectively.  Defendants certainly have no employees or property in the United States, nor has the Plaintiff claimed to have employees or property in the United States.  In short, the Ninth Circuit's recent decision in *Hungerstation* confirms what had long been the holdings from district courts within the circuits: a finding of personal jurisdiction cannot be based on the location of third-party servers utilized by Defendants.

IV.     **Erroneous Boilerplate Language Included on the ThisAV.com Website Does Not Support a Finding of Personal Jurisdiction.**

Preliminarily, it should be noted that Plaintiff's arguments concerning the website's terms of service are irrelevant to their specific jurisdiction arguments for the reason that – regardless of what the terms of service may say – Plaintiff's claims simply do not arise out of the website's terms of service.  *See, e.g., Life Alert Emergency Response, Inc. v. Lifealert Sec., Inc.,* 2008 U.S. Dist. LEXIS 105851, at *12 (C.D. Cal. Dec. 29, 2008)(holding that defendant wasn't subject to personal jurisdiction based on his having agreed to Google Analytics' terms of service, which "requires users to submit disputes arising from its use of the service to the jurisdiction of the courts in Santa Clara, California and it provides that their relationship with Google is governed by California law. Since Defendant agreed to those terms, Plaintiff argues, Defendant should be deemed to have invoked the protection and benefits of California law. That argument is not convincing, because that agreement does not apply to disputes that are unrelated to one's use of Google Analytics. More importantly, Plaintiff's claim does not arise out of Defendant's 'contract' with Google. Defendant's use of Google has nothing to do with the activity that gave rise to this trademark action --

MANN LAW GROUP PLLC
403 Madison Ave N. Ste 240
Bainbridge Island, WA 98110
Phone:  206-436-0900

Defendant's attempt do business with California and United States residents"); *Papillon v. Shymatta*, 2011 U.S. Dist. LEXIS 168528, at *8-9 (D. Ariz. Sep. 21, 2011)("The mere fact that GoDaddy.com is located in Arizona does not show intentional actions expressly aimed at Arizona.  It is also of no moment that Defendant may have consented to jurisdiction in Arizona for any disputes arising out of the terms of service of the website hosting contract"); *Allen v. Shutterfly, Inc.,* 2020 U.S. Dist. LEXIS 167844, at *18 (N.D. Cal. Sep. 14, 2020) ("Because the parties are in agreement that the forum selection clause in Lifetouch Terms of Service is inapplicable to Plaintiff's claims, the Court concludes that the said provision does not confer personal jurisdiction on this Court.")

Moreover, the erroneous inclusion of passing references to the United States contained within the website's terms of service cannot alter reality.  Defendants do not operate out of the United States regardless of what the boilerplate language states and there is no allegation that they do.  The simple truth is that the terms of service – and other boilerplate language placed on the site by the contractor who originally created the relevant sections of the website – are a bit of a hot mess.  So, for example, although the language cited by Plaintiff does appear on the website, so too does the following language:

> This Agreement shall be governed by and construed in accordance with the laws of Republic of Panama, without regard to conflicts of law principles. The sole and exclusive jurisdiction and venue for any action or proceeding arising out of or related to this Agreement shall be in an appropriate state or federal court located in the Republic of Panama. You hereby submit to the jurisdiction and venue of said Courts.

REPLY IN SUPPORT
Cause No. 20-CV-05802-BHS

Page 8

Mann Law Group pllc
403 Madison Ave N. Ste 240
Bainbridge Island, WA 98110
Phone:  206-436-0900

*See* Scardino Decl., ¶6; Declaration of Janus Tam on behalf of Youhaha Marketing and Promotion Limited, in Support of Defendants' Reply in Support of Motion to Dismiss for Lack of Personal Jurisdiction ("YMP Decl."), ¶¶3-4.

Similarly, the privacy page relied on by Plaintiff for its erroneous references to the United States also contains reference to a website, AVhere.com, which should obviously be ThisAV.com.   *See* YMP Decl., ¶¶2-3.   Defendants have no connection to AVhere.com, despite its erroneous inclusion in the website's privacy page.   *See id.,* ¶3.   Likewise, the website's "administrator" page includes the claim that "ThisAV is an all-Chinese adult pornographic video and photo album sharing community website" and the bottom of most of these pages includes the notation: "ThisAV.com-the world's first Chinese adult entertainment website, all rights reserved."   *See* Scardino Decl., ¶¶7-8.

The bottom line, though, is that – while some of the pages of the ThisAV.com website, prepared by a contractor when the site was first set up – include mistaken information, such errors do not supplant reality nor are the relevant to Plaintiff's claims in the least.

## V.   Plaintiff's Request For (Additional) Jurisdictional Discovery Should Be Denied.

At the start of this litigation – and before Defendants had been served with the Complaint – Plaintiff sought (and received) leave from this Court to conduct early discovery, including interrogatories and document requests to five different entities, including GoDaddy, LLC; Domains by Proxy, LLC; GorillaServers, Inc.; CloudFlare, Inc.; and Tiger Media, Inc. According to Plaintiff's motion to this Court (Docket No. 5), Plaintiffs sought from those entities: "all information pertinent to the identity of the owners, operators, and principals operating the Avgle.com website, domain name, and relevant accounts. This should include,

Mann Law Group PLLC
403 Madison Ave N. Ste 240
Bainbridge Island, WA 98110
Phone:  206-436-0900

but should not be limited to, names, addresses, billing address, email exchanges or other correspondence with the relevant party, and all IP address login information for the Avgle.com domain name accounts."

Despite having been given leave to take such wide-ranging early discovery (and presumably having done so to its satisfaction), Plaintiff now vaguely asks the Court to allow additional (unspecified) jurisdictional discovery, asserting that such discovery "may evidence Defendants' bias to the United States Market." Opposition, p. 25. Plaintiff fails to explain why the discovery it has already been afforded was insufficient to meet its burden, nor can it point to facts which, if proven, could possibly overcome the overwhelming evidence already presented showing that Defendants are not subject to jurisdiction in Washington or the United States. Plaintiff's belief that it "may" find evidence of a connection between the Defendants and the United States is precisely the type of amorphous claim that the Ninth Circuit and this Court have rejected in the past. *See, e.g., Butcher's Union Local No. 498 v. SDC Inv., Inc.,* 788 F.2d 535, 540 (9th Cir. 1986)(upholding denial of jurisdictional jurisdiction where plaintiffs "state only that they 'believe' that discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction"); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006)("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery"); *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)("The denial of Boschetto's request for discovery, which was based on little more than a hunch that it might yield jurisdictionally relevant facts, was not an abuse of discretion"); *Swartwood v. Frazier Equip., LLC*, 2020 U.S. Dist. LEXIS 22803, at *8 (W.D. Wash. Feb. 10, 2020)(" The Court agrees with Defendants

MANN LAW GROUP PLLC
403 Madison Ave N. Ste 240
Bainbridge Island, WA 98110
Phone: 206-436-0900

that Plaintiffs have failed to advance their request beyond a "hunch" and thus denies the request for jurisdictional discovery"); *Rubie's Costume Co. v. Yiwu Hua Hao Toys Co*., 2019 U.S. Dist. LEXIS 146721, at *13 (W.D. Wash. Aug. 28, 2019)("Plaintiff's allegation that Defendant may sell to other consumers in the state without asserting any conduct indicating direct targeting of Washington, is insufficient to warrant jurisdictional discovery. Plaintiff's request for jurisdictional discovery is DENIED.")

Because Plaintiff has failed to explain why the discovery it has already taken was insufficient to find facts to meet its burden to demonstrate the existence of personal jurisdiction; has failed to articulate specific discovery it would like to take; and has failed to explain how such discovery would lead to facts upon which personal jurisdiction could be based, its request for leave to take jurisdictional discovery should be denied.

## Conclusion

For the reasons stated hereinabove and in Defendants' initial Memorandum of Law, Defendants' Motion to Dismiss for lack of personal jurisdiction should be allowed.

Dated April 16, 2021                    Respectfully submitted,

                                        */s/ Philip P. Mann*
                                        Philip P. Mann, WSBA No: 28860
                                        **Mann Law Group** PLLC
                                        403 Madison Ave. N. Suite 240
                                        Bainbridge Island, Washington  98110
                                        Phone (206) 436-0900
                                        Fax (866) 341-5140
                                        phil@mannlawgroup.com

                                        */s/ Valentin Gurvits*
                                        /Valentin Gurvits (pro hac vice)
                                        Frank Scardino (pro hac vice)
                                        BOSTON LAW GROUP, PC
                                        825 Beacon Street, Suite 20
                                        Newton Centre, Massachusetts 02459

REPLY IN SUPPORT
Cause No. 20-CV-05802-BHS                    Page 11

MANN LAW GROUP PLLC
403 Madison Ave N. Ste 240
Bainbridge Island, WA 98110
Phone:  206-436-0900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com

*/s/ Evan Fray-Witzer*
Evan Fray-Witzer (pro hac vice)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Attorneys for Defendants

Attorneys for Defendants Ka Yeung Lee
and Youhara Marketing and Promotion
Limited

1

## **<u>CERTIFICATE OF SERVICE</u>**

2           I hereby certify on the date indicated below, I electronically filed the foregoing

3  with the Clerk of the Court using the CM/ECF system which will send notification of such

4  filing to all parties who have appeared in this matter.

5

6  DATED:  April 16, 2021                      */s/ Philip P. Mann*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mann Law Group pllc
403 Madison Ave N. Ste 240
Bainbridge Island, WA 98110
Phone:  206-436-0900