UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan, Plaintiff, vs. KA YEUNG LEE, an individual; YOUHAHA MARKETING AND PROMOTION LIMITED, a foreign company; and DOES 1-20, d/b/a THISAV.COM Defendants | Case No. 3:20-cv-05802-BHS |

# DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## Introduction

As the Court is aware, the Plaintiff in this case is a private *Japanese* limited liability company headquartered in *Tokyo*. It brought the present action against a *Hong Kong*-born individual who is a permanent resident of *Hong Kong* and a foreign corporation based in *Hong Kong*, concerning a website that was: visited primarily by viewers from *Japan, Taiwan, and Hong Kong;* operated entirely out of *Hong Kong;* supported by ads placed on the website by ad brokers located in *Canada, Costa Rica, and Spain* (all of which were engaged from *Hong Kong*)*;* displaying user-generated videos with *Japanese* titles that are primarily in the *Japanese* language.

1    This Court granted Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(2), finding
2  that Plaintiffs had not demonstrated purposeful direction towards the United States. *Will Co. Ltd.
3  v. Yeung Lee,* 2021 U.S. Dist. LEXIS 122635, at *18 (W.D. Wash. June 30, 2021)("in sum, the
4  United States is not 'the focal point' of the website 'and of the harm suffered.' …Therefore,
5  because Will Co. has failed to establish purposeful direction, an essential element of specific
6  jurisdiction… the Court will not address the remaining elements of specific jurisdiction").
7    Although the Ninth Circuit found the question of express aiming a "closer question," it
8  nevertheless reversed the dismissal and remanded for this Court to consider the remaining prong
9  of the jurisdictional test,[1] namely whether an exercise of personal jurisdiction in this case would
10 comport with "fair play and substantial justice, i.e., whether an exercise of jurisdiction would be
11 "reasonable." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004). *See*
12 *also Brown v. Serv. Grp. of Am., Inc.,* 2022 U.S. App. LEXIS 31611, at *2-3 (9th Cir. Nov. 16,
13 2022). In furtherance of the Ninth Circuit's remand, this Court permitted the parties to provide
14 supplemental briefing. Accordingly, in supplementation of their original motion, memorandum of
15 law, and reply, Defendants state as follows.

**Argument**

17    "In determining whether the exercise of jurisdiction over a nonresident defendant comports
18 with 'fair play and substantial justice,' [the court] must consider seven factors: (1) the extent of the
19 defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant
20 of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state;
21 (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution
22 of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and

---

[1] *Will Co. v. Ka Yeung Lee*, 47 F.4th 917, 922 (9th Cir. 2022).

effective relief; and (7) the existence of an alternative forum." *Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1487-88 (9th Cir. 1993). No one factor is dispositive in itself and, instead, the Court balances all seven factors. *Id.*

In the present case, the balancing of these factors quite clearly indicates that an exercise of personal jurisdiction over the Defendants in this case would not comport with fair play and substantial justice.

I. <u>The Extent of Interjection in the Forum</u>

Even though a Court has, by the time it reaches this stage, typically determined that *some* level of interjection occurred sufficient to meet the earlier stages of the personal jurisdiction test, the Court nonetheless considers just how extensive such interjection was in deciding if an exercise of jurisdiction would be reasonable. *See, e.g., Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1132 (9th Cir. 2003)("Even though we have already determined that B&C purposefully availed itself of the privilege of doing business in California, the degree of interjection is nonetheless a factor in assessing the overall reasonableness of jurisdiction under this prong"); *Ins. Co. of N. Am. v. Marina Salina Cruz,* 649 F.2d 1266, 1271 (9th Cir. 1981)("The smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise"); *Rippey v. Smith,* 16 F. App'x 596, 599 (9th Cir. 2001)("The degree of purposeful intervention was not great in this case and the district court correctly concluded that the burden on Willoughby and Herbert Smith of litigating in California would be substantial. …Neither is a resident of the United States, and neither maintains an ongoing or continuous relationship with California. Herbert Smith does not maintain an office in the United States, and its representation of California clients has been limited to foreign proceedings. Similarly, Willoughby has represented California clients in European and Asian proceedings. Accordingly, litigating this matter in California would impose a significant burden on the defendants. This

factor weighs in favor of declining personal jurisdiction over the defendants"); *Perkumpulan Inv'r Crisis Ctr. Dressel - WBG v. Wong,* U.S. Dist. LEXIS 202548, at *18-19 (W.D. Wash. Apr. 6, 2012)("While this factor is similar to the analysis of purposeful direction, the degree of interjection is nonetheless a factor in assessing the overall reasonableness of jurisdiction"); *Qwest Corp. v. Anovian, Inc.,* 2009 U.S. Dist. LEXIS 122636, at *10-11 (W.D. Wash. Dec. 16, 2009)("The *Schwarzenegger* case makes it clear that physical contact with Washington is not a prerequisite to a finding of personal jurisdiction. However, it is relevant to an assessment of the reasonableness factor of minimum contacts with a forum state. …Transcom has no ties to Washington other than its decision to purchase services from a company that used Washington-based circuits to route a portion of its traffic to Qwest. All of the defendant's operations are based in Texas, and none are based in Washington.  If Transcom's contacts with Washington were significantly stronger, it might warrant causing the defendant to incur substantial costs for travel and employee time. However, even if the Court could find that Transcom purposefully directed business at the state of Washington, the extent of its purposeful interjection was very limited. …It would offend "traditional notions of fair play and substantial justice" to require Transcom to defend itself in any given forum around the world in which it has so few business ties and no physical presence.")

      In the present case, the extent to which Defendants "interjected" themselves into the forum (the United States as a whole) was minimal.  Neither defendant was ever physically present in the United States and neither had substantial continuing contacts with the United States.  *See* Memo in Support of Motion to Dismiss, D.E. 18, pp. 1-5 and supporting declarations cited therein.  Instead, Defendants' "interjection" amounted to little more than entering into contracts with a server company, Gorilla Servers, and a Content Delivery Network ("CDN") company, Cloudflare, located in the United States. Each of these contracts, however, was entered into from Hong Kong

3
DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1  and each was designed primarily to facilitate the delivery of content to Japan, Taiwan, and Hong Kong. *Id.* To the extent that those contacts could even be considered to be "interjection" in the United States, even these minimal contacts were not continuing. In April of 2021, after Gorilla Servers suffered a fire that temporarily disabled its servers, YMP decided to move its hosting to a server company in the Netherlands. *See Exhibit 1*, Supplemental Declaration of Ka Yeung Lee. From that point in time forward, ThisAv.com's content was hosted in the Netherlands. *Id.* Moreover, YMP has recently shut down the ThisAv.com website, meaning that it also no longer utilizes the services of Cloudflare or any other U.S.-based company. *Id.* In short, even the minimal contacts that YMP once had with the United States no longer exist.

Because Defendants' "interjection" into the United States was negligible, the first factor weighs against an exercise of personal jurisdiction.

II.  The Burden on the Defendants

The Supreme Court has long been clear that: "the unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders*." Asahi Metal Indus. Co., Ltd. v. California Superior Court*, 480 U.S. 102, 114 (1987)(citation omitted). The Ninth Circuit and District Courts within this circuit have routinely heeded the Supreme Court's admonition, finding that this factor is entitled to significant weight. *See, e.g., Amoco Egypt Oil Co. v. Leonis Navigation Co.,* 1 F.3d 848, 852-53 (9th Cir. 1993); *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488-89 (9th Cir. 1993); *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1132-34 (9th Cir. 2003); *Ins. Co. of N. Am. v. Marina Salina Cruz,* 649 F.2d 1266, 1271-74 (9th Cir. 1981); *Perkumpulan Inv'r Crisis Ctr. Dressel - WBG v. Wong*, 2012 U.S. Dist. LEXIS 202548, at *19-23 (W.D. Wash. Apr. 6, 2012); *Paradise Cruise, Ltd. v. Michael Else & Co.*, 2005 U.S. Dist. LEXIS 10362, at *19-28 (D. Haw. May 17, 2005).

Moreover, "the Ninth Circuit notes that such burdens are 'particularly great' when a defendant has 'no ongoing connection to or relationship with the United States.'" *Perkumpulan, supra* at *19, citing Core-Vent Corp. In determining the burden placed on a foreign defendant, Courts have considered a multitude of factors including the location of the defendants' "base of operations"; their "ongoing connection" to the United States; whether the defendants have offices, agents, or employees in the United States; and logistical difficulties in transporting witnesses and evidence to the forum. *Amoco Egypt Oil Co., supra; Core-Vent Corp., supra; Harris Rutsky & Co. Ins. Servs., supra; Ins. Co. of N. Am., supra; Perkumpulan Inv'r Crisis Ctr. Dressel, supra; Paradise Cruise, Ltd., supra.*

In the present case, there is no question but that each of these factors points to the inherent unfairness in an exercise of personal jurisdiction in this case: the Defendants are a Hong Kong corporation and a Hong Kong based individual; they have no ongoing connection to the United States – indeed, the website at the heart of this case no longer operates and, as such, does not even utilize the services of companies located in the United States; the Defendants have never had offices, agents, or employees in the United States; and the logistical difficulties in litigating this case here are evident – none of the parties are located in the United States; none of the witnesses would be located here; none of the exhibits are here; and Mr. Lee does not even hold a visa that would allow him to travel to the United States. *See* Memorandum of Law, pp. 1-6.

The Ninth Circuit has recognized that its "cases have also been inconsistent in determining whether the corresponding burden on plaintiff in bringing the claims against the defendant in an alternate forum should lessen the impact of this factor on the overall reasonableness determination." *Core-Vent Corp., supra* at 1488-89. And, while many of the Ninth Circuit's cases have ultimately decided that a Court should not consider the corresponding burden on a U.S.

plaintiff who would be forced to litigate a claim in a foreign court,[2] the Court here need not be concerned with this question because, in this case, the burdens do not correspond.  The Plaintiff here is not a U.S. entity, but rather is a Japanese company headquartered in Tokyo and as such, the burdens are not symmetrical. *See. e.g., Core-Vent Corp. v. Nobel Indus.*, supra ("We need not reconcile these standards today, however, because the burdens in this case fall asymmetrically. The burden on the Swedish doctors of defending in California would be substantially greater than the burden on Core-Vent in bringing their claims in Sweden. The doctors are individuals with little or no physical contacts with California. Core-Vent, on the other hand, is a large international corporation with worldwide distribution of its products. Regardless whether the burden on the plaintiff is considered, this factor weighs heavily in favor of the doctors"); *Perkumpulan Inv'r Crisis Ctr., supra* ("The Ninth Circuit has found that the burden on a foreign corporate defendant with little connection to the United States would be 'considerable.' …As an individual, Mr. Ho would presumably be even more encumbered than a corporate defendant. Moreover, as in Core-Vent, 'the burdens in this case fall asymmetrically.'  …That is, the burden on Mr. Ho of litigating in Washington would plainly be greater than the burden on Plaintiff of litigating in Indonesia or Hong Kong.").

Because the burden on Defendants of litigating in the United States is substantial, this "significant" factors weighs heavily in favor of finding a lack of personal jurisdiction.

---

[2] *See, e.g., Pacific Atlantic Trading Co. v. M/V Main Exp.,* 758 F.2d 1325 (9th Cir. 1985) ("the burden on the defendant is the primary concern" and thus the possible burden on the plaintiff does not dilute the strength of this factor"); *Amoco Egypt Oil Co. v. Leonis Navigation Co.,* 1 F.3d 848, 852 (9th Cir. 1993) (stating that even if plaintiff's burden would be similar to defendant's, the burden on the defendant is not a forum non conveniens question, but a function of due process requirements); *Ins. Co. of N. Am. v. Marina Salina Cruz,* 649 F.2d 1266, 1271-74 (9th Cir. 1981)("The law of personal jurisdiction, however, is asymmetrical. The primary concern is for the burden on a defendant. …If the burdens of trial are too great for a plaintiff, the plaintiff can decide not to sue or, perhaps, to sue elsewhere. A defendant has no such luxury. The burdens on a defendant are of particular significance if, as here, the defendant has done little to reach out to the forum state").

III. The Extent of Conflict With the Sovereignty of the Defendants' State

The Supreme Court, the Ninth Circuit, and this Court have frequently cautioned that, "great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 115 (1987). *See also Sinatra v. Nat'l Enquirer, Inc.,* 854 F.2d 1191, 1199 (9th Cir. 1988) ("This circuit has also stated that litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist"); *Amoco Egypt Oil Co. v. Leonis Navigation Co.,* 1 F.3d 848, 852-53 (9th Cir. 1993)("Where, as here, the defendant is from a foreign nation rather than another state, the sovereignty barrier is high and undermines the reasonableness of personal jurisdiction"); *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993)("Litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist. …Sovereignty concerns weigh more heavily when the defendants have no United States-based relationships. …Here, the Swedish doctors are individuals with no United States-based relationships. Thus, the sovereignty factor also weighs heavily in the Swedish doctors' favor"); *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 379 F.3d 1120, 1136-37 (9th Cir. 2004)("Litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist"); *Rano v. Sipa Press, Inc.,* 987 F.2d 580, 588 (9th Cir. 1993)("We have held that litigation against an alien defendant requires a higher jurisdictional barrier than litigation against a citizen from a sister state"); *Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1330 (9th Cir. 1985)("when the nonresident defendant is from a foreign nation, rather than from another state in our federal system, the sovereignty barrier is higher, undermining the reasonableness of personal jurisdiction"); *Rippey v. Smith*, 16 F. App'x 596, 599-

600 (9th Cir. 2001)("The district court also correctly concluded that Great Britain has a strong interest in adjudicating a dispute involving British parties and concerning events that occurred in Britain. …We find the district court's analysis persuasive, and conclude that the potential for conflict with British sovereignty weighs heavily in favor of the defendants"); *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1132-34 (9th Cir. 2003)("Litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist"); *Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1271-74 (9th Cir. 1981)("We do not minimize the sovereignty of the states within our federal system when we conclude that foreign nations present a higher sovereignty barrier than that between two states within our union. This is only a recognition of what is obvious. That the shipyard is in a foreign country is therefore a factor bearing negatively on the reasonableness of personal jurisdiction"); *Instasol, LLC v. EM Dig. Ltd.,* 2018 U.S. Dist. LEXIS 136526, at *10-11 (W.D. Wash. Aug. 13, 2018)("Since EM Digital is incorporated and registered in England and Perera is a Sri Lankan or English citizen and resident, this Court's exercise of jurisdiction would necessarily conflict with those countries' sovereignty"); *Perkumpulan Inv'r Crisis Ctr. Dressel - WBG v. Wong,* 2012 U.S. Dist. LEXIS 202548, at *19-23 (W.D. Wash. Apr. 6, 2012)("In line with *Asahi*, the Ninth Circuit has cautioned that 'litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist.' ...Such concerns are heightened where the defendant has no U.S.-based relationships. ...Here, Mr. Ho is a Chinese national and a resident of Hong Kong with no enduring connection to the United States. This factor therefore weighs in his favor as well").

In the present case, Defendants are a Hong Kong individual and a Hong Kong corporation whose actions were undertaken entirely from within Hong Kong. Accordingly, sovereignty issues strongly counsel against the exercise of personal jurisdiction.

### IV. The Forum's Interest In Adjudicating the Dispute

Given that not a single party – not the Plaintiff and neither of the Defendants – are actually citizens or even residents of the United States, the United States has little interest in the present dispute. *See, e.g., Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 114 (1987)("Because the plaintiff is not a California resident, California's legitimate interests in the dispute have considerably diminished"); *Rippey v. Smith*, 16 F. App'x 596, 599-600 (9th Cir. 2001)("California has a strong interest in providing redress for its citizens. …As the district court recognized, however, this interest is weaker where individuals ''seek their fortune away from home'''); *Amoco Egypt Oil Co. v. Leonis Navigation Co.,* 1 F.3d 848, 852-53 (9th Cir. 1993)("Although the district court stated that 'it cannot be said that Washington State with its extensive maritime trade does not have an interest in an allision between a shipping vessel and an oil platform,' this interest is no greater or more specific than that of any port city around the world. *Asahi* cautions against such an overly broad definition of a state's interest. …Washington has no interest in this claim. The vessel involved in the accident was not sailing from Washington and carried no Washington cargo. Neither the accident nor the lawsuit's outcome has any effect on Washington or its residents. …The absence of a forum state interest weighs heavily against the reasonableness of Washington's assertion of jurisdiction"); *Perkumpulan Inv'r Crisis Ctr. Dressel - WBG v. Wong*, 2012 U.S. Dist. LEXIS 202548, at *19-23 (W.D. Wash. Apr. 6, 2012)("A forum has only a weak interest in a lawsuit when a nonresident sues in its courts").

Once again, then, this factor counsels against an exercise of personal jurisdiction over the Defendants.

### V. **Most Efficient Judicial Resolution Of The Controversy**

The fifth factor "concerns the efficiency of the forum. In evaluating this factor, we have looked primarily at where the witnesses and the evidence are likely to be located*." Core-Vent*

*Corp., supra* at 1489. *See also Harris Rutsky & Co. Ins. Servs., supra* at 1133 ("To make this determination we focus on the location of the evidence and witnesses"); *Rippey, supra* at 599-600 ("The district court noted that all of the witnesses except Rippey, Rippey's attorney, and McClelland are in England, and that McClelland lives in Montana. The vast majority of relevant documents are located in England. Furthermore, all of the relevant events took place in England. In the interests of efficiency, this case should proceed in Great Britain"); *Perkumpulan, supra* at *21 ("This factor turns on the location of evidence and witnesses").

In the present case, the parties might be able to reasonably argue about whether Japan (where the Plaintiff is located) or Hong Kong (where the defendants are located) provides the most efficient forum from a judicial perspective. The one thing that is clear, however, is that the United States would be the *least* efficient jurisdiction of the three: the parties are not located here; the witnesses are not located here; the evidence is not located here; and the vast majority of the harm (if any harm actually occurred) did not occur here.

The fifth factor also counsels against an exercise of personal jurisdiction over the Defendants.

   VI. <u>Importance of the Forum to Plaintiff's Interest in Convenient and Effective Relief.</u>

That the sixth factor also fails to favor the Plaintiff – and it does fail to do so – points up just how absurd Plaintiff's attempt to establish jurisdiction in the United States really is. Because the sixth factor almost invariably favors the Plaintiff, neither the Supreme Court nor our court has given much weight to inconvenience to the plaintiff." *Core-Vent Corp, supra* at 1490. Indeed, as the Ninth Circuit has noted, "No doctorate in astrophysics is required to deduce that trying a case where one lives is almost always a plaintiff's preference." *Roth v. Garcia Marquez,* 942 F.2d 617, 624 (9th Cir. 1991). *See also Amoco Egypt Oil Co., supra* at 853 ("Surprisingly, Amoco's interest in this litigation also suggests the unreasonableness of Washington jurisdiction. Both plaintiffs

have all of their operations in Egypt; the accident on which the claim is based occurred in Egypt; and the bulk of the relevant evidence and witnesses are presumably located in Egypt. Amoco has no involvement with Washington and has given no clear statement of its interest in having the claim litigated there"); *Perkumpulan Inv'r Crisis Ctr. Dressel – WBG, supra* at *23 ("The Ninth Circuit has discounted this factor, holding that 'the plaintiff's convenience is not of paramount importance.' …Here, Plaintiff and its constituents are located in Indonesia, along with a significant portion of the evidence and witnesses. The Court cannot conclude that Washington would be a more convenient forum for Plaintiff").

In the present case, there is no actual convenience to the Plaintiff in litigating in the United States (other than, perhaps, the improper goal of making litigation *less* convenient for the Defendants). The Plaintiff is a Japanese company headquartered in Tokyo. As noted previously, all of the witnesses and evidence are to be found either in Japan or in Hong Kong. There is little question but that Plaintiff has no legitimate ability to claim that litigating in the United States is somehow more convenient. Accordingly, this factor also weighs against an exercise of personal jurisdiction.

VII. Existence of an Alternative Forum

Finally, it is the *Plaintiff's* burden to show the absence of an alternative forum for the resolution of the present case. *See, e.g., Core-Vent Corp., supra* at 1490 ("The plaintiff bears the burden of proving the unavailability of an alternative forum"); *Rippey, supra* at 600 ("The plaintiff bears the burden of proving the unavailability of an alternative forum. ... Rippey has not done so. Nor has Rippey shown that the case must proceed in California in order for him to secure full relief. The inconvenience to the plaintiff of litigating in a foreign forum does not carry great weight. These final factors weigh in the defendants' favor"); *Instasol, LLC v. EM Dig. Ltd.,* 2018 U.S. Dist. LEXIS 136526, at *11-13 (W.D. Wash. Aug. 13, 2018)("Plaintiffs 'bear[] the burden of

proving the unavailability of an alternative forum.' …An alternative forum for this action is England, where Perera and EM Digital reside and conduct business. …Plaintiff does not specifically address the suitability of England as an alternative forum. ….) It simply asserts that Washington is the most convenient forum, that litigating elsewhere would be burdensome, and that 'there is no evidence another forum would be as effective.' …Therefore, Plaintiff has not met its burden. This factor weights against personal jurisdiction"); *Harris Rutsky & Co. Ins. Servs., supra* at 34 ("Finally, we must determine whether an adequate alternative forum exists. The plaintiff bears the burden of proving the unavailability of an alternative forum… and ASR has not met that burden here. British courts provide an obvious alternative forum… This factor therefore favors B&C"); *Perkumpulan Inv'r Crisis Ctr., supra* at *23 ("The plaintiff bears the burden of proving the unavailability of an alternative forum. ...Plaintiff has made no attempt to show that either Indonesia or Hong Kong is unavailable here").

In the present case, Plaintiff has made no showing – and can make no showing – that there is no other available forum in which it can litigate the present dispute. At a minimum, both Defendants are located in Hong Kong and are amenable to service there. As such, an alternative forum exists and an exercise of personal jurisdiction in the United States would be unreasonable.

## Conclusion

For the reasons stated hereinabove and in Defendants' original Motion to Dismiss and Reply, an exercise of personal jurisdiction over the Defendants would be unreasonable and would not comport with the Due Process requirements of the Constitution. As such, Defendants' Motion to Dismiss for lack of personal jurisdiction should be allowed.

**Respectfully Submitted:**

/s/ Philip Mann
Philip P. Mann, Esq. (WSBA No. 28860)
**Mann Law Group PLLC**
403 Madison Ave. N, Ste. 240
Bainbridge Island, WA 98110
Tel: 206-463-0900
Email: phil@mannlawgroup.com

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Frank Scardino (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
frank@bostonlawgroup.com

**Attorneys for Defendants**

Dated: January 8, 2023

13
DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## CERTIFICATE OF SERVICE

I hereby certify on January 8, 2023, I served the foregoing document on counsel of record through the ECF filing system.

/s/ Evan Fray-Witzer