1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

9
10
11

WILL CO. LTD. a limited liability company
organized under the laws of Japan,

12                Plaintiff,

13        vs.

14  KA YEUNG LEE, an individual; YOUHAHA
    MARKETING AND PROMOTION
15  LIMITED, a foreign company; and DOES 1-
    20, d/b/a THISAV.COM,
16

17                Defendants.

18
19
20
21
22
23
24
25
26

**Case No.:  3:20-cv-05802-BHS**

**PLAINTIFF WILL CO. LTD**
**SUPPLEMENTAL MEMORANDUM IN**
**OPPOSITION TO MOTION TO**
**DISMISS FOR LACK OF PERSONAL**
**JURISDICTION**

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

Plaintiff Will Co. Ltd (hereinafter "Will Co" or the "Plaintiff"), through its counsel of record Spencer D. Freeman, The Freeman Law Firm, Inc., files this Supplemental Memorandum in Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

## I.    INTRODUCTION AND KEY FACTS

Initially, this matter was dismissed based upon a lack of personal jurisdiction. Specifically, it was determined that the at-issue web site was not expressly aimed at the United States forum and there was no harm in the United States forum.  See Dkt. No. 30.  On Appeal, the Ninth Circuit Court of Appeals disagreed.

In *Will Co., Ltd. v. Lee,* 47 F. 4th 917 (9th Cir. 2022) the Ninth Circuit reiterated the rule regarding "express aiming" of conduct into the forum in the context of a web site: the web site operator must have both actively "appeal[ed] to" and profit[ed] from" an audience in that forum. *Lee*, 47 F. 4th at 922-23, *citing AMA Multimedia, LLC v. Wanat,* 970 F.3d 2102, 1220 (9th Cir. 2020); and *Mavrix Photo, Inc., v. Brand Technologies, Inc.,* 647 F.3d 1218, 1229 (9th Cir. 2011). The Ninth Circuit found that the web site appealed to United States audience for two reasons. First, the web site was hosted in the United States *and* the defendants contracted with Cloudflare for Content Delivery Network (CDN) services, which only utilized Cloudflare's Asia and North American servers.  Second, the web pages regarding legal compliance were "relevant almost exclusively to viewers in the United States."

Further, regarding harm in the forum the Ninth Circuit affirmed the rule that jurisdiction is proper in any forum where a "sufficient" amount of harm occurs, even if that amounts to only a small percentage of the overall harm caused. *Id.* at 926, *citing Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1207 (9th Cir. 2006).  To that end, 1.3 million visits from United States viewers was deemed "substantial" and jurisdictional sufficient.  *Id.* at 927.

On remand, the Ninth Circuit has tasked the trial court to conduct the remainder of the personal jurisdictional analysis under Rule 4(k).  *Id.*  The remaining analysis is Defendant's

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN
OPPOSITION TO MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION [NO. 3:20-cv-05802-
BHS]
- 2

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

obligation and burden to establish a compelling case that the presence of some other considerations renders jurisdiction unreasonable, of which the Ninth Circuit has enumerated seven factors:  (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

In analyzing these factors in its supplemental memorandum, Defendants conveniently ignore:

- Will Co. has United States copyrights;
- Will Co. intentionally sold its products in the United States to take advantage of the United States' Japanese niche market;
- The United States has a robust Japanese adult entertainment niche market;
- Will Co. earns over a million dollars a year from U.S. viewers;
- Defendants expressly warrant ThisAv.com to be properly viewed only in the United States;
- Defendants provide for copyright takedown procedures expressly in compliance with only United States laws;
- Defendants express compliance only with United States laws regarding model documentation;
- Defendants present crucial web pages regarding the operations and compliance of ThisAv.com only in English;
- Defendants hosted all video content for ThisAv.com on servers located in the United States;
- Defendants utilized Content Delivery Network servers in the United States to ensure quick and efficient of video display to United States viewers;

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [NO. 3:20-cv-05802-BHS]
- 3

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

- The domain ThisAV.com is registered in the United States;

- Advertising on ThisAV.com is geo-targeted to United States viewers;

- From April to June 2020, ThisAV.com had 1,168,872 United States visitors; by December 2020 to February 2021 it had grown to 1,420,463 United States visitors; and

- The United States District Court Western District of Washington has become adept at conducting remote video (i.e. Zoom) trials, thus negating the need for extensive travel to the physical courthouse.

## II.   ARGUMENT

Where the first two requirements of specific personal jurisdiction are met, "in order to satisfy the Due Process Clause, the exercise of personal jurisdiction must be reasonable"; that is, "it must comport with 'fair play and substantial justice.'" *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir 1998), quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, (1985). "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477; *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F. 3d 797, 802 (9th Cir. 2004).  The burden is on the Defendants to prove unreasonableness of the personal jurisdiction.

In determining whether the exercise of jurisdiction over a nonresident defendant comports with "fair play and substantial justice," courts consider seven factors:

> (1)    the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [NO. 3:20-cv-05802-BHS]
- 4

1     *Rio Props v. Rio Int'l Interlink*, 284 F.3d 1007, 1021 (9th Cir. 2002).

2       Here, the Ninth Circuit Court of Appeals has determined that the first two requirements

3 of specific personal jurisdiction have been met.  Therefore, what remains is *Defendants' burden*

4 to present a *compelling case* that the seven factors render jurisdiction unreasonable.  Defendants

5 have failed to do so.  As no single factor is dispositive, a court must balance all seven.  *Id.*

6       All seven factors support exercising jurisdiction over Defendants and Defendants have

7 failed to present a compelling case that jurisdiction is unreasonable.

8

9       **A.  Extent of Interjection in the United States.**

10       That a tortfeasor may have expressly aimed an intentional act in to the United States forum,

11 the degree of interjection must be weighed in assessing the overall reasonableness of exerting

12 jurisdiction and there may be circumstances where the interjection may still be minute enough that

13 the exercise of jurisdiction is unreasonable.  *Insurance Company of North America v. Marina*

14 *Salina Cruz,* 649 F.2d 1266, 1271 (9th Cir. 1981). This is not such a case.

15       Essentially, the smaller the element of purposeful interjection, the less jurisdiction may

16 be anticipated and the less reasonable is its exercise.  *Id.* Even in such cases, there was sufficient

17 interjection for a finding of jurisdiction must be considered in the balancing.  *Core-Vent Corp. v.*

18 *Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1993).

19       Arguing their interjections in the United States market fail to result in reasonable

20 assertion of jurisdiction, Defendants significantly over simplify their interjection into the United

21 States market and ignore key facts relied upon by the Ninth Circuit in finding express aiming.

22 The sum of Defendants argument is they don't have offices or physical presence in the United

23 States and injections are limited to contracts for hosting services in the United States.[1]  This pales

24

25 _____

26 [1] Defendants also assert they (conveniently) moved their hosting services outside the United States and recently
shut down ThisAV.com. These facts are irrelevant when considering whether jurisdiction exists over the

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  in comparison to what they actually did.

2  The hosting services were far more than the mere signing of a contract with a United

3  State company.  The entirety of the ThisAV.com web site was thereafter located in the United

4  States.  Importantly, this meant every user that uploaded a video to the web site uploaded that

5  video to servers located in the United States and that video was stored on the servers in the United

6  States.  Therefore, anytime anyone wanted to view that video, they did so originating from that

7  server in the United States.  In fact, the use of the United States hosting server ensured that

8  United States viewers had a better chance of viewing the video without lagging or interruption

9  (a fact not lost on the Ninth Circuit Court of Appeals).

10  Defendants interjection in the United States market and ensuring that its United States

11  viewers enjoyed uninterrupted full videos did not stop at the hosting server.  Defendants went

12  further and utilized Cloudflare's North American Content Delivery Network servers to even

13  better ensure the smooth delivery of video to United States viewers (also a fact not lost on the

14  Ninth Circuit Court of Appeals).

15  Defendants' interjection into the United States market goes yet even further.  They

16  *expressly state that the lawful viewing of their web site is warranted only in the United States.*  They

17  divest themselves from every other country in the world in this statement.  Their interjection into

18  the United States market isn't minimal – it is expressly in totality.  Their stated singular purpose is

19  the United States market.

20  And still, interjection into the United States market does not end.  Defendants provide

21  copyright take down notice expressly and singularly compliant with United States law.  No

22  reference to any other country's law.   And to extend even further, Defendants expressly require

23  all uploaders to aver they have model documentation to comply with U.S. law.  These express

24  _____

25  infringement of Will Co.'s copyrights.  At the time of the infringements, they were hosted in the United States and
utilized Cloudflare North American servers for Content Delivery Network services to ensure fast and efficient

26  video delivery to United States viewers.

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

specific references to United States laws (without references to any other laws) uniquely positions ThisAV.com to appeal to United States viewers.

Defendants' interjection in the United States market was significant and clear, far from negligible. Defendants have failed their burden in establishing this factor weighs against a finding of jurisdiction. Defendants' interjection weighs in favor of jurisdiction.

**B. Burden of Defendant in Defending in the Forum.**

The factor regarding burden on defendant in litigation in the United States weighs in favor of jurisdiction. The sum substance of Defendants three-page argument on this issue is that they will have "logistical difficulties in litigation this case here – none of the parties are located in the United States; none of the witnesses would be located here; none of the exhibits are here; and Mr. Lee does not even hold a visa that would allow him to travel to the United States." Dkt. No. 43 at 5.

Even if the assertion that *everything* was located outside the United States was accurate (it is not), such does not illustrate some logistical nightmare that would render it unfair for Defendants to litigate and go to trial in the United States. It has long been known and accepted that the modern advancement in communications and transportation can and will significantly reduce the burden of litigating in another country. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993), *citing Sinatra v. National Enquirer, Inc.,* 854 F.2d 1191, 1199 (9th Cir. 1988).

In 2020 and 2021, the Western District of Washington became incredibly adept at conducting trials when *all* participants are located remotely (whether in the building next door, across the country, or across the world). Thus, there truly is no more burden for litigants located outside the area (against, whether in the next city, state or country across the world.). Not only can trials be conducted with parties in remote locations across the world, all of discovery can be conducted in the same manner. Depositions can be done with remote video conferencing

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [NO. 3:20-cv-05802-BHS]
- 7

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

services and exchange of paper discovery has long been handled via electronic transmissions.

There literally is not one aspect of litigation that cannot be handled via electronic transmissions, thus allowing the parties and their counsel to be located anywhere at anytime.[2] Given the lack of any additional burden created by the location of the participants of this litigation, this factor weighs in favor of jurisdiction.


### C.  Extent of Conflict with the Sovereignty of Defendants' State.

The next factor concerns the extent to which the exercise of jurisdiction would conflict with the sovereignty of the defendants' state.   It is accurate to state that the "foreign-acts-with-forum-effects jurisdictional principle must be applied with caution, particularly in an international context" and great care should be "exercised when extending our notions of personal jurisdiction into the international field."   In large part, such care is required due to sovereignty concerns exist.  *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993), *citing Pacific Atlantic Trading Co. v. M/V Main Express,* 758 F.2d 1325, 1330 (9th Cir. 1985); *Asahi Metal Indus. Co. v. Superior Court of Cal,* 480 U.S. 105, 115 (1987); and *Sinatra,* 854 F.2d at 1199.

However, the fact of the existence of sovereignty concerns does not automatically weigh against a finding of jurisdiction.  Rather, the weight of this factor requires an examination of the presence or absence of connections to the United States in general, not just to the forum state. Sovereignty concerns weigh more heavily when the defendants have no United States-based relationships. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993), *citing Sinatra,* 854 F.2d 1191.

Defendants here reference only that they a Hong Kong person and corporation whose

---

[2]  In fact, Ninth Circuit Court of Appeals oral argument in this case were conducted via electronic transmission. The judicial panel was located in Seattle, Plaintiff's counsel was in his office in Tacoma, and Defendants' counsel was in Boston.

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [NO. 3:20-cv-05802-BHS]
- 8

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

"actions were entirely taken from within Hong Kong."  Such fails to recognize the clear connections present between the Defendants and the United States: (1) contract with United States hosting company, Gorilla servers; (2) physically hosting ThisAV.com in the United States; (3) contract with United States Content Delivery company, Cloudflare; (4) contract with United States registrar, GoDaddy, Inc.; and (5) contract with an advertising broker, Tiger Media, who was clearly marketing ThisAV.com advertisement potential to United States advertisers and serving advertisements from servers located in the United States.

There are significant contacts and connections between Defendants and the United States such that conflict with a foreign sovereignty is not a concern.  This factor weighs in favor of jurisdiction.

### D.  United States' Interest in Adjudicating the Dispute.

The fourth factor of which Defendant has the burden is whether the United States has any interest in adjudicating the dispute.  Consistent with the other arguments, Defendants assert that Defendants' and Plaintiff's residence in other countries tips the scale of this factor against a finding of jurisdiction.  However, again consistent with all other arguments, Defendants ignore key facts.  Here, what is at issue are United States registered copyrights which were displayed to and expressly aimed at United States viewers.

The United States most certainly has interest in redress of tortious activity which occurs within the United States in violation of United States laws, and even more so when a part has expressly sought protections of United States laws as Will Co. did here.  Will Co., with intention of selling its product in the United States (and successfully doing so), filed for and obtained United States copyrights.  The sole purpose of doing so is to enforce those copyrights when they are infringed in the United States.

An assertion that the United States does not have interest in addressing infringements within the United States of copyrights issued by the United States Copyright Office is simply

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN
OPPOSITION TO MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION [NO. 3:20-cv-05802-
BHS]
 - 9

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1    misguided. This fact clearly weighs in favor of jurisdiction.

2

3    **E.  Most Efficient Judicial Resolution of the Controversy.**

4         The fifth factor concerns the efficiency of the forum. In evaluating this factor, the Ninth

5    Circuit has historically looked primarily at where the witnesses and the evidence are likely to be

6    located.  *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993).

7         Here, it is true that most witnesses are located outside the United States.   However, there

8    is no consistency amongst their locations.  Plaintiff is in Japan, with a primary witness in Mexico,

9    and Defendants are in Hong Kong and Canada.  Thus, regardless of where litigation occurs, most

10   participants will need to deal with litigating from outside the forum.  Further, as referenced in

11   Section  __, above, the efficiency this District has developed in video conferencing trials

12   significantly (if not totally) reduces the lack of efficiency for out of forum witnesses.

13        Defendants are plainly wrong that all evidence is located outside the United States.  For all

14   times material to this lawsuit, Defendants utilized Gorilla Servers and Cloudflare for both storage

15   and delivery of content on ThisAV.com, including Will Co.'s copyrighted works.  These United

16   States entities will therefore have key evidence regarding key aspects of this case, including but

17   not limited to usage and storage logs, processes, users, user information, and viewing activity of

18   the infringed content. In conjunction with the actual United State copyright registrations, virtually

19   all documentary evidence relevant to the claims herein is located in the in the United States.

20        Given the ease of videoconferencing witness testimony at trial, that the documentary

21   evidence Plaintiff will rely upon resides in the United States, and that it is United States copyrights

22   and copyright law at issue, the United States is in fact the most efficient forum to address this

23   controversy.

24   \\\

25   \\

26   \

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN
OPPOSITION TO MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION [NO. 3:20-cv-05802-
BHS]
  - 10

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

**F. Importance of the Forum to Plaintiff's Interest in Convenient and Effective Relief.**

The sixth factor considers the importance of the forum to Plaintiff interest in convenient and effective relief.  Here, contrary to Defendants' assertion, the United States judicial forum is crucial to getting convenient and effective relief.  (Defendant fails to consider there may have been a reason to file this case in the United States).   United States copyrights have been infringed by display in the United States from United States servers expressly aimed at the United States market. In addition to key evidence being located in the United States, it is complex United States laws that are at issue regarding infringements of United States copyrights.

It is clearly more convenient and efficient to obtain evidence from Gorilla Servers and Cloudflare with the use of United States subpoenas issued from United States Courts.  Moreover, United States federal judges are in a far better position to effectively apply United States Copyright law.

The United State forum is crucially important to Will Co.'s claims.  This factor weighs in favor of jurisdiction.

**G. Existence of an Alternative Forum.**

The seventh and final factor is the existence of another forum for Will Co. to bring this action.  The question is not whether Will Co. would not prefer a forum but whether the claims would be precluded in another forum.  *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993)

Here, the only potentially viable forums would be Japan, Hong Kong, and Canada – the place where the respective parties are currently located.  The problem with each of these forums is that the tort alleged in the lawsuit did not occur in those forums and courts in those forums, though respecting other copyrights, cannot present redress for tortious conduct which occurred in another county.  It cannot be lost that Will Co. alleges that the tort of copyright infringement occurred here,

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN
OPPOSITION TO MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION [NO. 3:20-cv-05802-
BHS]
- 11

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  in the United States.  There simply is no other jurisdiction which can adjudicate these particular

2  allegations.

3      Thus, the seventh factor also weighs in favor of jurisdiction.

4

5                              **H.  CONCLUSION**

6      For the reasons stated herein, it is respectfully requested that the Court deny Defendants'

7  motion to dismiss for lack of personal jurisdiction.

8      RESPECTFULLY SUBMITTED this 30th day of January 2023.

9

10                          **FREEMAN LAW FIRM, INC.**

11                          _____/s/ Spencer D. Freeman_____
                            Spencer D. Freeman, WSBA #25069
12                          Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN                    **FREEMAN LAW FIRM, INC.**
OPPOSITION TO MOTION TO DISMISS FOR LACK                   1107 ½ Tacoma Avenue South
OF PERSONAL JURISDICTION [NO. 3:20-cv-05802-                      Tacoma, WA 98402
BHS]                                                   (253) 383-4500 - (253) 383-4501 (fax)
   - 12