**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan, Plaintiff, | **Case No.** **3:20-cv-05802-BHS** |
| vs. | |
| KA YEUNG LEE, an individual; YOUHAHA MARKETING AND PROMOTION LIMITED, a foreign company; and DOES 1-20, d/b/a THISAV.COM | |
| Defendants | |

## DEFENDANTS' SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### Introduction

Despite acknowledging the appropriate seven-part test to be applied in the *final* phase of the constitutional analysis of whether a court may properly exercise personal jurisdiction over foreign defendants (i.e., the fair play and substantial justice factors), Plaintiff spends the early part of its Opposition retreading old arguments from the earlier phases of the analysis and then misapprehends the importance and focus of the proper factors for consideration. In further support of its motion to dismiss for lack of personal jurisdiction, defendants state as follows.

**<u>Argument</u>**

As discussed previously, "in determining whether the exercise of jurisdiction over a nonresident defendant comports with 'fair play and substantial justice,' [the court] must consider seven factors: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1487-88 (9th Cir. 1993).  No one factor is dispositive in itself and, instead, the Court balances all seven factors.  *Id.*

In the present case, the balancing of these factors quite clearly indicates that an exercise of personal jurisdiction over the Defendants in this case would not comport with fair play and substantial justice.

I.  The Extent of Interjection in the Forum

As first noted in Defendants' Supplemental memorandum, the extent to which Defendants had ever "interjected" themselves into the forum was minimal and amounted to little more than entering into contracts with a server company, Gorilla Servers, and a Content Delivery Network ("CDN") company, Cloudflare, located in the United States. As noted, each of these contracts was entered into from Hong Kong and neither has continued into the present.  In April of 2021, after Gorilla Servers suffered a fire that temporarily disabled its servers, YMP decided to move its hosting to a server company in the Netherlands and YMP recently shut down the ThisAv.com website, meaning that it also no longer utilizes the services of Cloudflare or any other U.S.-based company.

1    Plaintiff, however, attempts to discount the lack of any current or ongoing connections to

2    the forum as "irrelevant" to the Court's inquiry.  Nothing could be further from the truth.  Courts

3    within this circuit have considered a lack of *continuing* contacts as relevant to one or more of the

4    seven factors to be considered.  *See, e.g., Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482,

5    1488 (9th Cir. 1993)(discussing the extent of "continuing contacts" and "ongoing connection[s]"

6    as relevant to both of the first two factors); *Baker v. Wehinger,* 2021 U.S. Dist. LEXIS 78874, at

7    *14 (C.D. Cal. Mar. 5, 2021)(discussing an "ongoing connection" as being relevant to the second

8    and third factors).  The same holds true here: Defendants' connections with the United States

9    were never significant and the elimination of even those minor connections counsels against an

10   exercise of personal jurisdiction.

11       II.    <u>The Burden on the Defendants</u>

12   Defendants here are a Hong Kong resident individual (who has never even visited the

13   United States and who does not hold a visa that would allow him to visit the United States) and a

14   Hong Kong corporation with no employees, property, or ongoing connections to the United

15   States.  As argued in Defendants' Supplemental Memo, the burdens on Defendants in litigating

16   in the United States would be great and the cases make clear that the factor is to be given

17   substantial weight.

18       In response, Plaintiff argues that – particularly in the wake of the COVID pandemic – the

19   Ninth Circuit has become adept at utilizing online resources to conduct hearings and even trials.

20   According to Plaintiff, "there literally is not one aspect of litigation that cannot be handled via

21   electronic transmissions…"  Supplemental Opposition, p. 8.

22       It is worth articulating explicitly what Plaintiff hints at in its brief: Plaintiff argues that

23   this Court should declare the extensive precedent of the Ninth Circuit, this Court, and other

24   Courts within this circuit to be swept aside because – in its view – any litigation can be

1   conducted anywhere in the world.  Plaintiff is urging that this Court, on its own accord, overrule

2   all existing precedent and declare the second factor of the Ninth Circuit's test to be dead law.

3   Certainly, if the Ninth Circuit believed this to be true, it had ample opportunity over the last three

4   years to declare a new "six factor" test and yet it has not chosen to do so.  Indeed, the present

5   case in which not a single party to this litigation is located within the United States (and all of the

6   parties are located in Asia), seems to be a particularly poor vehicle for such a wholesale revision

7   of Ninth Circuit precedent.

8        Moreover it seems odd to suggest that this Court (or any U.S. Court) should set itself up

9   as the hub for litigation amongst foreign parties, concerning actions taken (if at all) entirely

10  oversees, whose effects were felt (if at all) primarily in Asia.  The fact that any trial in the world

11  *could be* conducted in any location via Zoom, does not mean that it *should be*.

12       III.    The Extent of Conflict With the Sovereignty of the Defendants' State

13       In their Supplemental brief, Defendants cited to extensive caselaw standing for the oft-

14  repeated proposition that "great care and reserve should be exercised when extending our notions

15  of personal jurisdiction into the international field."  *See, e.g., Asahi Metal Indus. Co., Ltd. v.*

16  *Superior Court of Cal.*, 480 U.S. 102, 115 (1987).  Plaintiff does not dispute this assertion, but

17  responds that sovereignty concerns are less significant when the Defendants have significant

18  connections to the United States.  And, while this is a partially correct statement, it should be

19  noted, again, that Defendants lack any significant ties to the United States.  Moreover, Plaintiff's

20  assertion is incomplete: as this Court has held. the Court may consider the foreign nation's

21  sovereignty concerns as less compelling when the Defendants have significant *ongoing*

22  connections to the United States.  *Perkumpulan Inv'r Crisis Ctr. Dressel - WBG v. Wong,* 2012

23  U.S. Dist. LEXIS 202548, at *19-23 (W.D. Wash. Apr. 6, 2012)("In line with *Asahi*, the Ninth

24  Circuit has cautioned that 'litigation against an alien defendant creates a higher jurisdictional

1  barrier than litigation against a citizen from a sister state because important sovereignty concerns

2  exist.' ...Such concerns are heightened where the defendant has no U.S.-based

3  relationships. ...Here, Mr. Ho is a Chinese national and a resident of Hong Kong with no

4  **enduring** connection to the United States. This factor therefore weighs in his favor as

5  well")(emphasis added).

6         In the present case, Defendants are a Hong Kong individual and a Hong Kong

7  corporation whose actions were undertaken entirely from within Hong Kong.  Their

8  "connections" to the United States were meager to begin with and are now non-existent.  Clearly,

9  the sovereignty concerns of Hong Kong counsel against an exercise of personal jurisdiction.

10         IV.     The Forum's Interest In Adjudicating the Dispute.

11         Here too, Plaintiff fails to counter Defendants' argument that the forum has little interest

12  in adjudicating the present dispute.  As the numerous cases cited in Defendants' Supplemental

13  Memo indicate, a forum has only minimal interests in adjudicating disputes where the Plaintiff is

14  not itself a resident of the forum.  This is not to say that the United States has *no* interest at all in

15  a dispute involving U.S. copyrights, but such interests are minimal where: the plaintiff is a

16  foreign corporation; the defendants are a foreign corporation and a foreign individual; and any

17  actions taken by the defendants were taken in Hong Kong.  Indeed, although Plaintiff did not

18  specifically allege in its Complaint any actual downloading of its works from within the United

19  States, from a pure statistical analysis, any such downloading that *might* have occurred within the

20  United States was *de minimus.*  Specifically, Plaintiff only alleges that thirteen (13) of its videos

21  appeared on ThisAv.com website.  The website hosted more than 221,400 videos, meaning that

22  Plaintiff's videos represented only 0.0059% of the total number of videos on the website.  Even

23  if the website was visited by 1.3 million U.S. residents during a one-year period, then, Plaintiff's

24  videos may have been viewed approximately 77 times during that period.   That is 77 possible

4

1  views on a website that received more than 28.2 million views annually.  It is hard to imagine a

2  jurisdiction with *less* of an interest in adjudicating the present dispute and, as such, this factor

3  counsels against an exercise of personal jurisdiction over the Defendants.

4      V.      **Most Efficient Judicial Resolution Of The Controversy**

5          Plaintiffs admit in their Opposition both that this factor looks primarily at where the

6  witnesses and evidence are likely to be located and that most of the potential witnesses are

7  located outside of the United States. Nevertheless, Plaintiff contends that ***any*** jurisdiction in the

8  world would have its problems since the witnesses and evidence are not all located in a single

9  country.  This argument misses the point.  Plaintiff claims that it has potential witnesses in Japan

10  and Mexico.  Plaintiff also notes that there are potentially third party documents located in the

11  United States.  But the question to be considered is not whether there is a jurisdiction that holds

12  *all* of the witnesses and evidence; the question to be considered in this factor is whether the

13  United States is the *most* efficient jurisdiction.  Indisputably, it is not.  Both of the Defendants

14  are located in Hong Kong.  Every action that Defendants took in connection with the website,

15  they undertook from Hong Kong.  Every document in Defendants' possession, is located in Hong

16  Kong.  Of the possible jurisdictions where Defendants might be subject to personal jurisdiction,

17  there is no question but that jurisdiction lies in Hong Kong.  All told, then, the most efficient

18  jurisdiction is clearly Hong Kong.

19      VI.     Importance of the Forum to Plaintiff's Interest in Convenient and Effective Relief.

20          Preliminarily "the Ninth Circuit has discounted this factor, holding that 'the plaintiff's

21  convenience is not of paramount importance.'"  "*Perkumpulan Inv'r Crisis Ctr. Dressel – WBG,*

22  *supra* at *23.  Putting that aside, however, the Plaintiff provides no reason why the United States

23  offers it – a Japanese company headquartered in Tokyo – more convenient and effective relief

24  than would the Courts of, say, Hong Kong (or Japan for that matter).  Instead, Plaintiff does no

more than make conclusory statements that the United States is "crucial" to Plaintiff because, it argues, United States Courts will be better at applying U.S. Copyright law.  But this ignores the simple fact that – just as U.S. Courts routinely apply foreign law where appropriate – foreign courts can and do apply U.S. law when appropriate.  Simply repeating the word "crucial" does not actually mean that the Plaintiff has a legitimate argument as to why the United States would provide it the most convenient and effective relief, it simply reflects the Plaintiff's desire to litigate in the United States.  As the cases cited in Defendants' Supplemental Memo make clear, such a desire does not satisfy this factor.

VII.    Existence of an Alternative Forum

Finally, it is the *Plaintiff's* burden to show the absence of an alternative forum for the resolution of the present case.  And, although Plaintiff admits that Japan and Hong Kong are two possible alternative forums, it then asserts, without a shred of evidence in support, that neither jurisdiction can adjudicate Plaintiff's claims because Plaintiff alleges that the alleged infringement took place in the United States (based solely on the location of servers within the United States).  Such unsupported assertions do not meet Plaintiff's burden.  Defendants are located in Hong Kong, are amenable to service of process in Hong Kong, ran the website from Hong Kong, made all of the relevant decisions in Hong Kong, and effectuated all acts in connection with the website from Hong Kong.  Clearly, an alternative forum exists.

**Conclusion**

For the reasons stated hereinabove; in Defendants' original Motion to Dismiss and Reply; and Defendants' Supplemental Memorandum, an exercise of personal jurisdiction over the Defendants would be unreasonable and would not comport with the Due Process requirements of the Constitution.  As such, Defendants' Motion to Dismiss for lack of personal jurisdiction should be allowed.

DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1

2

**Respectfully Submitted:**

3

/s/ Philip Mann
Philip P. Mann, Esq. (WSBA No. 28860)

4

**Mann Law Group PLLC**
403 Madison Ave. N, Ste. 240

5

Bainbridge Island, WA 98110
Tel: 206-463-0900

6

Email: phil@mannlawgroup.com

7

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)

8

CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505

9

Boston, Massachusetts 02116
Telephone: 617-426-0000

10

Facsimile: 617-423-4855
Evan@CFWLegal.com

11

/s/ Valentin Gurvits

12

Valentin D. Gurvits (*pro hac vice*)
Frank Scardino (*pro hac vice*)

13

BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20

14

Newton Centre, Massachusetts 02459
Telephone: 617-928-1804

15

Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com

16

frank@bostonlawgroup.com

17

**Attorneys for Defendants**

18

19

Dated: February 6, 2023

20

21

22

23

24

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on February 6, 2023, I served the foregoing document on counsel of record through the ECF filing system.

<u>/s/ Evan Fray-Witzer</u>

DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION