UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILL CO., LTD, <br><br> Plaintiff, <br><br> v. <br><br> KA YEUNG LEE, et al., <br><br> Defendants. | CASE NO. C20-5802 BHS <br><br> ORDER |

This matter comes before the Court on Defendants Ka Yeung Lee and Youhaha Marketing and Promotion Limited's Motion to Dismiss, Dkt. 18, and the Ninth Circuit's opinion reversing the Court's order granting that motion and remanding the cause for further proceedings, Dkts. 36, 39. This Court granted Defendants' motion to dismiss for lack of personal jurisdiction, concluding that Plaintiff Will Co. failed to establish that Defendants purposely directed their activities to the United States. Dkt. 30. The Ninth Circuit reversed that ruling, concluding that Defendants purposely directed their online activities to U.S. consumers, and remanded the cause for the Court to consider the remaining elements of personal jurisdiction. Dkts. 36, 39.

ORDER - 1

# I. BACKGROUND

Will Co. is a Tokyo, Japan-based adult entertainment company that sells access to its content in the United States. Dkt. 9, ¶ 1. Will Co. alleges that it targets the United States market for the purposes of selling paid memberships to access its content. *Id.* ¶¶ 6, 31. Will Co. has registered copyrights for its videos and photographs in the United States, some of which are the basis of this lawsuit. *Id.* ¶¶ 34–36.

Will Co. alleges that Defendants own and operate ThisAV.com and that, between June and July 2020, it discovered that ThisAV.com displayed thirteen of its copyright registered works. *Id.* ¶ 61. It alleges that it sent take down notices to ThisAV.com pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(c), and that receipt was acknowledged but none of Will Co.'s content was removed. Dkt. 9, ¶¶ 62–63. Will Co. thus brings claims for copyright infringement and inducement of copyright infringement pursuant to 17 U.S.C. §§ 101, *et seq. Id.* at 11–14.

Lee is a director of Youhaha and a permanent resident of Hong Kong. Dkt. 18-1, ¶¶ 3–4, 6–8; *see also* Dkt. 43-1, ¶ 3. He declares that the allegedly infringing files are user generated content and that he did not upload the files. Dkt. 18-1, ¶¶ 3–4. He also now claims that ThisAV.com is no longer operational. Dkt. 43-1, ¶ 5.

Youhaha is a limited company registered in Hong Kong and was the owner and operator of ThisAV.com. Dkt. 18-2, ¶¶ 1–2. Youhaha is operated exclusively out of Hong Kong. *Id.* ¶ 3. Like Lee, Youhaha asserts that it did not create or upload any of the allegedly infringing videos and that all videos on ThisAV.com were uploaded by the

website's users. *Id.* ¶ 4. Youhaha further asserts that it did not have any commercial relationships with any of the users of ThisAV.com. *Id.* ¶ 9.

Youhaha asserts that, from April 1, 2020, through June 30, 2020, approximately 4.6 percent of the user traffic of ThisAV.com came from the United States. *Id.* ¶ 56; *see also* Dkt. 18-3. ThisAV.com had nearly 1.3 million website visitors from the United States during this time period. *See* Dkt. 18-3. Approximately 95.4% of users during the April through June 2020 timeframe were based in Japan, Taiwan, and Hong Kong. Dkt. 18-2, ¶¶ 57–58; *see also* Dkt. 18-3. From March 1, 2020, through February 28, 2021, approximately 3.9 percent of the user traffic of ThisAV.com, amounting to 4.5 million visitors, came from the United States. Dkt. 18-2, ¶ 59; *see also* Dkt. 18-4. Most users in that time frame were based in Japan, Taiwan, and Hong Kong. Dkt. 18-2, ¶ 59; *see also* Dkt. 18-4.

Youhaha also had some business connections to the United States. ThisAV.com's servers were hosted by Gorilla Servers, Inc., which is based in Ogden, Utah. Dkt. 18-2, ¶¶ 14–15. ThisAV.com also utilized Cloudflare.com, a U.S.-based company, as a content delivery network. Dkt. 21 at 6.

The Court previously granted Defendants Lee and Youhaha's motion to dismiss the complaint for lack of personal jurisdiction, concluding that Will Co. failed to establish that Lee and Youhaha purposely directed their online activities at the United States. Dkt. 30. Will Co. appealed, Dkt. 32, and the Ninth Circuit reversed this Court's ruling on purposeful direction and remanded the cause for this Court to consider the remaining elements of specific personal jurisdiction, Dkts. 36, 39; *see also Will Co., Ltd.*

ORDER - 3

*v. Lee*, 47 F.4th 917 (9th Cir. 2022). The Ninth Circuit concluded that Defendants purposefully directed their online activities to the United States by intentionally targeting U.S. consumers. The parties filed supplemental briefing only on the third element: reasonableness. Dkts. 43–45. The Court interprets the lack of argument on the second element as a concession that it is met and therefore declines to address it.

## II.  DISCUSSION

Personal jurisdiction exists in two forms: general and specific. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). For specific jurisdiction, which is at issue here, the Ninth Circuit applies a three-prong test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). First, the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum." *Id*. Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities." *Id*. Finally, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Id*. Only the third prong remains at issue in this case.

If the plaintiff establishes the first two factors, the defendant "'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable' in order to defeat personal jurisdiction." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985)). To determine whether the exercise of jurisdiction is reasonable, courts consider seven factors:

>(1) The extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1021 (9th Cir. 2002). The court must balance all seven factors; "no single factor is dispositive." *Id.*

### A.     Extent of Interjection

Defendants argue that their interjection into the U.S. was "minimal," relying on the fact that they were never physically present in the U.S. and that neither of them had "substantial continuing contacts with the United States." Dkt. 43 at 4. Specifically, Defendants assert that their only contacts with the U.S. were contracts with a server company and a content delivery network company which were both located in the U.S. *Id.* Defendants entered into those contracts from Hong Kong and they no longer use either service or operate ThisAV.com. *Id.* at 4–5.

Will Co.'s argument relies on the Ninth Circuit's opinion which focused on a few relevant facts. First, that Defendants' contracts with U.S.-based companies provided better and faster access to U.S. consumers. Dkt. 44 at 6. Second, that Defendants' intent in targeting the U.S. market was clear because they "expressly state[d] that the lawful viewing of their web site is warranted only in the United States" and because they expressly complied with and referred to U.S. laws on ThisAV.com without referencing any other country's laws. *Id.* at 6–7. As to Defendants terminating their relationships with the two U.S.-based companies, Will Co. argues that is "irrelevant when considering

whether jurisdiction exists over the infringement of Will Co.'s copyrights" because personal jurisdiction must be assessed at the time of the infringement. *Id.* at 5–6 n.1.

Defendants reply that their lack of ongoing contacts with the U.S. is significant and "counsels against an exercise of personal jurisdiction." Dkt. 45 at 3.

This factor is similar to purposeful direction, but "the degree of interjection is nonetheless a factor in assessing the overall reasonableness of jurisdiction." *Harris Rutsky*, 328 F.3d at 1132. As explained by the Ninth Circuit, ThisAV.com "earned considerable revenue from [the U.S.] market," the website was hosted on servers in the U.S., and Defendants chose to purchase content delivery network services for North America. Dkt. 36 at 15. The latter two facts reduced the site's latency for U.S. consumers, suggesting that Defendants intended to target the U.S. *Id.* at 17. Moreover, ThisAV.com specifically addressed U.S. law and its compliance with that law to the exclusion of other countries' laws. *Id.* at 17–18.

As to Defendants' argument that they no longer have any contacts with the U.S., specific personal jurisdiction is "based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). While their lack of an ongoing relationship with the U.S. may be relevant to some of the reasonableness factors, such as the burden of litigating in the U.S., that does not diminish their purposeful interjection into the country in relation to these claims. This factor weighs in favor of Will Co.

**B.      Burden on Defendants**

Defendants argue that litigating the case in the United States would be burdensome because they have no ongoing connection to the U.S.; none of the parties, potential witnesses, or exhibits are located in the U.S.; and Lee does not have a visa that would allow him to travel to the U.S. Dkt. 43 at 6.

Will Co. argues that modern technology "significantly reduce[s] the burden of litigating in another country." Dkt. 44 at 7 (citing *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993)). It asserts that all aspects of litigation, including discovery, depositions, and trial, can be conducted electronically and remotely, as demonstrated during the COVID-19 pandemic. *Id.* at 7–8.

Defendants reply that Will Co.'s argument suggests that this factor should be disregarded because we now have the technology to conduct litigation virtually. Dkt. 45 at 3–4. They assert that such a ruling would "overrule all existing precedent and declare the second factor of the Ninth Circuit's test to be dead law." *Id.* at 4.

"The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal*, 480 U.S. 102, 114 (1987). The burden is "particularly great" when the defendants "have no ongoing connection or relationship with the United States." *Core-Vent Corp.*, 11 F.3d at 1488.

The Court generally agrees with Defendants on this point. Will Co.'s argument would effectively eliminate this factor and the law regarding nonconsensual use of

remote trials post-COVID is not well developed. Defendants have no ongoing relationship with the U.S. and the burden of litigating this lawsuit in the U.S. would significantly burden them. This factor weighs slightly in favor of Defendants.

C.      **Extent of Sovereignty Conflict**

Defendants argue that "sovereignty issues strongly counsel against the exercise of personal jurisdiction" because both defendants are from, located in, and acted from only Hong Kong. Dkt. 43 at 9.

Will Co. argues that Defendants fail to acknowledge their relationships with the United States, which include: (1) a contract with a U.S. server company; (2) hosting ThisAV.com in the U.S.; (3) a contract with a U.S. content delivery company; (4) a contract with a U.S. registrar; and (5) directing advertising to the U.S. Dkt. 44 at 8–9.

Defendants reiterate that they "lack any significant ties to the United States" and that any ties they did have are not ongoing. Dkt. 45 at 4.

"The factor of conflict with the sovereignty of the defendant's state is not dispositive because, if given controlling weight, it would always prevent suit against a foreign national in a United States court." *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988) (internal quotation omitted). Nevertheless, "litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist." *Id.*

While Defendants have no ongoing relationship with the U.S., they personally targeted U.S. consumers through ThisAV.com and engaged in alleged violations of U.S. copyright law. This is not a run-of-the-mill contract dispute or tort claim; rather, Will Co.

alleges violations of United States law. Thus, while Hong Kong "clearly has an interest in resolving disputes that involve its citizens," *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1333 (9th Cir. 1984), Hong Kong has little, if any, interest in upholding and adjudicating U.S. copyright law. This factor weighs in favor of Will Co.

**D.    Forum State's Interest**

Defendants argue that, because no party is located in the United States, the U.S. has little interest in this dispute. Dkt. 43 at 10.

Will Co. argues that the United States has a clear and strong interest in addressing U.S. copyright infringement. Dkt. 44 at 9–10.

Defendants reply that, while the U.S. may have an interest in adjudicating disputes involving U.S. copyrights, that interest is minimal where all parties are foreign citizens and the defendants operated only in Hong Kong. Dkt. 45 at 5. Further, Defendants argue that any downloading of the subject videos in the U.S. was *de minimis*. *Id.*

"A forum has only a weak interest in a lawsuit when a nonresident sues in its courts." *Perkumpulan Investor Crisis Center Dressel—WBG v. Danny M.K. Wong*, No. 09-cv-1786 JCC, 2012 WL 13024801, at *7 (W.D. Wash. Apr. 6, 2012). Nevertheless, the United States has an interest in deciding the application of its own laws. *Cf. Gates*, 743 F.2d at 1336 (noting in the context of forum non conveniens that the forum state had "an interest in interpreting its own laws").

Although neither Will Co. nor Defendants reside in the U.S., Will Co. lawfully obtained U.S. copyrights and now alleges Defendants violated those copyrights in the

United States. The U.S. has a distinct interest in the adjudication and upholding of its own laws. This factor thus weighs in favor of Will Co.

**E.   Efficiency**

Defendants argue that the U.S. would be the least efficient possible forum for this dispute because the parties, witnesses, and evidence are all located elsewhere, and the alleged harm did not occur in the U.S. Dkt. 43 at 11.

Will Co. argues that, regardless of where the dispute is adjudicated, "most participants will need to deal with litigating from outside the forum" because none of the parties and witnesses are in the same location. Dkt. 44 at 10. Further, Will Co. argues that the evidence is in the U.S. because Defendants used U.S.-based companies for storage and delivery of their website's content. *Id.*

Defendants reply that, because both defendants are located in Hong Kong,[1] their documents are located in Hong Kong, and they took action only in Hong Kong, the most efficient jurisdiction is Hong Kong. Dkt. 45 at 6.

In determining the efficiency of the forum, courts look primarily at "where the witnesses and evidence are likely to be located." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 129 (9th Cir. 1995). Although the Court is somewhat less persuaded by Will Co.'s argument in addressing the burden on Defendants that technology significantly reduces the import of distance on the litigation costs, it can substantially assist in obtaining efficiencies. Moreover, while it is true that no party is located in the U.S., they

---

[1] While Lee was a Canadian resident when Defendants filed their motion to dismiss, he is now living in Hong Kong. *See* Dkt. 43-1, ¶ 3.

are not otherwise in a common location. Some evidence and witnesses are located in Hong Kong, but some evidence and witnesses are also located in the U.S. because ThisAV.com used a U.S.-based server company and a U.S.-based content delivery network company. This factor is therefore largely neutral.

**F.     Importance of the Forum to Plaintiff**

Defendants argue that "there is no actual convenience to the Plaintiff in litigating in the United States." Dkt. 43 at 12. They point to the fact that Will Co. is a Japanese company, headquartered in Tokyo. *Id.*

Will Co. argues that "the United States judicial forum is crucial to getting convenient and effective relief" because complex U.S. laws are at issue and because key evidence is located in the U.S. Dkt. 44 at 11.

Defendants argue that foreign courts are equipped to apply U.S. law when appropriate and that Will Co. must establish more than just a desire to litigate in the United States to satisfy this factor. Dkt. 45 at 7.

This factor has been repeatedly discounted by the Ninth Circuit: "the plaintiff's convenience is not of paramount importance." *Dole Food Co.*, 303 F.3d at 1116; *see also, e.g.*, *Caruth*, 59 F.3d at 129. Will Co. is not a U.S. resident; its only connection to the U.S. that it has identified are its copyrights. Nevertheless, the United States has an interest in the enforcement of its own intellectual property laws that other jurisdictions lack. This factor is neutral.

**G.     Existence of Alternative Forum**

Defendants argue that Will Co. failed to prove the unavailability of an alternative forum. Dkt. 43 at 12–13. They assert that they are both located in Hong Kong and "are amenable to service there." *Id.* at 13.

Will Co. argues, without support, that no other jurisdiction can adjudicate its claims because the alleged tort occurred in the United States. Dkt. 44 at 11–12.

Defendants reply that Will Co.'s "unsupported assertions" that the alleged infringement occurred in the U.S. does not satisfy its burden to show the unavailability of Hong Kong as an alternative forum. Dkt. 45 at 7.

Will Co. bears the burden of proving the unavailability of an alternative forum and it failed to prove it would be precluded from suing Defendants in Hong Kong. *Core-Vent Corp.*, 11 F.3d at 1490. This factor therefore weighs in favor of Defendants.

*** 

On balance, the reasonableness factors weigh in favor of Will Co. Defendants failed to carry their burden to show that the Court exercising jurisdiction over them in this dispute would be unreasonable and the Court concludes that exercising jurisdiction in this case is reasonable. The motion to dismiss is therefore denied.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants Ka Yeung Lee and Youhaha Marketing and Promotion Limited's Motion to Dismiss for lack of personal jurisdiction, Dkt. 18, is **DENIED**. Lee and Youhaha shall be reinstated as Defendants in this action.

The parties shall meet and confer and file an updated **JOINT STATUS REPORT** suggesting a new scheduling order.

Dated this 7th day of April, 2023.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge