1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

WILL CO. LTD. a limited liability company
organized under the laws of Japan,

               Plaintiff,

      vs.

KA YEUNG LEE, an individual; YOUHAHA
MARKETING AND PROMOTION
LIMITED, a foreign company; and DOES 1-
20, d/b/a THISAV.COM,

            Defendants.

**Case No.:  3:20-cv-05802-BHS**

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED
COMPLAINT AND MEMORANDUM
OF POINTS AND AUTHORITIES**

NOTE FOR MOTION:
May 10, 2024

        Plaintiff, Will Co. Ltd (hereinafter "Will Co." or the "Plaintiff") Moves for motion to

amend their First Amended Complaint (hereinafter this "Motion") in the above -captioned case

through its counsel, Spencer D. Freeman, The Freeman Law Firm, Inc.  and A. Eric Bjorgum of

Karish & Bjorgum, PC (*pro hac vice* application forthcoming).

## I.    INTRODUCTION

        Pursuant to Fed. R. Civ. P. 15(a) and Fed. R. Civ. P. 20, Plaintiff Will Co. respectfully

PLAINTIFF'S MOTION FOR LEAVE TO AMEND  - 1

[NO. 3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

requests the Court's leave to amend its First Amended Complaint to add newly discovered websites and to include claims for federal trademark infringement and unfair competition, dilution and related Washington State law claims.

A true and correct copy of the proposed amended complaint is included as Attachment A to the Declaration of Bjorgum submitted herewith.  A true and correct copy of a redlined version is attached as Exhibit B.

## II.     FACTUAL BACKGROUND

Plaintiff is an award-winning Japan based entertainment company which includes a vast library of full-length adult entertainment movies offered for viewing in a fee-based model. Plaintiff has filed for and obtained copyright registrations with the U.S. Copyright Office.  Will Co. produces content that is available through dozens of well-known brands.  Through these brands, the content is purchased through a single exclusive licensing agreement with Japan-based DMM via its online sales portal and through DVD sales.  In the Complaint and First Amended Complaint ("FAC"), Will Co. sought to protect its copyrighted audiovisual works from blatant infringement by Defendants in the United States.

In response to the FAC, Defendants brought a motion to dismiss for lack of personal jurisdiction.  That motion was initially successful, but on appeal, the Ninth Circuit reversed and announced standards that expanded personal jurisdiction in the realm of Internet-based claims. Defendants' infringing website operated at the domain ThisAV.com.  In recent months, new "mirror" sites have arisen that are nearly identical to ThisAV.com is every respect, including code.   Furthermore, these sites have all been using Plaintiff's famous brands, which are protected by service marks and trademarks (the "Marks").  The Marks are registered in Japan and subject to common law protection in the United States.  These uses of Plaintiff's Marks are likely to cause confusion as to source, sponsorship and affiliation with Plaintiff and are thus actionable under the

1    Lanham Act and related state law claims.  Due to the fame of Plaintiff's Marks, these uses are

2    also actionable as dilution.

3

4    **III.    ARGUMENT**

5         **A.    Courts should freely grant leave to amend and to join parties.**

6         "The court should freely give leave" for a party to amend its pleading when justice so

7    requires. Fed. R. Civ. P. 15(a). "Rule 20, Fed.Rules Civ.Proc., regarding permissive joinder is

8    to be construed liberally in order to promote trial convenience and to expedite the final

9    determination of disputes, thereby preventing multiple lawsuits." 4 J. Moore, et al., Moore's

10   Federal Practice, §20.02[1J[a], p. 20-5, (3d. ed. 2011) (citing League to Save Lake Tahoe v.

11   Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977)).

12        "The Supreme Court has instructed the lower federal courts to heed carefully the

13   command of Rule 15(a), F.R.Civ.P., by freely granting leave to amend when justice so

14   requires." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). A court's decision on

15   granting leave to amend must be guided by the strong federal policy favoring the disposition of

16   cases on the merits. *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)

17   ("(w]here the underlying facts or circumstances of a case 'may be a proper subject of relief, [a

18   plaintiff] ought to be afforded an opp01iunity to test his claims on the merits.'").

19        In exercising this discretion, a court must be guided by the underlying purpose of Rule

20   15 to facilitate decision on the merits, rather than on the pleadings or technicalities. See *Conley*

21   *v. Gibson*, 355 U.S. 41, 47-48 (1957). Accordingly, Rule 15's policy of favoring amendments

22   to pleadings should be applied with "extreme liberality." *United States v. Webb*, 655 F.2d 977,

23   979 (9th Cir. 1981) (quoting *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir.

24   1960) (per curiarn)).

25        Courts consider four factors when determining whether to allow amendment of a

26   pleading: prejudice to the opposing party, undue delay, bad faith, and futility. *See Forsyth v.*

PLAINTIFF'S MOTION FOR LEAVE TO AMEND  - 3

[NO. 3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1   *Humana*, 114 F.3d 1467, 1482 (9th Cir. 1997); *DCD Programs*, 833 F.2d at 186; *see also*

2   *Foman v. Davis*, 371 U.S. 178, 182 (1962). These factors are not equally weighted; the

3   possibility of delay alone, for instance, cannot justify denial of leave to amend. *See DCD*

4   *Programs*, 833 F.2d at 186; Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079

5   (9th Cir. 1990). The single most important factor is whether prejudice would result to the

6   nonmovant as a consequence of the amendment. *William Inglis & Sons Baking Co. v. ITT*

7   *Continental Baking Co.*, 668 F.2d 1014, 1053 (9th Cir. 1981).

8           Here, none of the above four factors are present. First and foremost, there is no

9   prejudice to Defendants. April 22, 2024 is the last day to file amended Pleadings, so this

10  motion is timely. The facts and claims in the proposed SAC arise from the common set of facts

11  outlined in the FAC with respect to the infringing websites.  The new websites are identical,

12  and the addition of the Lanham Act claims provides further remedies to the behavior already

13  alleged in the FAC.

14          Neither side here has commenced discovery, and discovery and other aspects of the

15  case will not be significantly different with the addition of the proposed SAC. Plaintiff does not

16  anticipate delay resulting from the amendment.  Because the factual and legal issues involving

17  the Defendants' piracy all relate to the same illegal and blatant copying of Plaintiff's works.

18  Discovery issues regarding the identity of Defendants, and the content of their websites, will be

19  identical between the FAC and SAC.

20          The final two factors in determining whether to grant leave to amend - bad faith and

21  futility - are inapposite here. Plaintiff seeks to amend its complaint in a good faith effort to

22  conserve judicial and party resources by joining all claims, parties and identical infringing

23  Websites in a single action.  This is necessitated by Defendants' illicit behavior.

24          Plaintiff should be allowed to amend its First Amended Complaint to identify additional

25  websites and include claims under the Lanham Act and related state law claims.

26  Joining the requested sites and allowing the additional claims will promote the goals of judicial

PLAINTIFF'S MOTION FOR LEAVE TO AMEND  - 4

[NO. 3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1   efficiency and avoid potentially inconsistent judgments that could result from trying multiple

2   separate cases involving the same set of facts.

3

4   **IV.    CONCLUSION**

5        For the foregoing reasons, the Plaintiff respectfully requests that the Court grant its

6   Motion for Leave to file a Second Amended Complaint.

7

8   DATED:  April 22, 2024

9                                                  **FREEMAN LAW FIRM, INC.**

10

11                              By: _____*s/ Spencer Freeman*_____
                                    Spencer D. Freeman, WSBA No. 25069
                                    1107 ½ Tacoma Avenue South
12                                  Tacoma, Washington 98042
                                    253-383-4500
13                                  253-383-45101 (fax)
                                    sfreeman@freemanlawfirm.org
14                                  sierra@freemanlawfirm.org
                                    *Counsel for Plaintiff Will Co. Ltd*
15
                                    **KARISH & BJORGUM, PC**
16

17                              By __*s/ A. Eric Bjorgum*_____

18                                  A. Eric. Bjorgum, CA State Bar No. 198392
                                    119 E. Union Street, Suite B
19                                  Pasadena, CA 91103
                                    (213) 785-8070
20                                  (213) 995-5010 (fax)
                                    eric.bjorgum@kb-ip.com
21                                  *Counsel for Will Co Ltd.*
                                    (Moving for Admission pro hac vice)
22

23

24

25

26

PLAINTIFF'S MOTION FOR LEAVE TO AMEND  - 5

[NO. 3:20-cv-05802-BHS]

# EXHIBIT A

# Proposed Second Amended Complaint Red-Lined

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan,<br><br>    Plaintiff,<br><br>    vs.<br><br>KA YEUNG LEE, an individual; YOUHAHA MARKETING AND PROMOTION LIMITED, a foreign company; and DOES 1-5 d/b/a THISAV.COM, MISSAV.COM, MYAV.COM, MISSAV789.com, VASSIM.COM, and John Does  6-20<br><br>    Defendants. | **Case No.:  3:20-cv-05802-BHS**<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Will Co. Ltd. (hereinafter referred to as "Plaintiff" or "Will Co.") by and through its counsel of record files this Complaint against Defendants Ka Yeung Lee, Youhaha Marketing and Promotion Limited, ~~and Does~~Doe 1-~~20~~, d/b/a THISAV.COM, MISSAV.COM, MYAV.COM, MISSAV789.com, VASSIM.COM, and John Does  2-20 (collectively hereinafter referred to as "Defendant" or "Defendants").

**PRELIMINARY STATEMENT**

1.     Will Co. is an award-winning Japan based entertainment company which includes a vast library of full-length adult entertainment movies offered for viewing in a fee-based model.  Will Co.

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 1

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1   sells access to its content ~~in the United States~~ and has filed for and obtained copyright registrations with

2   the U.S. Copyright Office.  It also owns dozens of trademarks and service marks registered in Japan.

3   Will Co. produces content that is available through dozens of well-known brands.  Through these

4   brands, the content is purchased through a single exclusive licensing agreement with Japan-based

5   DMM via its online sales portal and through DVD sales.  By this lawsuit, Will Co. seeks to protect its

6   copyrighted audiovisual works and trademark-related rights from blatant infringement by Defendants

7   in the United States.

8        2.    The conduct that gives rise to this lawsuit is egregious and willful.  Defendants own and

9   operate websites engaged in the business of copying and distributing infringing audiovisual works.

10  ~~Under the guise of acting as a distributor of "user-generated content," Defendants in fact~~Defendants

11  are directly and knowingly involved in the trafficking of thousands of pirated works – including many

12  works owned by Will Co.  Moreover, though Defendants are not "service providers," not engaged in

13  the storage of content at the direction of users, and thus ~~are~~ not entitled to any of the safe -harbors

14  afforded under Section 512 of the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. § 512),

15  Defendants do not comply with their obligations under the DMCA.  ~~Instead,~~Plaintiff has sent takedown

16  notices in attempts to remove over 1.5M links to infringing use of its works.  Defendants systematically

17  refuse to comply with proper and compliant DMCA takedown notices.

18      3.    Defendants earn income through driving traffic to their website(s) where they display a

19  variety of advertisements, including click-through links to live adult content.  In Japan, Plaintiff's adult

20  content is subject to stringent legal requirements, including adding "mosaics" (pixelated filters) to

21  certain content and also regulations that allow performers in adult video content to opt-out of

22  distribution of their content under certain conditions.  Further, Plaintiff's content is not currently

23  available in the United States via Internet streaming. These regulations increase the desirability of

24  Plaintiff's content and value of content coming from its authorized brands.  It also gives purchasers

25  assurance that the content is legal and is being created and distributed in accordance with Japanese law.

26

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 2

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

3.4.    Defendants' actions are causing serious harm to Will Co. and its business, including in the United States and must be put to a stop immediately.  Because Defendants will not do so voluntarily, Will Co. now comes before this Court seeking injunctive relief and substantial damages.

## JURISDICTION AND VENUE

4.5.    This is a civil action seeking damages and injunctive relief for copyrighttrademark infringement under 15 U.S.C. § 1051copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq..

5.6.    This Court has subject matter jurisdiction over Will Co.'s claims for copyright infringement and violation, violations of the Digital Millennium Copyright Act and violations of the Lanham Act pursuant to 28 U.S.C. §§ 1331 and 1338.

6.    While based in Japan, Will Co. intentionally target the United States market for purposes of selling membership to Will Co. paid membership web sites, granting a paying user access to view Will Co.'s content or from DVD sales.

7.    Will Co.'sThe Ninth Circuit has already determined that Defendants are subject to personal jurisdiction in the United States for copyright infringement.

7.    Plaintiff's videos are viewed by a specific niche market in the United States, and it is a niche with high demand.

8.    Yearly, Will Co. earns in excess While Plaintiff recently has been limiting the availability of $1M from U.S. Viewers based upon efforts to target its streaming videos to the United States market., DVDs are still sent to the United States, and Plaintiff has had years of prior use in the United States, resulting in millions of dollars of revenue and accumulated goodwill for its brands.

9.    Plaintiff has over 50 copyright registrations in the United States and has considered the United States key to its long-term marketing, branding, and sales strategy.

9.10.    To protectsprotect its business and interest in the United States market, Will Co. filed for and obtained copyright registrations for itscertain content with the United States Copyright Office. It also owns dozens of Japan-registered trademarks for video services and video goods. Will Co.'s

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 3

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1    brands also have significant value in the United States as sources for high-quality content that is

2    compliant with Japanese regulations.

3            ~~10.~~11.   Defendants Ka Yeung Lee, Youhaha Marketing and Promotion Limited, and Does 1-20

4    are currently unknown individual(s) and/or entity(ies) that own and operate ~~a website~~websites located

5    at the uniform resource locator ("URL") https://ThisAV.com ("ThisAV Web Site~~").~~") and the related

6    sites identified herein.

7            12.        ~~Defendant~~Long after this action was filed, Plaintiff became aware of other websites to

8    display the exact same content on the ThisAV Web Site.  Most of these websites have identical HTML

9    "source" code for the sites, affiliate links, and service providers.  These sites have proliferated so

10   quickly that Plaintiff is unable to keep track of all of them.  However, some of these additional

11   infringing sites include: (i) Missav.com; (ii) misav789.com; (iii) MyAV.com; (iv) VassIm.com; and

12   others ("Defendants' Websites").

13           13.   Defendants Does 1-20 act in concert with each other in the operation of ~~ThisAV Web~~

14   ~~Site.~~a network of infringing websites.

15           14.   Defendants knowingly and purposefully market to and target the entire United States,

16   including residents of this District, through ~~ThisAV Web Site~~Defendants' Websites.

17           15.   Based on a website analysis overview report prepared by Similarweb.com, an industry

18   trusted web site analytics company, dated July 2020 (the "SimilarWeb Report"), for the three-month

19   period ending June 30, 2020, ThisAV Web Site had 27.9 million visitors, with over a million in the

20   United States.

21           16.   When this case began, the ThisAV Web Site ~~is~~was hosted at GorillaServers, Inc. in the

22   United States.  Defendants ~~utilize~~utilized a Content Delivery Network ("CDN") with Cloudflare in the

23   United States. A CDN permits faster more efficient streaming of videos to a user far away from the

24   initial server. Thus, all videos viewed by United States viewers are delivered from a United States

25   server.

26           ~~11.        The domain name registrar is GoDaddy, LLC in Scottsdale, Arizona.~~

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

17.     Based on a website analysis overview report prepared by Similarweb.com, an industry trusted web site analytics company, dated April 2024, for the three-month period ending March 2024, the MissAV.com Web Site alone had 611.5 million visitors.

18.     Defendants' Websites utilize U.S.-based Akamai Technologies for content delivery services.

19.     Defendants' Websites utilize California-based Cloudflare, Inc., a corporation incorporated under the laws of the State of Delaware for Registrar, DNS, and other services.

12.     Defendants have attempted to hide their identity as the registrant of ~~the domain ThisAV.com~~Defendants' Websites by redacting their identification on any public postings through ~~Arizona based Domains By Proxy, LLC.~~

~~17.~~20.   ~~Defendants utilize domain name~~privacy services provided by Cloudflare.  The new sites ((i) Missav.com; (ii) misav789.com; (iii) MyAV.com; (iv) VassIm.com; (iv) FiveTiu.com; and (v) EightCha.com) are also hidden behind proxy servers ~~for ThisAV Web Site that are located in California and owned by Cloudflare, Inc., a corporation incorporated under the laws of the State of Delaware~~.

~~18.~~21.   ~~ThisAV Web Site displays~~Defendants' Websites display geo-targeted advertisements to U.S. users, meaning the operators of the web site have means to determine the general locale of each user and displays advertisements consistent and/or specific to the U.S.

~~13.     Advertising links on ThisAV.com are displayed from Tiger Media, Inc., a service provider hosted in Dallas, Texas at StackPath, LLC. and Multi Media LLC based in California.~~

~~14.     Based on the SimilarWeb Report, for the three-month period ending June 30, 2020, Internet traffic driven to ThisAV Web Site from social media platforms came predominantly from~~Defendants' Websites utilize United States ~~based entities, such as Youtube, LLC, a California based company, which accounted for 77.21% of such traffic, Twitter, a California based company, which accounted for 7.34% of such traffic, Facebook LLC, a California based company, which accounted for 47.85% of such traffic.~~

1   19.22.   ThisAV Web Site uses United States based histats.com based Google Analytics, a

2   website traffic tracking tool softwareservices of Google, LLC to track its website analytics.

3   20.23.   DefendantsDefendants' use of U.S. vendors for domain name servers, privacy services,

4   advertisers, geo-targeted ads and other services illustrate that Defendants are expressly aiming their

5   web site and business at the United States Market.

6   21.24.   ThisAV Web SiteDefendants' Websites, owned and/or operated by Defendants,

7   expressly informed a user that may upload content to ThisAV that the user is expected to provide 2257

8   records (referring to 18 U.S.C. § 2257) upon request.  Defendants clearly intend and anticipate for U.S.

9   viewers to use the ThisAV Web Site. In August 2022, after the 9th Circuit ruled on matters in this case

10  (Case No. 21-35617) in favor of Plaintiff, the U.S.C. § 2257 information was quickly removed from

11  Defendants' Websites.

12  15.     The Terms of Service and Privacy Policy on ThisAV Web Site are written in English

13  and contains language and concepts consistent with and specific to the United States legal system,

14  including warranties, disclaimers, and limits of liability, among other things.  These documents are

15  clearly geared towards a United States audience.

16  16.     ThisAV Web Site contains a 2010 copyright notice at the bottom of each page, clearly

17  intended to be covered by U.S. Copyright laws.

18  25.     Defendants in this matter previously brought a motion to dismiss based upon lack of

19  personal jurisdiction.  That motion was successful in the District Court but reversed by the Ninth Circuit

20  in *Will Co. v. Ka Yeung Lee*, 47 F.4th 917, 919 (9th Cir. 2022).   There is no question that personal

21  jurisdiction is appropriate in this case.

22  13.     Upon information and belief, Defendants all transact business in this Judicial District by

23  way of their interactive website and through their interactivity with United States and Washington

24  residents who have been offered the infringing and unlawful content at issue herein and who have,

25  themselves, engaged in acts of infringement in this District and State. The Court has personal

26  jurisdiction over the Defendants, who have engaged in business activities in and directed to this District

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 6

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

and have committed tortious acts within this District or directed at this District. The Defendants are amenable to service of process pursuant to the state Long-Arm Statute, and Fed.R.Civ.P. 4(e).

14.     Any alien defendant is subject to jurisdiction in any district. See 28 U.S.C. 1391 ("An alien may be sued in any district.") See also Fed. R. Civ. P. 4(k)(2).

15.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., 28 U.S.C. §1331 and 28 U.S.C. §1338.

16.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and/or (c).

17.     This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d) and 28 U.S.C. § 1400(a).

## **PARTIES**

~~17.~~13.  Will Co. is, and at all relevant times was, a private limited liability company organized under the laws of Japan, and has its head office at Tokyo, Japan.

~~18.~~14.  Will Co., an award-winning Japanese entertainment company, is comprised of nearly 100 employees who manage over 37 registered trademarks and 50 brands, each of which explore and deliver sensuality and sexuality through artistic photography, video, and erotic stories.

~~19.~~15.  Since 2016, Will Co. has grown its video library to over 50,000 full length adult entertainment movies, featuring over 5000 models shot by over 300 photographer/directors. Its brands have grown into a globally recognized leader of Japanese sensual art garnering numerous industry awards through the use of studios in Japan, exotic locations, high budget productions, engaging storylines, famed photographers and directors coupled with the dedication from its artists and technicians.

~~20.~~16.  As Will Co. has expanded its library and expanded its reach to a United States audience, Will Co. is registering copyrights with the U.S. Copyright Office.

~~21.~~17.  Will Co. has registered with the United States Copyright Office the copyrighted works identified in this Complaint.  Will Co. has taken industry standard steps to identify its products. Plaintiff

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

videos and photographs are watermarked with Plaintiff readily identifiable logos and other content management information.

22.18.  A schedule of the Will Co. copyrighted works at issue in this case thus far, which have been registered with the U.S. Copyright Office, is attached hereto as Schedule A (the "Subject Works").

19.      Will Co. is also the owner of multiple trademark and service mark registrations in Japan, and it has built common law trademark and service mark rights in the United States (collectively, the registered and unregistered marks shall be referred to as the "Marks")   A schedule of the Marks is attached hereto as Exhibit B.  Many of the Marks are registered with English language equivalents, *e.g.*, MUTEKI, CROSS, E-BODY, FITCH, BEFREE, ROOKIE, kira☆kira and kuwai[*].

23.20.  Will Co. is the producer and exclusive licensor of its own motion pictures/content.  Will Co. distributes its content through exclusive digital licensing with Digital Commerce Inc. (Fanza) in the USA.  Fanza solely distributes Will Co.'s content on its paid membership websites for on-demand viewing or DVD sales.  Will Co. earns a revenue share from each transaction.. Digital Commerce, Inc. makes it products available through the website "Fanza."  Its goods are available in the United States. Its streaming service has temporarily halted in the United States, but it operated for years in the United States and was well-known within the relevant community, resulting in millions of dollars per month in revenues.  Will Co. intends to begin its streaming service again in the United States.  Will Co. also maintains separate websites available in the United States for its most popular brands, on such sites as: mutekimuteki.com.

24.21.  Will Co. has never authorized or given consent to Defendants to use their copyrighted worksthe Marks or Subject Works in the manner displayed or exploited by Defendants and as complained therein.of herein.

25.      DefendantsDefendants' own and operate ThisAV Web Site.

26.22.  Defendants' Websites.  Defendant Ka Yeung Lee (hereinafter "Lee") is, upon information and belief, a resident of the Hong Kong Special Administrative Region of the People's Republic of China.

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

27.23.  Defendant Lee is listed as the client and payor in client information maintained by Gorilla Servers, Inc. for services provided to ThisAV Web Site.  At the time of the initial filing, Gorilla Services, Inc. iswas the hosting company for ThisAV Web Site.

28.24.  Defendant Youhaha Marketing and Promotion Limited (hereinafter "Youhaha") is, upon information and belief a company formed and registered in the Hong Kong Special Administrative Region of the People's Republic of China.

29.25.  Defendant Youhaha is listed as the client and payor in client information maintained by Gorilla Servers, Inc. for services provided to ThisAV Web Site.  Gorilla Services, Inc. iswas the hosting company for ThisAV Web Site.  Defendant Youhaha is also listed as the client and contact information for Tiger Media, providing ad broker services for ThisAV Web Site.

26.    On information and belief, Defendants also operate the mirror websites Missav.com; (ii) misav789.com; (iii) MyAV.com; (iv) VassIm.com; (iv) FiveTiu.com; and (v) EightCha.com.  On information and belief, these are all the alter egos of Defendants Lee and Youhaha and the owners of ThisAV.com.  MissAV.com and the other mirror sites display the same content in the same format as ThisAV.com and use the same source code.

30.27.  Upon information and belief, the ThisAV Web Site is based in the United States,Defendants' Websites operate with full intention of broadcasting, distributing, or making available content in the United States and earning money from the United States market. It appears that the ThisAV Web Site is hosted by a company Defendants' Websites utilize U.S.-based in the United States with an IP address that pointsCloudflare, Amakai Technolgies, and other US services to a hosting facility in Ogden, Utahdeliver infringing content to end users. It is currently unknown where the owners and operators are located.

31.28.  Defendants Does 12 through 20 are the owners, operators, shareholder executives, and affiliates of ThisAV Web Site.  Will Co. is unaware of the true names or capacities of Does 1 through 20.  Will Co. is informed and believes, and on that basis alleges, that Does 1 through 20 either (a) directly performed the acts alleged herein, (b) were acting as the agents, principals, alter egos,

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

employees, or representatives of the owners and operators of the web sites, and/or (c) otherwise participated in the acts alleged herein with the owners and operators of the web sites.  Accordingly, Does 1 through 20 each are liable for all the acts alleged herein because they were the cause in fact and proximate cause of all injuries suffered by Will Co. as alleged herein.  Will Co. will amend the complaint to state the true names of Does 1 through 20 when their identities are discovered.

29.     Will Co.'s streaming video services are not currently available in the Unted States.  However, Will Co.'s brands are well-known in the United States.  In the world of adult entertainment, there is a strong demand for new content, which usually arises in the context of new streams.  Will Co.'s brands release several new streaming videos each day.  The longer the videos are available, the less valuable they become to a significant sector of Plaintiff's potential customers.  The videos are also released on DVD or other digital formats after they are released in streaming.

## STATEMENT OF FACTS

32.     ~~This AV Web Site is a pirate website, displaying copyrighted adult entertainment content without authorization or license.~~

30.     In addition to the valuable copyright assets identified above, Will Co. owns dozens of trademarks and service marks in relation to provision of videos and video-related goods and services (the "Marks").  Many of the Marks are registered in Japan.  A list of Will Co.'s more popular Marks is attached hereto as Exhibit B.

31.     For instance, some of the Marks include:

(i)  KIRA ☆KIRA: Reg. No. 5750634 in IC 009 and 041, respectively, for "Image files that can be received and stored using the Internet; Recorded video discs and video tapes" and "Planning or operation of a movie, entertainment, drama or music performance; Production of videotape/video disc masters; Planning, operation or holding of a sports performance."

2.  Kawaii*: Reg. No. 5750637 in IC 09 and 041 for "Image files that can be received and stored using the Internet • Recorded video discs and video tapes" and "Planning or operation of a film,

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 10

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1  entertainment, drama or music performance; Production of videotape/video disc masters; Planning,

2  operation or holding of a sports performance."

3      3.  MUTEKI:  Reg. No. 5734687 in IC 041 for "Planning or operation of a movie, entertainment,

4  drama or music performance; Production of videotape/video disc masters; Planning, operation or

5  holding of a sports performance."

6      32.    Will's Marks are associated with high quality, adult-themed goods and services based

7  around its studios and specialty brands.  There are very few authorized outlets for Will's goods and

8  services.  By controlling access to a limited number of providers, Will maintains a tight rein on the

9  quality and source of its goods and services, which have very few authorized providers.

10     33.    Will's Marks and brands are known around the world.  As noted, a large percentage of

11 the Internet traffic seeking of Defendants' infringing materials derives from the United States.  On

12 information and belief, those potential consumers are familiar with Will's brands and are confused as

13 to the source of the materials on the Infringing Sites.

14     34.    The Defendants' Websites display the Marks with identical goods and services as those

15 produced by Plaintiff

16     35.    In order to gain access to the massive amounts of pirated content, a user simply need

17 only click on the website.  Internet users can simply watch videos on Defendants' Websites for free

18 without an account.

19     33.36.   In order to gain access to all of the highly interactive web site represented functions,

20 users of ThisAV Web SiteDefendants' Websites must sign up for an account.  Internet users can simply

21 watch videos on ThisAV Web Site for free without an account.

22     34.37.  The sign-up process for ThisAV Web Site requires entry of a username, password, and

23 email address, gender identity, age certification, agreement to Terms of Use and Privacy Policy.

24     35.    A user can manually sign up as a member to ThisAV Web Site.

25

26

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 11

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1   ~~36.     The entry of an email address during the sign-up process on ThisAV Web Site results~~
2   ~~in an email verification for the user. A user can access the additional site features such as upload~~
3   ~~capability once they have verified their email address.~~

4   38.     ~~On~~The process to view Defendants' Websites or secure an account does not require any
5   age verification.

6   ~~37.~~39.  Prior to the August 2022 changes to the websites, the ThisAV Web Site frequently asked
7   questions (FAQ) page, Defendants ~~state~~stated, "All newly uploaded videos need to be reviewed by the
8   webmaster."   The webmaster, upon information and belief, is one of Defendants or an agent of
9   Defendants acting upon express authority and/or direction of Defendants.

10   ~~38.~~40.  Once a user has signed up, the user can, among other things, post videos or images for
11   display on ~~ThisAV Web Site~~the Defendants' Websites.

12   ~~39.~~41.  Videos on ~~ThisAV Web Site~~Defendants' Websites may be shared on other sites via
13   "embed links" that allow posting on or to any social media site, website site, or via Email to anyone.
14   Such functionality makes it impossible to know how many times and where an unlicensed copyrighted
15   video has been posted and displayed illegally as a direct result of ~~Defendants~~Defendant unlawful
16   display.

17   ~~40.~~42.  Static banner advertisements exist on each page of ~~ThisAV Web Site~~Defendants'
18   Websites, including advertisements expressly directed at United States viewers on behalf of United
19   States companies.

20   ~~41.~~43.  When a user attempts to watch a video, the user will be shown ~~pop-up advertisement.~~
21   ~~A "pop-up" advertisement is just that, an ad that seemingly randomly appears on the user's~~
22   ~~screen.~~advertisements.

23   ~~42.~~44.  ~~Pop-up and/or static banner~~Certain advertisements on ~~ThisAV Web Site~~Defendants'
24   Websites are geo-targeted, meaning the operators of the ~~ThisAV Web Site~~Defendants' Websites have
25   means to determine the general locale of each user and ~~displays~~display advertisements consistent
26   and/or specific to the locale, including the United States.

43.45.  Defendants earn money from the various advertisement schemes on ~~ThisAV Web Site.~~ Defendants' Websites. The amount of money ~~earn~~earned is directly related to the amount of traffic to ~~ThisAV Web Site~~Defendants' Websites and the number of videos watched on the site.  Therefore, the quality of the videos on ~~ThisAV Web Site~~Defendants' Websites directly influences the revenue generated by Defendants.

46.       ~~ThisAV Web Site~~To further drive traffic to Defendants' Websites and exploit Plaintiffs content, Defendants regularly post infringing content from Plaintiff to its @missav_daily Twitter Account (now X) daily.

44.47.  Defendants' Websites fails to fulfill the requisite conditions precedent to qualify for the safe harbor provisions of the DMCA. Specifically, ~~ThisAV Web Site does~~Defendants' Websites do not have an appointed registered DMCA Agent. Further, Defendants fail to honor take-down notices sent to ~~ThisAV Web Site~~Defendants' Websites and have failed to implement a reasonable repeat infringer policy.

45.48.  At the initial filing of this case, ThisAV Web Site ~~displays~~displayed a DMCA Notice and a web page inclusive of industry-standard language with instructions for notifying ThisAV of alleged copyright infringements. However, a copyright holder following such instructions ~~does~~did not result in either removal of the infringing content nor a termination of an infringer if a repeat infringer.

46.49.  Will Co.'s agents routinely police web sites to identify infringement of Will Co.'s copyrighted works. In the course of doing so, Will Co.'s agents discovered many of Will Co.'s copyrighted works have been made available, in full, to the public on the ~~ThisAV Web Site~~Defendants' Websites for free and without license or authorization from Will Co.

47.50.  Specifically, ~~between June 2020 and July 2020~~it was discovered that ~~ThisAV Web Site~~Defendants' Websites displayed ~~13~~50 of Plaintiff's copyright registered ~~works over 19 separate and distinct URLs~~ on each ~~a part~~ of ~~ThisAV Web Site.~~Defendants' Websites identified herein.  These copyright registered works are listed in Exhibits A ~~with ThisAV.com infringing URLs in Exhibit B~~, attached hereto.  Defendants have no authority or license to display or distribute any portion of

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

Plaintiffs' copyrighted works in the manner displayed or exploited by Defendants and as complained therein.

51.    To date, Plaintiff has identified 1,738,686 Links to infringing use of 50,120 full length video titles on MissAV.com and ThisAV.com alone.

52.    Plaintiff has identified and documented the infringing use of its copyright registered works on each of Defendants' Websites identified in this complaint.

48.53.  Will Co. sent DMCA compliant takedown notices to ~~ThisAV Web Site~~Defendants' Websites pursuant to 17 U.S.C. § 512(c) and the policy stated on ThisAV Web Site and to its service providers pursuant to their published policies.

49.54.   ~~Receipt of the takedown notices was acknowledged through ThisAV Web Site. However, none of Will Co.'s~~  None of Plaintiff's content was removed.

50.    Defendants do not have a stated repeat infringer policy ~~and none of the users were terminated by Defendants~~.

51.    . Upon information and belief, Defendants have actual knowledge and clear notice of the infringement of Plaintiff's titles. Upon information and belief, Defendants are placing and making available for display Plaintiffs content and the associated data including the name of the actors, trademark brand, and owner information on the Defendants' Websites. The infringement is clear and obvious even to the most naïve observer.  Plaintiff's copyrighted works are indexed, displayed, and distributed on ~~ThisAV Web Site~~Defendants' Websites through Defendants and the Doe Defendants acting in concert. Plaintiff's and other major producers' trademarks and DVD catalog number are used to index infringing material and other identifiers which is evidence of knowledge and intent.

52.55.  ~~By~~ by virtue of the conduct alleged herein~~,~~. Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement, and thereby have infringed, secondarily infringed, and induced infringement by others, the copyrights in Plaintiffs' copyrighted work.

1   53.   Defendants manually review each video ~~prior to~~before that video being made available

2   to the public ~~on ThisAV.com.~~

3   ~~54.~~56.  . Defendants, either jointly, severally, actually, constructively, and with or without direct

4   concert with one another, deprived Plaintiffs of the lawful monetary rewards that accompany its rights

5   in the copyrighted works. ~~Defendants disregard for copyright trademark laws threaten Plaintiff's~~

6   ~~business~~ and Marks.

7   ~~55.~~57.  Defendants' disregard for copyright and trademark laws threaten Plaintiff's business.

8   Defendants intentionally, knowingly, negligently, or through willful blindness avoided reasonable

9   precautions to deter the rampant copyright infringement, unfair competition and trademark

10  infringement on their website.

11  ~~56.~~58.  Defendants' acts and omissions allow them to profit from their infringement while

12  imposing the burden of monitoring Defendants' website onto copyright holders, without sufficient

13  means to prevent continued and unabated infringement.

14  //

15  //

16  /

17

18  **FIRST** ~~CAUSE OF ACTION~~**CLAIM FOR RELIEF**
    **Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.***

19  **Against All Defendants**

20  ~~57.~~59.  Will Co. repeats, re-alleges, and incorporates by reference each preceding allegation set

21  forth herein.

22  ~~58.~~60.  Will Co. is the owner of valid and registered copyrights in the Subject Works.

23  ~~59.~~61.  Will Co. registered each copyright with the United States Copyright Office.

24  ~~60.~~62.  Defendants have infringed, and are continuing to infringe, Will Co.'s copyrights by

25  reproducing, adapting, distributing, publicly performing, and/or publicly displaying and authorizing

26  others to reproduce, adapt, distribute, publicly perform, and/or publicly display copyrighted portions

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 15

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1   and elements of the Subject Works, and/or the Subject Works in their entireties, without authorization,

2   in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

3       61.63.  Defendants did not have authority or license to copy and/or display the Subject Works.

4       62.64.  Will Co. has never authorized or given consent to Defendants to use the Subject Works

5   in the manner displayed and exploited by Defendants.

6       63.65.  Defendants knew or reasonably should have known they did not have permission to

7   exploit the Subject Works on the ThisAV Web SiteDefendants' Websites and further knew or should

8   have known their acts constituted copyright infringement.

9       64.66.  Defendants' acts of infringement are willful, in disregard of, and with indifference to

10  the manner displayed and exploited by Defendants.

11      65.67.  Defendants engaged in intentional, knowing, negligent, or willfully blind conduct

12  sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiffs'

13  copyrighted works.

14      66.68.  The quantity and quality of copyright files available to users increased the attractiveness

15  of Defendants' service to its customers, increased its users base, and increased its ad sales revenue.

16      67.69.  Based on information and belief, Defendants actively uploaded pirated copyrighted

17  files and/or embedded code, enabling users of ThisAV Web SiteDefendants' Websites to view

18  copyrighted videos and images for free.

19      68.70.  Defendants controlled the files owned by Will Co. and determined which files

20  remained for display and distribution.

21      69.71.  Defendants never implemented or enforced a "repeat infringer" policy.

22      70.72.  Defendants either were aware, actually or constructively, should have been aware, or

23  were willfully blind that pirated copyrighted materials comprised the most popular videos on the

24  Defendants websites.

25      71.73.  Defendants, through ThisAV Web SiteDefendants' Websites, affirmatively and

26  willfully accommodated Internet traffic generated by the illegal acts.

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 16

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

72.74.  Defendants' conduct was willful within the meaning of 17 U.S.C. § 101, *et seq*.  At a minimum, Defendants acted with willful blindness and reckless disregard of Will Co.'s registered copyrights.

73.75.  Because of their wrongful conduct, Defendants are liable to Will Co. for copyright infringement. See 17 U.S.C. §501. Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

74.76.  The law permits Plaintiff to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, the law permits Plaintiff to recover statutory damages. 17 U.S.C. §504(c).

75.77.  Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c) (2).

76.78.  The law permits Plaintiff injunctive relief. 17 U.S.C. §502. Further, the law permits a Court Order impounding all infringing materials. 17 U.S.C. §503.

77.79.  Because of Defendants' acts and conduct, Will Co. has sustained and will continued to sustain substantial, immediate, and irreparable injury, for which there is not adequate remedy at law.  Unless enjoined and restrained by the Court, Defendants will continue to infringe Will Co.'s rights in the Subject Works.  Will Co. is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## SECOND ~~CAUSE OF ACTION~~CLAIM FOR RELIEF

### Inducement of Copyright Infringement

### Against All Defendants

78.80.  Will Co. repeats, re-alleges, and incorporates by reference each preceding allegation set forth herein.

79.81.  Defendants designed and/or distributed technology and/or devices and/or induced individuals to use this technology to promote the use of infringed and copyrighted material.

1  As a direct and proximate result of Defendants' inducement, individuals infringed Will Co.'s

2  copyrighted works. These individuals reproduced, distributed and publicly disseminated Will Co.'s

3  copyrighted works through Defendants' website.

4      ~~80.~~82.  On information and belief, Defendants have encouraged the illegal uploading and

5  downloading of Will Co.'s copyrighted works, thus inducing the unauthorized reproduction,

6  adaptation, public display and/or distribution of copies of the Will Co.'s copyrighted works, and thus

7  to the direct infringement of Will Co.'s copyrighted works.

8      ~~81.~~83.  Defendants' actions constitute inducing copyright infringement of Will Co.'s copyrights

9  and exclusive rights under copyright in the Will Co.'s copyrighted works in violation of the Copyright

10 Act, 17 U.S.C. §§ 106 and 501.

11     ~~82.~~84.  The infringement of Will Co.'s rights in and to each of the Will Co.'s copyrighted works

12 constituted a separate and distinct infringement.

13     ~~83.~~85.  The acts of infringement by Defendants have been willful, intentional, purposeful and

14 in reckless disregard of and with indifference to Will Co.'s rights.

15     ~~84.~~86.  As a direct and proximate result of the infringements by Defendants of Will Co.'s

16 copyrights and exclusive rights under copyright in the Will Co.'s copyrighted works, Will Co. is

17 entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

18     ~~85.~~87.  Alternatively, Will Co. is entitled to maximum statutory damages, pursuant to 17 U.S.C.

19 § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may

20 be proper under 17 U.S.C. § 504(c).

21     ~~86.~~88.  Will Co. is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. §

22 505.

23     ~~87.~~89.  Because of Defendants' acts and conduct, Will Co. has sustained and will continue

24 to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at

25 law.  Unless enjoined and restrained by the Court, Defendants will continue to infringe Will Co.'s

26

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1  rights in the Subject Works.   Will Co. is entitled to temporary, preliminary, and permanent

2  injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

3

4

5                              **THIRD CLAIM FOR RELIEF**

6          **Vicarious and Contributory Inducement of Copyright Infringement**
                              **Against All Defendants**

7

8          90.     Plaintiff repeats, re-alleges, and incorporates by reference as though fully set forth

9  herein, the allegations contained in the preceding paragraphs of this Complaint.

10         91.     Defendants have systematically failed to take any action to remove infringing content

11 from the Infringing Sites.

12         92.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of

13 them, knowingly induced, participated in, aided and abetted, and resultantly profited from the illegal

14 reproduction, distribution, display, and/or creation of derivative works based on the Subject Works as

15 alleged herein.

16         93.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of

17 them, are vicariously liable for the infringement alleged herein because they had the right and ability

18 to supervise the infringing conduct and because they had a direct financial interest in the infringing

19 conduct.

20         94.     Plaintiff is informed and believes and on that basis alleges that Defendants, and each

21 of them, are contributory infringers because each knew or had reason to know of the infringing

22 activity and that Defendants intentionally and materially contributed to the infringing activity.

23         95.     By reason of the Defendants', and each of their, acts of contributory and/or vicarious

24 infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages

25 to its business in an amount to be established at trial.

26

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 19

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

96.     By reason of the Defendants' and each of their acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer general and special damages to its business in an amount to be established at trial.

97.     Due to Defendants' acts of contributory and/or vicarious copyright infringement, Defendants, and each of them, have obtained direct and indirect profits they would otherwise not have realized but for their infringement of the Subject Works. As such, Plaintiff is entitled to disgorgement of Defendants' profits, directly and indirectly, attributable to Defendants' infringement of the Subject Works in an amount to be established at trial.

98.     Plaintiff is informed and believes and thereupon alleges that Defendants, and each of them, have continued to infringe Plaintiff's copyright rights. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Defendants, and each of them, to liability, therefore. Further, Defendants, and each of them, willfully and intentionally misappropriated, palmed-off, and/or infringed Plaintiff's Subject Works which renders Defendants, and each of them, liable for damages as described herein.

**FOURTH CLAIM FOR RELIEF**

**(Trademark Infringement, False Designation of Origin and Unfair Competition -- Against All Defendants)**

99.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

100.    This claim for relief arises under 15 U.S.C. § 1125(a)(1)(A) and is alleged against all Defendants.

101.    Plaintiff is the owner of the Marks and is entitled to sole use of those Marks in relation to the business, goodwill and services associated with the Marks.

102.    None of the Defendants named herein have any claim or colorable right to utilize the name Marks either in connection with goods or services related vidoes.

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 20

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

103.     Plaintiff's Marks function as designations origin that identify Plaintiff as the exclusive source of adult-themed videos and video-related services, and distinguish Plaintiff's goods from the goods of others in the marketplace.

104.     Defendants' use of Plaintiff's Marks in connection with its goods constitutes false designation or origin and/or false or misleading representation. Defendants' use of identical or confusingly similar variations of Plaintiff's Marks is likely to cause confusion, or mistake, or to deceive others into believing that Defendants' products are manufactured, offered, sponsored, authorized, licensed, of similar quality to, or otherwise connected or affiliated with Plaintiff and Planiff's goods and services.

105.     Such false designation of origin and or representation constitutes unfair competition and is an infringement of Plaintiff's rights in its Marks in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

106.     On information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of the Defendants' goods and services, to injure Plaintiff, and to reap the benefits of Paintiff's goodwill associated with Plaintiffs' Marks.

107.     As a direct and proximate result of Defendants' willful and unlawful conduct, Defendant has damaged and will continue to damage Plaintiff's business, market, reputation, and goodwill, and may discourage current and potential customers from dealing with Plaintiff. Such irreparable damage will continue unless Defendant is enjoined from infringing Plaintiff's Marks.

108.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using Plaintiff's Marks or any confusingly similar Marks for any purpose, and to recover from Defendant all damages that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Plaintiff as a result thereof, in an amount not yet known well, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) and attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b).

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 21

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

109.     Pursuant to 15 U.S.C. § 1118, Plaintiff also asks the Court for an order forcing Defendant to deliver up for destruction all products, labels, signs, prints, advertisements, and other articles in Defendants' possession that infringe upon Plaintiff's rights.

110.     Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

111.     Defendants are using Plaintiff's Marks so as to cause confusion as to Plaintiff's association with, affiliation with, or sponsorship of Plaintiff's goods and services.

112.     Plaintiffs are informed and believe that the acts of Defendants complained of herein were undertaken willfully and with the intention of causing confusion, mistake or deception.

113.     Monetary relief alone is not adequate to address fully the irreparable injury that defendants' illegal actions have caused and will continue to cause Plaintiff if Defendants' actions are not enjoined. Plaintiff will therefore also be entitled to preliminary and permanent injunctive relief to stop the ongoing acts of unfair competition and other violations by Defendant and anyone acting in concert with it.

### FIFTH CLAIM FOR RELIEF

### (Dilution – Against all Defendants)

114.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this Complaint.

115.     This claim for relief arises under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and is alleged against all defendants.

116.     Plaintiff is the owner of the valuable, famous Marks associated with provision of video-related goods and services, and is entitled to sole use and ownership of the business, goodwill of those Marks.

117.     Plaintiff's Marks have become famous throughout the United States, through use in the in connection with its high quality, regulation-compliant videos. Accordingly, it is entitled to protection under § 1125(c).

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 22

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

118.    Defendants' unauthorized use of Plaintiff's trade names and Marks does and will dilute the distinctive quality of the trade name and marks and will diminish and destroy the public association of the trade name and Marks with Plaintiff.

119.    In engaging in the actions complained of above, Defendants and each of them willfully intended and intend to trade on the reputation of Plaintiff's Marks.

120.    In engaging in the actions complained of above, Defendants and each of them have willfully intended to cause dilution of the famous trade names and marksbelonging to Plaintiff. For each act violating Plaintiff's rights, Plaintiff is entitled to recover actual damages as well as Defendants' profits from such infringement.

121.    Plaintiff is informed and believes that the acts of Defendants complained of herein were undertaken willfully and intentionally by Defendants.

122.    Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Plaintiff if Defendants' acts are not enjoined. Plaintiff is therefore also entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing violations as well as those of anyone acting in concert with them.

## SIXTH CLAIM FOR RELIEF

### (Washington Common Law Trademark Infringement)

123.    Plaintiff realleges and incorporates by this reference each and every allegation set forth in the paragraphs.

124.    Defendants' use of Plaintiff's Marks has infringed on its distinctive features in a manner that tends to confuse, in the public mind, Plaintiff's products with others.

125.    Defendants' acts, as above alleged, constitute infringement of Plaintiff's Marks in violation of the common law.

126.    Plaintiff has been and continues to be damaged in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 23

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1   actions of Defendant has damaged and will continue to damage Plaintiff's market, reputation, and

2   goodwill.

3       127.    Plaintiff has been damaged by Defendants' actions in an amount to be proven at trial.

4   <center>**SEVENTH CLAIM FOR RELIEF**</center>

5   <center>**(Unfair Business Practices — RCW 19.86 *et seq.*)**</center>

6       128.    Plaintiff realleges and incorporates by this reference each and every allegation set forth

7   in paragraphs above.

8       129.    Defendants' use of Plaintiff's Marks to promote, market, or sell products in

9   Washington constitutes an unfair business practice pursuant to RCW 19.86 *et seq.*

10      130.    Defendants' use of Plaintiff's Marks is an unfair or deceptive practice occurring in

11  trade or commerce that impacts the public interest and has caused injury to Plaintiff.

12      131.    Defendants' actions violate RCW 19.86 *et seq.*

13  <center>**EIGHTH CLAIM FOR RELIEF**</center>

14  <center>***(Washington Common Law Unfair Competition)***</center>

15      132.    Plaintiff realleges and incorporates by this reference each and every allegation set

16  forth in the paragraphs above.

17      44. Defendants' use of Plaintiff's Marks has used the Marks in a manner that tends to confuse,

18  in the public mind, Plaintiff's products and/or advertising with the products and/or advertising of

19  others.

20      45. The acts of Defendant complained of herein constitute unfair competition in

21  violation of Washington common law.

22

23

24  <center>**PRAYER FOR RELIEF**</center>

25      WHEREFORE, Plaintiff Will Co. Ltd prays that this Court enter judgment in its favor on each

26  and every claim for relief set forth above and award Will Co. relief including, but not limited to, an

Order:

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 24

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

A.      Preliminarily and permanently enjoining  Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons acting in concert or participation with any of them, or under their direction or control, from any of the following activities:

(1)      Hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting or making any use of any of Will Co.'s copyrighted works, including the Subject Works, or any portion(s) thereof in any form;

(2)      Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party (i) to host, link to, distribute, reproduce, copy, download, upload, make available for download, index, display, exhibit, publicly perform, communicate to the public, stream, transmit, or otherwise exploit or make any use of Will Co.'s copyrighted works, including the Subject Works, or portion(s) thereof; or (ii) to make available any of Will Co.'s copyrighted works, including the Subject Works, for hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or other exploitation or use;

(3)      Using, operating, maintaining, distributing, or supporting any computer server, website, software, domain name, email address, social media account, bank account, or payment processing system in connection with the hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or other exploitation or use of any of Will Co.'s copyrighted works, including the Subject Works;

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 25

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

(4)     Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party to visit any website, including but not limited to any website operated by Defendants, that hosts, links to, distributes, reproduces, copies, downloads, uploads, makes available for download, indexes, displays, exhibits, publicly performs, communicates to the public, streams, transmits, or otherwise exploits or makes any use of Will Co.'s copyrighted works, including the Subject Works, or portion(s) thereof;

(5)     Transferring or performing any function that results in the transfer of the registration of the domain name of ~~ThisAV Website~~Defendants' Websites including MissAV.com, ThisAV.com, MyAV.com, MissAV789.com, to any other registrant or registrar; and

(6)     Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this Paragraph.

B.     Requiring Defendants and their officers, servants, employees, agents and any persons who are, or on notice and upon continued provision of services would be, in active concert or participation with them, including but not limited to the domain name registrars and registries administering, holding, listing, or otherwise having control over the ~~domain name ThisAV.com~~Defendants' Websites or any other domain name used in conjunction with ~~Defendant's~~Defendants' infringing activities, to transfer such domain name to Will Co.'s ownership and control, including, *inter alia*, by changing the registrar of record to the registrar of Will Co.'s choosing, unless Will Co. requests that such domain name be held and/or released rather than transferred.

C.     Requiring Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons or entity acting in concert or participation with any of them, or under their direction or control, including any internet search engines, web hosting and Internet service

providers, domain name registrars, domain name registries and other service or software providers, within five (5) business days from the issuance of this Order:

(1)   To block or attempt to block access by United States users of ~~ThisAV Web Site~~Defendants' Websites including MissAV.com, ThisAV.com, MyAV.com, MissAV789.com, by blocking or attempting to block access to all domains, subdomains, URLs, and/or IP Addresses that has as its sole or predominant purpose to enable to facilitate access to ~~ThisAV Web Site;~~Defendants' Websites including MissAV.com, ThisAV.com, MyAV.com, MissAV789.com,;

(2)   To re-route all domains, subdomains, URLs, and/or IP Addresses that provides access to each and every URL available from each of ~~ThisAV Web Site~~Defendants' Websites and its domains and subdomains.

~~DD.~~  That the Court issue preliminary and permanent injunctive relief against Defendant, and that Defendant, its officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with Defendant, be enjoined and restrained from offering for sale, marketing, or selling any product which uses the Marks or any confusing similar designation;

E.  That the Court find Defendant's acts complained of herein unlawful as constituting unfair competition, false designation of origin, trademark and service mark infringement, and unjust enrichment under the causes of action asserted in this Second Amended Complaint;

F. That the Court require that Defendant deliver up for destruction all products, labels, signs, prints, advertisements, and other articles that infringe Plaintiff's Marks, or are a result of any false designation of origin or unfair competition by Defendant;

G.  That the Court order an accounting of all gains, profits and advantages derived from Defendant's wrongful acts;

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1    H.    That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty

2    (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner

3    and form in which Defendants have complied with any ordered injunction;

4    EI.    That Plaintiff be awarded statutory damages in an amount to be determined at trial for

5    all infringing activities, or actual damages including Plaintiff's damages and lost profits, Defendants'

6    profit;

7    FJ.    That Defendants be ordered to account to Plaintiff for all profits, gains and advantages

8    that they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

9    GK.    That Plaintiff be awarded enhanced damages and attorney's fees;

10   HL.    That Plaintiff be awarded pre-judgment and post-judgment interest;

11   IM.    That Plaintiff be awarded costs and expenses incurred in prosecuting this action,

12   including expert witness fees; and

13   Jand

14   N.    That such other and further preliminary and permanent relief be awarded to Plaintiff as

15   the Court deems appropriate.

16

17

18                              **DEMAND FOR JURY TRIAL**

19   Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules

20   of Civil Procedure.

21

22   DATED: December 10, 2020April 22, 2024

23                              **FREEMAN LAW FIRM, INC.**

24

25   By:_____*s/ Spencer Freeman*_____
         Spencer D. Freeman, WSBA No. 25069
26       1107 ½ Tacoma Avenue South
         Tacoma, Washington 98042
         253-383-4500

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 28

253-383-45101 (fax)
sfreeman@freemanlawfirm.org
sierra@freemanlawfirm.org
*Counsel for Plaintiff Will Co. Ltd*

**KARISH & BJORGUM, PC**


By___/S/ A. Eric Bjorgum_____

A. Eric. Bjorgum, CA State Bar No. 198392
119 E. Union Street, Suite B
Pasadena, CA 91103
(213) 785-8070
(213) 995-5010 (fax)
eric.bjorgum@kb-ip.com
*Counsel for Will Co Ltd.*
(Moving for Admission pro hac vice)

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 29

# EXHIBIT B

# Proposed Second Amended Complaint Clean

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## TACOMA DIVISION

8
9
10

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan, | **Case No.:  3:20-cv-05802-BHS** |
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| vs. | |
| KA YEUNG LEE, an individual; YOUHAHA MARKETING AND PROMOTION LIMITED, a foreign company; and DOES 1-5 d/b/a THISAV.COM, MISSAV.COM, MYAV.COM, MISSAV789.com, VASSIM.COM, and John Does  6-20 | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

11
12
13
14
15
16
17
18
19

Plaintiff Will Co. Ltd. (hereinafter referred to as "Plaintiff" or "Will Co.") by and through its counsel of record files this Complaint against Defendants Ka Yeung Lee, Youhaha Marketing and Promotion Limited, Doe 1, d/b/a THISAV.COM, MISSAV.COM, MYAV.COM, MISSAV789.com, VASSIM.COM, and John Does  2-20 (collectively hereinafter referred to as "Defendant" or "Defendants").

20
21
22
23
24

## PRELIMINARY STATEMENT

25
26

1.      Will Co. is an award-winning Japan based entertainment company which includes a vast library of full-length adult entertainment movies offered for viewing in a fee-based model.  Will Co.

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 1

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1  sells access to its content and has filed for and obtained copyright registrations with the U.S. Copyright

2  Office.  It also owns dozens of trademarks and service marks registered in Japan.  Will Co. produces

3  content that is available through dozens of well-known brands.  Through these brands, the content is

4  purchased through a single exclusive licensing agreement with Japan-based DMM via its online sales

5  portal and through DVD sales.  By this lawsuit, Will Co. seeks to protect its copyrighted audiovisual

6  works and trademark-related rights from blatant infringement by Defendants in the United States.

7      2.      The conduct that gives rise to this lawsuit is egregious and willful.  Defendants own and

8  operate websites engaged in the business of copying and distributing infringing audiovisual works.

9  Defendants are directly and knowingly involved in the trafficking of thousands of pirated works –

10  including many works owned by Will Co.  Moreover, though Defendants are not "service providers,"

11  not engaged in the storage of content at the direction of users, and thus not entitled to any of the safe

12  harbors afforded under Section 512 of the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. §

13  512), Defendants do not comply with their obligations under the DMCA. Plaintiff has sent takedown

14  notices in attempts to remove over 1.5M links to infringing use of its works.  Defendants systematically

15  refuse to comply with proper and compliant DMCA takedown notices.

16      3.      Defendants earn income through driving traffic to their website(s) where they display a

17  variety of advertisements, including click-through links to live adult content.  In Japan, Plaintiff's adult

18  content is subject to stringent legal requirements, including adding "mosaics" (pixelated filters) to

19  certain content and also regulations that allow performers in adult video content to opt-out of

20  distribution of their content under certain conditions.  Further, Plaintiff's content is not currently

21  available in the United States via Internet streaming. These regulations increase the desirability of

22  Plaintiff's content and value of content coming from its authorized brands.  It also gives purchasers

23  assurance that the content is legal and is being created and distributed in accordance with Japanese law.

24      4.      Defendants' actions are causing serious harm to Will Co. and its business, including in

25  the United States and must be put to a stop immediately.  Because Defendants will not do so voluntarily,

26  Will Co. now comes before this Court seeking injunctive relief and damages.

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 2

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

## **JURISDICTION AND VENUE**

5.     This is a civil action seeking damages and injunctive relief for trademark infringement under 15 U.S.C. § 1051copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.,

6.     This Court has subject matter jurisdiction over Will Co.'s claims for copyright infringement, violations of the Digital Millennium Copyright Act and violations of the Lanham Act pursuant to 28 U.S.C. §§ 1331 and 1338.

7.     The Ninth Circuit has already determined that Defendants are subject to personal jurisdiction in the United States for copyright infringement.

8.     Plaintiff's videos are viewed by a specific niche market in the United States, and it is a niche with high demand. While Plaintiff recently has been limiting the availability of its streaming videos to the United States, DVDs are still sent to the United States, and Plaintiff has had years of prior use in the United States, resulting in millions of dollars of revenue and accumulated goodwill for its brands.

9.     Plaintiff has over 50 copyright registrations in the United States and has considered the United States key to its long-term marketing, branding, and sales strategy.

10.     To protect its business and interest in the United States market, Will Co. filed for and obtained copyright registrations for certain content with the United States Copyright Office.  It also owns dozens of Japan-registered trademarks for video services and video goods. Will Co.'s brands also have significant value in the United States as sources for high-quality content that is compliant with Japanese regulations.

11.     Defendants Ka Yeung Lee, Youhaha Marketing and Promotion Limited, and Does 1-20 are currently unknown individual(s) and/or entity(ies) that own and operate websites located at the uniform resource locator ("URL") https://ThisAV.com ("ThisAV Web Site") and the related sites identified herein.

12.     Long after this action was filed, Plaintiff became aware of other websites to display the exact same content on the ThisAV Web Site.  Most of these websites have identical HTML "source"

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 3

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1 code for the sites, affiliate links, and service providers.  These sites have proliferated so quickly that

2 Plaintiff is unable to keep track of all of them.  However, some of these additional infringing sites

3 include: (i) Missav.com; (ii) misav789.com; (iii) MyAV.com; (iv) VassIm.com; and others

4 ("Defendants' Websites").

5       13.     Defendants Does 1-20 act in concert with each other in the operation of a network of

6 infringing websites.

7       14.     Defendants knowingly and purposefully market to and target the entire United States,

8 including residents of this District, through Defendants' Websites.

9       15.     Based on a website analysis overview report prepared by Similarweb.com, an industry

10 trusted web site analytics company, dated July 2020 (the "SimilarWeb Report"), for the three-month

11 period ending June 30, 2020, ThisAV Web Site had 27.9 million visitors, with over a million in the

12 United States.

13       16.     When this case began, the ThisAV Web Site was hosted at GorillaServers, Inc. in the

14 United States.  Defendants utilized a Content Delivery Network ("CDN") with Cloudflare in the United

15 States. A CDN permits faster more efficient streaming of videos to a user far away from the initial

16 server. Thus, all videos viewed by United States viewers are delivered from a United States server.

17       17.     Based on a website analysis overview report prepared by Similarweb.com, an industry

18 trusted web site analytics company, dated April 2024, for the three-month period ending March 2024,

19 the MissAV.com Web Site alone had 611.5 million visitors.

20       18.     Defendants' Websites utilize U.S.-based Akamai Technologies for content delivery

21 services.

22       19.     Defendants' Websites utilize California-based Cloudflare, Inc., a corporation

23 incorporated under the laws of the State of Delaware for Registrar, DNS, and other services.

24       20.     Defendants have attempted to hide their identity as the registrant of Defendants'

25 Websites by redacting their identification on any public postings through privacy services provided by

26

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 4

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1   Cloudflare.  The new sites ((i) Missav.com; (ii) misav789.com; (iii) MyAV.com; (iv) VassIm.com; (iv)

2   FiveTiu.com; and (v) EightCha.com) are also hidden behind proxy servers.

3       21.     Defendants' Websites display geo-targeted advertisements to U.S. users, meaning the

4   operators of the web site have means to determine the general locale of each user and displays

5   advertisements consistent and/or specific to the U.S.

6       22.     Defendants' Websites utilize United States-based Google Analytics, a website traffic

7   tracking services of Google, LLC to track its website analytics.

8       23.     Defendants' use of U.S. vendors for domain name servers, privacy services, advertisers,

9   geo-targeted ads and other services illustrate that Defendants are expressly aiming their web site and

10  business at the United States Market.

11      24.     Defendants' Websites, owned and/or operated by Defendants, expressly informed a user

12  that may upload content to ThisAV that the user is expected to provide 2257 records (referring to 18

13  U.S.C. § 2257) upon request.  Defendants clearly intend and anticipate for U.S. viewers to use the

14  ThisAV Web Site. In August 2022, after the 9th Circuit ruled on matters in this case (Case No. 21-

15  35617) in favor of Plaintiff, the U.S.C. § 2257 information was quickly removed from Defendants'

16  Websites.

17      25.     Defendants in this matter previously brought a motion to dismiss based upon lack of

18  personal jurisdiction.  That motion was successful in the District Court but reversed by the Ninth Circuit

19  in *Will Co. v. Ka Yeung Lee*, 47 F.4th 917, 919 (9th Cir. 2022).   There is no question that personal

20  jurisdiction is appropriate in this case.

21      13.     Upon information and belief, Defendants all transact business in this Judicial District by

22  way of their interactive website and through their interactivity with United States and Washington

23  residents who have been offered the infringing and unlawful content at issue herein and who have,

24  themselves, engaged in acts of infringement in this District and State. The Court has personal

25  jurisdiction over the Defendants, who have engaged in business activities in and directed to this District

26

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 5

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

and have committed tortious acts within this District or directed at this District. The Defendants are amenable to service of process pursuant to the state Long-Arm Statute, and Fed.R.Civ.P. 4(e).

14. Any alien defendant is subject to jurisdiction in any district. See 28 U.S.C. 1391 ("An alien may be sued in any district.") See also Fed. R. Civ. P. 4(k)(2).

15. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., 28 U.S.C. §1331 and 28 U.S.C. §1338.

16. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and/or (c).

17. This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d) and 28 U.S.C. § 1400(a).

## **PARTIES**

13. Will Co. is, and at all relevant times was, a private limited liability company organized under the laws of Japan, and has its head office at Tokyo, Japan.

14. Will Co., an award-winning Japanese entertainment company, is comprised of nearly 100 employees who manage over 37 registered trademarks and 50 brands, each of which explore and deliver sensuality and sexuality through artistic photography, video, and erotic stories.

15. Since 2016, Will Co. has grown its video library to over 50,000 full length adult entertainment movies, featuring over 5000 models shot by over 300 photographer/directors. Its brands have grown into a globally recognized leader of Japanese sensual art garnering numerous industry awards through the use of studios in Japan, exotic locations, high budget productions, engaging storylines, famed photographers and directors coupled with the dedication from its artists and technicians.

16. As Will Co. has expanded its library and expanded its reach to a United States audience, Will Co. is registering copyrights with the U.S. Copyright Office.

17. Will Co. has registered with the United States Copyright Office the copyrighted works identified in this Complaint. Will Co. has taken industry standard steps to identify its products. Plaintiff

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 6

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1  videos and photographs are watermarked with Plaintiff readily identifiable logos and other content

2  management information.

3        18.    A schedule of the Will Co. copyrighted works at issue in this case thus far, which have

4  been registered with the U.S. Copyright Office, is attached hereto as Schedule A (the "Subject Works").

5        19.    Will Co. is also the owner of multiple trademark and service mark registrations in Japan,

6  and it has built common law trademark and service mark rights in the United States (collectively, the

7  registered and unregistered marks shall be referred to as the "Marks")   A schedule of the Marks is

8  attached hereto as Exhibit B.  Many of the Marks are registered with English language equivalents,

9  *e.g.*, MUTEKI, CROSS, E-BODY, FITCH, BEFREE, ROOKIE, kira☆kira and kuwaii[*].

10        20.    Will Co. is the producer and exclusive licensor of its own motion pictures/content.  Will

11  Co. distributes its content through exclusive digital licensing with Digital Commerce Inc.. Digital

12  Commerce, Inc. makes it products available through the website "Fanza."  Its goods are available in

13  the United States.   Its streaming service has temporarily halted in the United States, but it operated for

14  years in the United States and was well-known within the relevant community, resulting in millions of

15  dollars per month in revenues.  Will Co. intends to begin its streaming service again in the United

16  States.  Will Co. also maintains separate websites available in the United States for its most popular

17  brands, on such sites as: mutekimuteki.com.

18        21.    Will Co. has never authorized or given consent to Defendants to use the Marks or

19  Subject Works in the manner complained of herein.

20        22.    Defendants' own and operate Defendants' Websites. Defendant Ka Yeung Lee

21  (hereinafter "Lee") is, upon information and belief, a resident of the Hong Kong Special

22  Administrative Region of the People's Republic of China.

23        23.    Defendant Lee is listed as the client and payor in client information maintained by

24  Gorilla Servers, Inc. for services provided to ThisAV Web Site.  At the time of the initial filing, Gorilla

25  Services, Inc. was the hosting company for ThisAV Web Site.

26

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 7

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

24.     Defendant Youhaha Marketing and Promotion Limited (hereinafter "Youhaha") is, upon information and belief a company formed and registered in the Hong Kong Special Administrative Region of the People's Republic of China.

25.     Defendant Youhaha is listed as the client and payor in client information maintained by Gorilla Servers, Inc. for services provided to ThisAV Web Site.  Gorilla Services, Inc. was the hosting company for ThisAV Web Site.  Defendant Youhaha is also listed as the client and contact information for Tiger Media, providing ad broker services for ThisAV Web Site.

26.     On information and belief, Defendants also operate the mirror websites Missav.com; (ii) misav789.com; (iii) MyAV.com; (iv) VassIm.com; (iv) FiveTiu.com; and (v) EightCha.com.   On information and belief, these are all the alter egos of  Defendants Lee and Youhaha and the owners of ThisAV.com.  MissAV.com and the other mirror sites display the same content in the same format as ThisAV.com and use the same source code.

27.     Upon information and belief, Defendants' Websites operate with full intention of broadcasting, distributing, or making available content in the United States and earning money from the United States market. It appears that the Defendants' Websites utilize U.S.-based Cloudflare, Amakai Technolgies, and other US services to deliver infringing content to end users. It is currently unknown where the owners and operators are located.

28.     Defendants Does 2 through 20 are the owners, operators, shareholder executives, and affiliates of ThisAV Web Site.  Will Co. is unaware of the true names or capacities of Does 1 through 20.  Will Co. is informed and believes, and on that basis alleges, that Does 1 through 20 either (a) directly performed the acts alleged herein, (b) were acting as the agents, principals, alter egos, employees, or representatives of the owners and operators of the web sites, and/or (c) otherwise participated in the acts alleged herein with the owners and operators of the web sites.  Accordingly, Does 1 through 20 each are liable for all the acts alleged herein because they were the cause in fact and proximate cause of all injuries suffered by Will Co. as alleged herein.  Will Co. will amend the complaint to state the true names of Does 1 through 20 when their identities are discovered.

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 8

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

29.     Will Co.'s streaming video services are not currently available in the Unted States. However, Will Co.'s brands are well-known in the United States.  In the world of adult entertainment, there is a strong demand for new content, which usually arises in the context of new streams.  Will Co.'s brands release several new streaming videos each day.  The longer the videos are available, the less valuable they become to a significant sector of Plaintiff's potential customers.  The videos are also released on DVD or other digital formats after they are released in streaming.

## STATEMENT OF FACTS

30.     In addition to the valuable copyright assets identified above, Will Co. owns dozens of trademarks and service marks in relation to provision of videos and video-related goods and services (the "Marks").  Many of the Marks are registered in Japan.  A list of Will Co.'s more popular Marks is attached hereto as Exhibit B.

31.     For instance, some of the Marks include:

(i)  KIRA ☆KIRA: Reg. No. 5750634 in IC 009 and 041, respectively, for "Image files that can be received and stored using the Internet; Recorded video discs and video tapes" and "Planning or operation of a movie, entertainment, drama or music performance; Production of videotape/video disc masters; Planning, operation or holding of a sports performance."

2.  Kawaii*: Reg. No. 5750637 in IC 09 and 041 for "Image files that can be received and stored using the Internet • Recorded video discs and video tapes" and "Planning or operation of a film, entertainment, drama or music performance; Production of videotape/video disc masters; Planning, operation or holding of a sports performance."

3.  MUTEKI:  Reg. No. 5734687 in IC 041 for "Planning or operation of a movie, entertainment, drama or music performance; Production of videotape/video disc masters; Planning, operation or holding of a sports performance."

32.     Will's Marks are associated with high quality, adult-themed goods and services based around its studios and specialty brands.  There are very few authorized outlets for Will's goods and

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 9

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1   services.  By controlling access to a limited number of providers, Will maintains a tight rein on the

2   quality and source of its goods and services, which have very few authorized providers.

3       33.     Will's Marks and brands are known around the world.  As noted, a large percentage of

4   the Internet traffic seeking of Defendants' infringing materials derives from the United States.  On

5   information and belief, those potential consumers are familiar with Will's brands and are confused as

6   to the source of the materials on the Infringing Sites.

7       34.     The Defendants' Websites display the Marks with identical goods and services as those

8   produced by Plaintiff

9       35.      In order to gain access to the massive amounts of pirated content, a user simply need

10  only click on the website.  Internet users can simply watch videos on Defendants' Websites for free

11  without an account.

12      36.      In order to gain access to all of the highly interactive web site represented functions,

13  users of Defendants' Websites must sign up for an account.

14      37.     The sign-up process for ThisAV Web Site requires entry of a username, password, and

15  email address.

16      38.     The process to view Defendants' Websites or secure an account does not require any

17  age verification.

18      39.     Prior to the August 2022 changes to the websites, the ThisAV Web Site frequently asked

19  questions (FAQ) page, Defendants stated, "All newly uploaded videos need to be reviewed by the

20  webmaster."  The webmaster, upon information and belief, is one of Defendants or an agent of

21  Defendants acting upon express authority and/or direction of Defendants.

22      40.     Once a user has signed up, the user can, among other things, post videos or images for

23  display on the Defendants' Websites.

24      41.     Videos on Defendants' Websites may be shared on other sites via "embed links" that

25  allow for posting on or to any social media site, website site, or via Email to anyone. Such functionality

26

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 10

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1   makes it impossible to know how many times and where an unlicensed copyrighted video has been

2   posted and displayed illegally as a direct result of Defendant unlawful display.

3        42.    Static banner advertisements exist on each page of Defendants' Websites, including

4   advertisements expressly directed at United States viewers on behalf of United States companies.

5        43.    When a user attempts to watch a video, the user will be shown advertisements.

6        44.    Certain advertisements on Defendants' Websites are geo-targeted, meaning the

7   operators of the Defendants' Websites have means to determine the general locale of each user and

8   display advertisements consistent and/or specific to the locale, including the United States.

9        45.    Defendants earn money from the various advertisement schemes on Defendants'

10   Websites. The amount of money earned is directly related to the amount of traffic to Defendants'

11   Websites and the number of videos watched on the site.  Therefore, the quality of the videos on

12   Defendants' Websites directly influences the revenue generated by Defendants.

13        46.    To further drive traffic to Defendants' Websites and exploit Plaintiffs content,

14   Defendants regularly post infringing content from Plaintiff to its @missav_daily Twitter Account (now

15   X) daily.

16        47.    Defendants' Websites fails to fulfill the requisite conditions precedent to qualify for the

17   safe harbor provisions of the DMCA. Specifically, Defendants' Websites do not have an appointed

18   registered DMCA Agent. Further, Defendants fail to honor take-down notices sent to Defendants'

19   Websites and have failed to implement a reasonable repeat infringer policy.

20        48.    At the initial filing of this case, ThisAV Web Site displayed a DMCA Notice and a web

21   page inclusive of industry-standard language with instructions for notifying ThisAV of alleged

22   copyright infringements. However, a copyright holder following such instructions did not result in

23   either removal of the infringing content nor a termination of an infringer if a repeat infringer.

24        49.    Will Co.'s agents routinely police web sites to identify infringement of Will Co.'s

25   copyrighted works. In the course of doing so, Will Co.'s agents discovered many of Will Co.'s

26

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 11

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1 copyrighted works have been made available, in full, to the public on the Defendants' Websites for free

2 and without license or authorization from Will Co.

3       50.     Specifically, it was discovered that Defendants' Websites displayed 50 of Plaintiff's

4 copyright registered on each of Defendants' Websites identified herein.  These copyright registered

5 works are listed in Exhibits A, attached hereto.  Defendants have no authority or license to display or

6 distribute any portion of Plaintiffs' copyrighted works in the manner displayed or exploited by

7 Defendants and as complained therein.

8       51.     To date, Plaintiff has identified 1,738,686 Links to infringing use of 50,120 full length

9 video titles on MissAV.com and ThisAV.com alone.

10       52.     Plaintiff has identified and documented the infringing use of its copyright registered

11 works on each of Defendants' Websites identified in this complaint.

12       53.     Will Co. sent DMCA compliant takedown notices to Defendants' Websites pursuant to

13 17 U.S.C. § 512(c) and the policy stated on ThisAV Web Site and to its service providers pursuant to

14 their published policies.

15       54.     None of Plaintiff's content was removed.

16       55.     Defendants do not have a stated repeat infringer policy. Upon information and belief,

17 Defendants have actual knowledge and clear notice of the infringement of Plaintiff's titles. Upon

18 information and belief, Defendants are placing and making available for display Plaintiffs content and

19 the associated data including the name of the actors, trademark brand, and owner information on the

20 Defendants' Websites. The infringement is clear and obvious even to the most naïve observer.

21 Plaintiff's copyrighted works are indexed, displayed, and distributed on Defendants' Websites through

22 Defendants and the Doe Defendants acting in concert. Plaintiff's and other major producers' trademarks

23 and DVD catalog number are used to index infringing material and other identifiers which is evidence

24 of knowledge and intent by virtue of the conduct alleged herein. Defendants knowingly promote,

25 participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright

26

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 12

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1  infringement, and thereby have infringed, secondarily infringed, and induced infringement by others,

2  the copyrights in Plaintiffs' copyrighted work.

3      56.    Defendants manually review each video before that video being made available to the

4  public. Defendants, either jointly, severally, actually, constructively, and with or without direct concert

5  with one another, deprived Plaintiffs of the lawful monetary rewards that accompany its rights in the

6  copyrighted works and Marks.

7      57.    Defendants' disregard for copyright and trademark laws threaten Plaintiff's business.

8  Defendants intentionally, knowingly, negligently, or through willful blindness avoided reasonable

9  precautions to deter the rampant copyright infringement, unfair competition and trademark

10  infringement  on their website.

11      58.    Defendants' acts and omissions allow them to profit from their infringement while

12  imposing the burden of monitoring Defendants' website onto copyright holders, without sufficient

13  means to prevent continued and unabated infringement.

14

15  <div align="center">**FIRST CLAIM FOR RELIEF**
**Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.***</div>

16  <div align="center">**Against All Defendants**</div>

17      59.    Will Co. repeats, re-alleges, and incorporates by reference each preceding allegation set

18  forth herein.

19      60.    Will Co. is the owner of valid and registered copyrights in the Subject Works.

20      61.    Will Co. registered each copyright with the United States Copyright Office.

21      62.    Defendants have infringed, and are continuing to infringe, Will Co.'s copyrights by

22  reproducing, adapting, distributing, publicly performing, and/or publicly displaying and authorizing

23  others to reproduce, adapt, distribute, publicly perform, and/or publicly display copyrighted portions

24  and elements of the Subject Works, and/or the Subject Works in their entireties, without authorization,

25  in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

26      63.    Defendants did not have authority or license to copy and/or display the Subject Works.

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 13

<div align="center">**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)</div>

1    64.    Will Co. has never authorized or given consent to Defendants to use the Subject Works

2    in the manner displayed and exploited by Defendants.

3    65.    Defendants knew or reasonably should have known they did not have permission to

4    exploit the Subject Works on the Defendants' Websites and further knew or should have known their

5    acts constituted copyright infringement.

6    66.    Defendants' acts of infringement are willful, in disregard of, and with indifference to

7    the manner displayed and exploited by Defendants.

8    67.    Defendants engaged in intentional, knowing, negligent, or willfully blind conduct

9    sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiffs'

10   copyrighted works.

11   68.    The quantity and quality of copyright files available to users increased the attractiveness

12   of Defendants' service to its customers, increased its users base, and increased its ad sales revenue.

13   69.    Based on information and belief, Defendants actively uploaded pirated copyrighted

14   files, enabling users of Defendants' Websites to view copyrighted videos and images for free.

15   70.    Defendants controlled the files owned by Will Co. and determined which files

16   remained for display and distribution.

17   71.    Defendants never implemented or enforced a "repeat infringer" policy.

18   72.    Defendants either were aware, actually or constructively, should have been aware, or

19   were willfully blind that pirated copyrighted materials comprised the most popular videos on the

20   Defendants websites.

21   73.    Defendants, through Defendants' Websites, affirmatively and willfully

22   accommodated Internet traffic generated by the illegal acts.

23   74.    Defendants' conduct was willful within the meaning of 17 U.S.C. § 101, *et seq.*  At a

24   minimum, Defendants acted with willful blindness and reckless disregard of Will Co.'s registered

25   copyrights.

26

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 14

75.     Because of their wrongful conduct, Defendants are liable to Will Co. for copyright infringement. See 17 U.S.C. §501. Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

76.     The law permits Plaintiff to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, the law permits Plaintiff to recover statutory damages. 17 U.S.C. §504(c).

77.     Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c) (2).

78.     The law permits Plaintiff injunctive relief. 17 U.S.C. §502. Further, the law permits a Court Order impounding all infringing materials. 17 U.S.C. §503.

79.     Because of Defendants' acts and conduct, Will Co. has sustained and will continued to sustain substantial, immediate, and irreparable injury, for which there is not adequate remedy at law.  Unless enjoined and restrained by the Court, Defendants will continue to infringe Will Co.'s rights in the Subject Works.  Will Co. is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## SECOND CLAIM FOR RELIEF

### Inducement of Copyright Infringement

#### Against All Defendants

80.     Will Co. repeats, re-alleges, and incorporates by reference each preceding allegation set forth herein.

81.     Defendants designed and/or distributed technology and/or devices and/or induced individuals to use this technology to promote the use of infringed and copyrighted material. As a direct and proximate result of Defendants' inducement, individuals infringed Will Co.'s copyrighted works. These individuals reproduced, distributed and publicly disseminated Will Co.'s copyrighted works through Defendants' website.

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 15

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1    82.    On information and belief, Defendants have encouraged the illegal uploading and

2    downloading of Will Co.'s copyrighted works, thus inducing the unauthorized reproduction,

3    adaptation, public display and/or distribution of copies of the Will Co.'s copyrighted works, and thus

4    to the direct infringement of Will Co.'s copyrighted works.

5    83.    Defendants' actions constitute inducing copyright infringement of Will Co.'s copyrights

6    and exclusive rights under copyright in the Will Co.'s copyrighted works in violation of the Copyright

7    Act, 17 U.S.C. §§ 106 and 501.

8    84.    The infringement of Will Co.'s rights in and to each of the Will Co.'s copyrighted works

9    constituted a separate and distinct infringement.

10    85.    The acts of infringement by Defendants have been willful, intentional, purposeful and

11    in reckless disregard of and with indifference to Will Co.'s rights.

12    86.    As a direct and proximate result of the infringements by Defendants of Will Co.'s

13    copyrights and exclusive rights under copyright in the Will Co.'s copyrighted works, Will Co. is

14    entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

15    87.    Alternatively, Will Co. is entitled to maximum statutory damages, pursuant to 17 U.S.C.

16    § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may

17    be proper under 17 U.S.C. § 504(c).

18    88.    Will Co. is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. §

19    505.

20    89.    Because of Defendants' acts and conduct, Will Co. has sustained and will continue

21    to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at

22    law.  Unless enjoined and restrained by the Court, Defendants will continue to infringe Will Co.'s

23    rights in the Subject Works.  Will Co. is entitled to temporary, preliminary, and permanent

24    injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

25

26

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 16

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**THIRD CLAIM FOR RELIEF**
**Vicarious and Contributory Inducement of Copyright Infringement**
**Against All Defendants**

90.     Plaintiff repeats, re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in the preceding paragraphs of this Complaint.

91.     Defendants have systematically failed to take any action to remove infringing content from the Infringing Sites.

92.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted, and resultantly profited from the illegal reproduction, distribution, display, and/or creation of derivative works based on the Subject Works as alleged herein.

93.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

94.     Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, are contributory infringers because each knew or had reason to know of the infringing activity and that Defendants intentionally and materially contributed to the infringing activity.

95.     By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial.

96.     By reason of the Defendants' and each of their acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer general and special damages to its business in an amount to be established at trial.

97.     Due to Defendants' acts of contributory and/or vicarious copyright infringement, Defendants, and each of them, have obtained direct and indirect profits they would otherwise not have realized but for their infringement of the Subject Works. As such, Plaintiff is entitled to

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1  disgorgement of Defendants' profits, directly and indirectly, attributable to Defendants' infringement
2  of the Subject Works in an amount to be established at trial.

3       98.     Plaintiff is informed and believes and thereupon alleges that Defendants, and each of
4  them, have continued to infringe Plaintiff's copyright rights. Therefore, Defendants' acts of copyright
5  infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting
6  Defendants, and each of them, to liability, therefore. Further, Defendants, and each of them, willfully
7  and intentionally misappropriated, palmed-off, and/or infringed Plaintiff's Subject Works which
8  renders Defendants, and each of them, liable for damages as described herein.

9  **FOURTH CLAIM FOR RELIEF**

10 **(Trademark Infringement, False Designation of Origin and Unfair Competition -- Against All**
11 **Defendants)**

12      99.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of
13 this complaint.

14      100.     This claim for relief arises under 15 U.S.C. § 1125(a)(1)(A) and is alleged against all
15 Defendants.

16      101.     Plaintiff is the owner of the Marks and is entitled to sole use of those Marks in relation
17 to the business, goodwill and services associated with the Marks.

18      102.     None of the Defendants named herein have any claim or colorable right to utilize the
19 name Marks either in connection with goods or services related vidoes.

20      103.     Plaintiff's Marks function as designations origin that identify Plaintiff as the exclusive
21 source of adult-themed videos and video-related services, and distinguish Plaintiff's goods from the
22 goods of others in the marketplace.

23      104.     Defendants' use of Plaintiff's Marks in connection with its goods constitutes false
24 designation or origin and/or false or misleading representation. Defendants' use of identical or
25 confusingly similar variations of Plaintiff's Marks is likely to cause confusion, or mistake, or to
26 deceive others into believing that Defendants' products are manufactured, offered, sponsored,

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 18

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1    authorized, licensed, of similar quality to, or otherwise connected or affiliated with Plaintiff and

2    Plainiff's goods and services.

3          105.    Such false designation of origin and or representation constitutes unfair

4    competition and is an infringement of Plaintiff's rights in its Marks in violation of § 43(a) of the

5    Lanham Act, 15 U.S.C. § 1125(a).

6          106.    On information and belief, Defendants' acts are deliberate and intended to confuse the

7    public as to the source of the Defendants' goods and services, to injure Plaintiff, and to reap the

8    benefits of Paintiff's goodwill associated with Plaintiffs' Marks.

9          107.    As a direct and proximate result of Defendants' willful and unlawful conduct,

10   Defendant has damaged and will continue to damage Plaintiff's business, market, reputation, and

11   goodwill, and may discourage current and potential customers from dealing with Plaintiff. Such

12   irreparable damage will continue unless Defendant is enjoined from infringing Plaintiff's Marks.

13         108.    In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants

14   from using Plaintiff's Marks or any confusingly similar Marks for any purpose, and to recover from

15   Defendant all damages that Plaintiff has sustained and will sustain as a result of such infringing acts,

16   and all gains, profits and advantages obtained by Plaintiff as a result thereof, in an amount not yet

17   known well, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) and attorneys' fees and

18   treble damages pursuant to 15 U.S.C. § 1117(b).

19         109.    Pursuant to 15 U.S.C. § 1118, Plaintiff also asks the Court for an order forcing

20   Defendant to deliver up for destruction all products, labels, signs, prints, advertisements, and other

21   articles in Defendants' possession that infringe upon Plaintiff's rights.

22         110.    Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has

23   no adequate remedy at law.

24         111.    Defendants are using Plaintiff's Marks so as to cause confusion as to Plaintiff's

25   association with, affiliation with, or sponsorship of Plaintiff's goods and services.

26

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 19

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

112.     Plaintiffs are informed and believe that the acts of Defendants complained of herein were undertaken willfully and with the intention of causing confusion, mistake or deception.

113.     Monetary relief alone is not adequate to address fully the irreparable injury that defendants' illegal actions have caused and will continue to cause Plaintiff if Defendants' actions are not enjoined. Plaintiff will therefore also be entitled to preliminary and permanent injunctive relief to stop the ongoing acts of unfair competition and other violations by Defendant and anyone acting in concert with it.

## FIFTH CLAIM FOR RELIEF

### (Dilution – Against all Defendants)

114.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this Complaint.

115.     This claim for relief arises under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and is alleged against all defendants.

116.     Plaintiff is the owner of the valuable, famous Marks associated with provision of video-related goods and services, and is entitled to sole use and ownership of the business, goodwill of those Marks.

117.     Plaintiff's Marks have become famous throughout the United States, through use in the in connection with its high quality, regulation-compliant videos. Accordingly, it is entitled to protection under § 1125(c).

118.     Defendants' unauthorized use of Plaintiff's trade names and Marks does and will dilute the distinctive quality of the trade name and marks and will diminish and destroy the public association of the trade name and Marks with Plaintiff.

119.     In engaging in the actions complained of above, Defendants and each of them willfully intended and intend to trade on the reputation of Plaintiff's Marks.

120.     In engaging in the actions complained of above, Defendants and each of them have willfully intended to cause dilution of the famous trade names and marksbelonging to Plaintiff.

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 20

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1  For each act violating Plaintiff's rights, Plaintiff is entitled to recover actual damages as well as

2  Defendants' profits from such infringement.

3      121.    Plaintiff is informed and believes that the acts of Defendants complained of herein

4  were undertaken willfully and intentionally by Defendants.

5      122.    Monetary relief alone is not adequate to address fully the irreparable injury that

6  Defendants' illegal actions have caused and will continue to cause Plaintiff if Defendants' acts are not

7  enjoined. Plaintiff is therefore also entitled to preliminary and permanent injunctive relief to stop

8  Defendants' ongoing violations as well as those of anyone acting in concert with them.

9  <u>**SIXTH CLAIM FOR RELIEF**</u>

10  **(Washington Common Law Trademark Infringement)**

11      123.    Plaintiff realleges and incorporates by this reference each and every allegation set forth

12  in the paragraphs.

13      124.    Defendants' use of Plaintiff's Marks has infringed on its distinctive features in a

14  manner that tends to confuse, in the public mind, Plaintiff's products with others.

15      125.    Defendants' acts, as above alleged, constitute infringement of Plaintiff's Marks in

16  violation of the common law.

17      126.    Plaintiff has been and continues to be damaged in a manner that cannot be fully

18  measured or compensated in economic terms and for which there is no adequate remedy at law. The

19  actions of Defendant has damaged and will continue to damage Plaintiff's market, reputation, and

20  goodwill.

21      127.    Plaintiff has been damaged by Defendants' actions in an amount to be proven at trial.

22  <u>**SEVENTH CLAIM FOR RELIEF**</u>

23  **(Unfair Business Practices — RCW 19.86 *et seq.*)**

24      128.    Plaintiff realleges and incorporates by this reference each and every allegation set forth

25  in paragraphs above.

26

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 21

129.     Defendants' use of Plaintiff's Marks to promote, market, or sell products in Washington constitutes an unfair business practice pursuant to RCW 19.86 *et seq*.

130.     Defendants' use of Plaintiff's Marks is an unfair or deceptive practice occurring in trade or commerce that impacts the public interest and has caused injury to Plaintiff.

131.     Defendants' actions violate RCW 19.86 *et seq*.

## EIGHTH CLAIM FOR RELIEF

### *(Washington Common Law Unfair Competition)*

132.     Plaintiff realleges and incorporates by this reference each and every allegation set forth in the paragraphs above.

44. Defendants' use of Plaintiff's Marks has used the Marks in a manner that tends to confuse, in the public mind, Plaintiff's products and/or advertising with the products and/or advertising of others.

45. The acts of Defendant complained of herein constitute unfair competition in violation of Washington common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Will Co. Ltd prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award Will Co. relief including, but not limited to, an Order:

A.     Preliminarily and permanently enjoining  Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons acting in concert or participation with any of them, or under their direction or control, from any of the following activities:

(1)     Hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or otherwise exploiting or making

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 22

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

any use of any of Will Co.'s copyrighted works, including the Subject Works, or any portion(s) thereof in any form;

(2)     Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party (i) to host, link to, distribute, reproduce, copy, download, upload, make available for download, index, display, exhibit, publicly perform, communicate to the public, stream, transmit, or otherwise exploit or make any use of Will Co.'s copyrighted works, including the Subject Works, or portion(s) thereof; or (ii) to make available any of Will Co.'s copyrighted works, including the Subject Works, for hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or other exploitation or use;

(3)     Using, operating, maintaining, distributing, or supporting any computer server, website, software, domain name, email address, social media account, bank account, or payment processing system in connection with the hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, publicly performing, communicating to the public, streaming, transmitting, or other exploitation or use of any of Will Co.'s copyrighted works, including the Subject Works;

(4)     Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party to visit any website, including but not limited to any website operated by Defendants, that hosts, links to, distributes, reproduces, copies, downloads, uploads, makes available for download, indexes, displays, exhibits, publicly performs, communicates to the public, streams, transmits, or otherwise exploits or makes any use of Will Co.'s copyrighted works, including the Subject Works, or portion(s) thereof;

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1
2
3

(5)    Transferring or performing any function that results in the transfer of the registration of the domain name of Defendants' Websites including MissAV.com, ThisAV.com, MyAV.com, MissAV789.com, to any other registrant or registrar; and

4
5

(6)    Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this Paragraph.

6
7
8
9
10
11
12
13

B.    Requiring Defendants and their officers, servants, employees, agents and any persons who are, or on notice and upon continued provision of services would be, in active concert or participation with them, including but not limited to the domain name registrars and registries administering, holding, listing, or otherwise having control over the Defendants' Websites or any other domain name used in conjunction with Defendants' infringing activities, to transfer such domain name to Will Co.'s ownership and control, including, *inter alia*, by changing the registrar of record to the registrar of Will Co.'s choosing, unless Will Co. requests that such domain name be held and/or released rather than transferred.

14
15
16
17
18
19

C.    Requiring Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons or entity acting in concert or participation with any of them, or under their direction or control, including any internet search engines, web hosting and Internet service providers, domain name registrars, domain name registries and other service or software providers, within five (5) business days from the issuance of this Order:

20
21
22
23
24
25

(1)    To block or attempt to block access by United States users of Defendants' Websites including MissAV.com, ThisAV.com, MyAV.com, MissAV789.com, by blocking or attempting to block access to all domains, subdomains, URLs, and/or IP Addresses that has as its sole or predominant purpose to enable to facilitate access to Defendants' Websites including MissAV.com, ThisAV.com, MyAV.com, MissAV789.com,;

26

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 24

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

(2)     To re-route all domains, subdomains, URLs, and/or IP Addresses that provides access to each and every URL available from each of Defendants' Websites and its domains and subdomains.

D.  That the Court issue preliminary and permanent injunctive relief against Defendant, and that Defendant, its officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with Defendant, be enjoined and restrained from offering for sale, marketing, or selling any product which uses the Marks or any confusing similar designation;

E.  That the Court find Defendant's acts complained of herein unlawful as constituting unfair competition, false designation of origin, trademark and service mark infringement, and unjust enrichment under the causes of action asserted in this Second Amended Complaint;

F.  That the Court require that Defendant deliver up for destruction all products, labels, signs, prints, advertisements, and other articles that infringe Plaintiff's Marks, or are a result of any false designation of origin or unfair competition by Defendant;

G.   That the Court order an accounting of all gains, profits and advantages derived from Defendant's wrongful acts;

H.     That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

I.     That Plaintiff be awarded statutory damages in an amount to be determined at trial for all infringing activities, or actual damages including Plaintiff's damages and lost profits, Defendants' profit;

J.     That Defendants be ordered to account to Plaintiff for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

K.     That Plaintiff be awarded enhanced damages and attorney's fees;

L.     That Plaintiff be awarded pre-judgment and post-judgment interest;

M.      That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

N.      That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED:  April 22, 2024

**FREEMAN LAW FIRM, INC.**

By:_____*s/ Spencer Freeman*_____
     Spencer D. Freeman, WSBA No. 25069
1107 ½ Tacoma Avenue South
Tacoma, Washington 98042
253-383-4500
253-383-45101 (fax)
sfreeman@freemanlawfirm.org
sierra@freemanlawfirm.org
*Counsel for Plaintiff Will Co. Ltd*

**KARISH & BJORGUM, PC**

By__/S/ A. Eric Bjorgum_____

A. Eric Bjorgum, CA State Bar No. 198392
119 E. Union Street, Suite B
Pasadena, CA 91103
(213) 785-8070
(213) 995-5010 (fax)
eric.bjorgum@kb-ip.com
*Counsel for Will Co Ltd.*
(Moving for Admission pro hac vice)

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 26

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

SECOND AMENDED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF- 27

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
**Tacoma, WA 98042**
(253) 383-4500 - (253) 383-4501 (fax)

# Exhibit A

## Exhibit A

**Domain Name: THISAV.COM**
**Registrations: 50**

| Copyright Registration # | Title | Infringing Link |
|---|---|---|
| PA0002245467 | IPX-394 | https://thisav.com/dm57/en/ipx-394 |
| PA0002245468 | IPX-398 | https://thisav.com/dm64/en/ipx-398 |
| PA0002246147 | SSNI-703 | https://thisav.com/dm45/en/ssni-703<br>https://thisav.com/dm39/en/ssni-703-uncensored-leak |
| PA0002246148 | SSNI-683 | https://thisav.com/dm32/en/ssni-683 |
| PA0002246149 | SSNI-655 | https://thisav.com/dm44/en/ssni-655 |
| PA0002246150 | SSNI-205 | https://thisav.com/dm44/en/ssni-205<br>https://thisav.com/dm39/en/ssni-205-uncensored-leak |
| PA0002246151 | SSNI-678 | https://thisav.com/dm47/en/ssni-678 |
| PA0002246152 | SSNI-182 | https://thisav.com/dm44/en/ssni-182 |
| PA0002246153 | SSNI-152 | https://thisav.com/dm53/en/ssni-152<br>https://thisav.com/dm16/en/ssni-152-uncensored-leak |
| PA0002246209 | SSNI-675 | https://thisav.com/dm45/en/ssni-675<br>https://thisav.com/dm39/en/ssni-675-uncensored-leak |
| PA0002246213 | SSNI-135 | https://thisav.com/dm39/en/ssni-135 |
| PA0002246223 | SSNI-127 | https://thisav.com/dm31/en/ssni-127 |
| PA0002246228 | SSNI-117 | https://thisav.com/dm31/en/ssni-117 |
| PA0002246234 | SSNI-101 | https://thisav.com/dm45/en/ssni-101<br>https://thisav.com/dm39/en/ssni-101-uncensored-leak |
| PA0002246244 | SSNI-012 | https://thisav.com/dm26/en/ssni-012 |
| PA0002246265 | MIAE-332 | https://thisav.com/dm40/en/miae-332 |
| PA0002246268 | SSNI-687 | https://thisav.com/dm44/en/ssni-687 |
| PA0002246271 | MIAD-963 | https://thisav.com/dm48/en/miad-963 |
| PA0002246273 | MIDE-430 | https://thisav.com/dm52/en/mide-430 |
| PA0002246278 | SSNI-674 | https://thisav.com/dm47/en/ssni-674<br>https://thisav.com/dm39/en/ssni-674-uncensored-leak |
| PA0002246282 | SSNI-663 | https://thisav.com/dm45/en/ssni-663 |
| PA0002246285 | MIDE-677 | https://thisav.com/dm59/en/mide-677 |
| PA0002246288 | IPX-113 | https://thisav.com/dm44/en/ipx-113 |
| PA0002246289 | IPX-222 | https://thisav.com/dm57/en/ipx-222 |
| PA0002246290 | IPX-362 | https://thisav.com/dm58/en/ipx-362 |
| PA0002246291 | SSNI-143 | https://thisav.com/dm45/en/ssni-143 |
| PA0002246292 | SSNI-657 | https://thisav.com/dm46/en/ssni-657 |
| PA0002246294 | SSNI-192 | https://thisav.com/dm48/en/ssni-192<br>https://thisav.com/en/ssni-192-uncensored-leak |
| PA0002246297 | MIDE-678 | https://thisav.com/dm57/en/mide-678<br>https://thisav.com/dm26/en/mide-678-uncensored-leak |
| PA0002246298 | MIDE-683 | https://thisav.com/dm57/en/mide-683 |
| PA0002247253 | SSNI-054 | https://thisav.com/dm45/en/ssni-054<br>https://thisav.com/en/ssni-192-uncensored-leak |

| PA0002247254 | SSNI-207 | https://thisav.com/dm44/en/ssni-207 |
| PA0002247255 | SSNI-214 | https://thisav.com/dm56/en/ssni-214 |
| PA0002247257 | SSNI-215 | https://thisav.com/dm44/en/ssni-215 |
| PA0002247258 | SSNI-221 | https://thisav.com/dm45/en/ssni-221<br>https://thisav.com/dm39/en/ssni-221-uncensored-leak |
| PA0002247260 | SSNI-236 | https://thisav.com/dm44/en/ssni-236 |
| PA0002247264 | SSNI-242 | https://thisav.com/dm45/en/ssni-242 |
| PA0002247265 | SSNI-266 | https://thisav.com/dm44/en/ssni-266<br>https://thisav.com/en/ssni-266-uncensored-leak |
| PA0002247266 | SSNI-254 | https://thisav.com/dm44/en/ssni-254 |
| PA0002247268 | SSNI-268 | https://thisav.com/dm44/en/ssni-268<br>https://thisav.com/dm39/en/ssni-268-uncensored-leak |
| PA0002247270 | SSNI-297 | https://thisav.com/dm57/en/ssni-297 |
| PA0002247271 | SSNI-573 | https://thisav.com/dm44/en/ssni-573 |
| PA0002247272 | SSNI-644 | https://thisav.com/dm45/en/ssni-644<br>https://thisav.com/dm39/en/ssni-644-uncensored-leak |
| PA0002247273 | SSNI-645 | https://thisav.com/dm47/en/ssni-645<br>https://thisav.com/dm1/en/ssni-645-uncensored-leak |
| PA0002247278 | SSNI-646 | https://thisav.com/dm46/en/ssni-646<br>https://thisav.com/dm39/en/ssni-646-uncensored-leak |
| PA0002247281 | SSNI-730 | https://thisav.com/dm45/en/ssni-730<br>https://thisav.com/dm38/en/ssni-730-uncensored-leak |
| PA0002247282 | MEYD-435 | https://thisav.com/dm44/en/meyd-435 |
| PA0002247283 | SSNI-731 | https://thisav.com/dm59/en/ssni-731 |
| PA0002247284 | SSNI-737 | https://thisav.com/dm44/en/ssni-737 |
| PA0002247287 | WANZ-562 | https://thisav.com/dm57/en/wanz-562 |

**Domain Name: MISSAV.COM**
**Registrations: 50**

| Copyright Registration # | Title | Infringing Link |
|---|---|---|
| PA0002245467 | IPX-394 | https://missav.com/dm57/en/ipx-394 |
| PA0002245468 | IPX-398 | https://missav.com/dm64/en/ipx-398 |
| PA0002246147 | SSNI-703 | https://missav.com/dm45/en/ssni-703<br>https://missav.com/dm39/en/ssni-703-uncensored-leak |
| PA0002246148 | SSNI-683 | https://missav.com/dm32/en/ssni-683 |
| PA0002246149 | SSNI-655 | https://missav.com/dm44/en/ssni-655 |
| PA0002246150 | SSNI-205 | https://missav.com/dm44/en/ssni-205<br>https://missav.com/dm39/en/ssni-205-uncensored-leak |
| PA0002246151 | SSNI-678 | https://missav.com/dm47/en/ssni-678 |
| PA0002246152 | SSNI-182 | https://missav.com/dm44/en/ssni-182 |
| PA0002246153 | SSNI-152 | https://missav.com/dm53/en/ssni-152<br>https://missav.com/dm16/en/ssni-152-uncensored-leak |
| PA0002246209 | SSNI-675 | https://missav.com/dm45/en/ssni-675<br>https://missav.com/dm39/en/ssni-675-uncensored-leak |

| PA0002246213 | SSNI-135 | https://missav.com/dm39/en/ssni-135 |
| PA0002246223 | SSNI-127 | https://missav.com/dm31/en/ssni-127 |
| PA0002246228 | SSNI-117 | https://missav.com/dm31/en/ssni-117 |
| PA0002246234 | SSNI-101 | https://missav.com/dm45/en/ssni-101<br>https://missav.com/dm39/en/ssni-101-uncensored-leak |
| PA0002246244 | SSNI-012 | https://missav.com/dm26/en/ssni-012 |
| PA0002246265 | MIAE-332 | https://missav.com/dm40/en/miae-332 |
| PA0002246268 | SSNI-687 | https://missav.com/dm44/en/ssni-687 |
| PA0002246271 | MIAD-963 | https://missav.com/dm48/en/miad-963 |
| PA0002246273 | MIDE-430 | https://missav.com/dm52/en/mide-430 |
| PA0002246278 | SSNI-674 | https://missav.com/dm47/en/ssni-674<br>https://missav.com/dm39/en/ssni-674-uncensored-leak |
| PA0002246282 | SSNI-663 | https://missav.com/dm45/en/ssni-663 |
| PA0002246285 | MIDE-677 | https://missav.com/dm59/en/mide-677 |
| PA0002246288 | IPX-113 | https://missav.com/dm44/en/ipx-113 |
| PA0002246289 | IPX-222 | https://missav.com/dm57/en/ipx-222 |
| PA0002246290 | IPX-362 | https://missav.com/dm58/en/ipx-362 |
| PA0002246291 | SSNI-143 | https://missav.com/dm45/en/ssni-143 |
| PA0002246292 | SSNI-657 | https://missav.com/dm46/en/ssni-657 |
| PA0002246294 | SSNI-192 | https://missav.com/dm48/en/ssni-192<br>https://missav.com/en/ssni-192-uncensored-leak |
| PA0002246297 | MIDE-678 | https://missav.com/dm57/en/mide-678<br>https://missav.com/dm26/en/mide-678-uncensored-leak |
| PA0002246298 | MIDE-683 | https://missav.com/dm57/en/mide-683 |
| PA0002247253 | SSNI-054 | https://missav.com/dm45/en/ssni-054<br>https://missav.com/en/ssni-192-uncensored-leak |
| PA0002247254 | SSNI-207 | https://missav.com/dm44/en/ssni-207 |
| PA0002247255 | SSNI-214 | https://missav.com/dm56/en/ssni-214 |
| PA0002247257 | SSNI-215 | https://missav.com/dm44/en/ssni-215 |
| PA0002247258 | SSNI-221 | https://missav.com/dm45/en/ssni-221<br>https://missav.com/dm39/en/ssni-221-uncensored-leak |
| PA0002247260 | SSNI-236 | https://missav.com/dm44/en/ssni-236 |
| PA0002247264 | SSNI-242 | https://missav.com/dm45/en/ssni-242 |
| PA0002247265 | SSNI-266 | https://missav.com/dm44/en/ssni-266<br>https://missav.com/en/ssni-266-uncensored-leak |
| PA0002247266 | SSNI-254 | https://missav.com/dm44/en/ssni-254 |
| PA0002247268 | SSNI-268 | https://missav.com/dm44/en/ssni-268<br>https://missav.com/dm39/en/ssni-268-uncensored-leak |
| PA0002247270 | SSNI-297 | https://missav.com/dm57/en/ssni-297 |
| PA0002247271 | SSNI-573 | https://missav.com/dm44/en/ssni-573 |
| PA0002247272 | SSNI-644 | https://missav.com/dm45/en/ssni-644<br>https://missav.com/dm39/en/ssni-644-uncensored-leak |
| PA0002247273 | SSNI-645 | https://missav.com/dm47/en/ssni-645<br>https://missav.com/dm1/en/ssni-645-uncensored-leak |
| PA0002247278 | SSNI-646 | https://missav.com/dm46/en/ssni-646 |

| | | https://missav.com/dm39/en/ssni-646-uncensored-leak |
|---|---|---|
| PA0002247281 | SSNI-730 | https://missav.com/dm45/en/ssni-730 |
| | | https://missav.com/dm38/en/ssni-730-uncensored-leak |
| PA0002247282 | MEYD-435 | https://missav.com/dm44/en/meyd-435 |
| PA0002247283 | SSNI-731 | https://missav.com/dm59/en/ssni-731 |
| PA0002247284 | SSNI-737 | https://missav.com/dm44/en/ssni-737 |
| PA0002247287 | WANZ-562 | https://missav.com/dm57/en/wanz-562 |

**Domain Name: MYAV.COM**
**Registrations: 50**

| Copyright Registration # | Title | Infringing Link |
|---|---|---|
| PA0002245467 | IPX-394 | https://myav.com/dm57/en/ipx-394 |
| PA0002245468 | IPX-398 | https://myav.com/dm64/en/ipx-398 |
| PA0002246147 | SSNI-703 | https://myav.com/dm45/en/ssni-703 |
| | | https://myav.com/dm39/en/ssni-703-uncensored-leak |
| PA0002246148 | SSNI-683 | https://myav.com/dm32/en/ssni-683 |
| PA0002246149 | SSNI-655 | https://myav.com/dm44/en/ssni-655 |
| PA0002246150 | SSNI-205 | https://myav.com/dm44/en/ssni-205 |
| | | https://myav.com/dm39/en/ssni-205-uncensored-leak |
| PA0002246151 | SSNI-678 | https://myav.com/dm47/en/ssni-678 |
| PA0002246152 | SSNI-182 | https://myav.com/dm44/en/ssni-182 |
| PA0002246153 | SSNI-152 | https://myav.com/dm53/en/ssni-152 |
| | | https://myav.com/dm16/en/ssni-152-uncensored-leak |
| PA0002246209 | SSNI-675 | https://myav.com/dm45/en/ssni-675 |
| | | https://myav.com/dm39/en/ssni-675-uncensored-leak |
| PA0002246213 | SSNI-135 | https://myav.com/dm39/en/ssni-135 |
| PA0002246223 | SSNI-127 | https://myav.com/dm31/en/ssni-127 |
| PA0002246228 | SSNI-117 | https://myav.com/dm31/en/ssni-117 |
| PA0002246234 | SSNI-101 | https://myav.com/dm45/en/ssni-101 |
| | | https://myav.com/dm39/en/ssni-101-uncensored-leak |
| PA0002246244 | SSNI-012 | https://myav.com/dm26/en/ssni-012 |
| PA0002246265 | MIAE-332 | https://myav.com/dm40/en/miae-332 |
| PA0002246268 | SSNI-687 | https://myav.com/dm44/en/ssni-687 |
| PA0002246271 | MIAD-963 | https://myav.com/dm48/en/miad-963 |
| PA0002246273 | MIDE-430 | https://myav.com/dm52/en/mide-430 |
| PA0002246278 | SSNI-674 | https://myav.com/dm47/en/ssni-674 |
| | | https://myav.com/dm39/en/ssni-674-uncensored-leak |
| PA0002246282 | SSNI-663 | https://myav.com/dm45/en/ssni-663 |
| PA0002246285 | MIDE-677 | https://myav.com/dm59/en/mide-677 |
| PA0002246288 | IPX-113 | https://myav.com/dm44/en/ipx-113 |
| PA0002246289 | IPX-222 | https://myav.com/dm57/en/ipx-222 |
| PA0002246290 | IPX-362 | https://myav.com/dm58/en/ipx-362 |
| PA0002246291 | SSNI-143 | https://myav.com/dm45/en/ssni-143 |
| PA0002246292 | SSNI-657 | https://myav.com/dm46/en/ssni-657 |

| PA0002246294 | SSNI-192 | https://myav.com/dm48/en/ssni-192<br>https://myav.com/en/ssni-192-uncensored-leak |
| PA0002246297 | MIDE-678 | https://myav.com/dm57/en/mide-678<br>https://myav.com/dm26/en/mide-678-uncensored-leak |
| PA0002246298 | MIDE-683 | https://myav.com/dm57/en/mide-683 |
| PA0002247253 | SSNI-054 | https://myav.com/dm45/en/ssni-054<br>https://myav.com/en/ssni-192-uncensored-leak |
| PA0002247254 | SSNI-207 | https://myav.com/dm44/en/ssni-207 |
| PA0002247255 | SSNI-214 | https://myav.com/dm56/en/ssni-214 |
| PA0002247257 | SSNI-215 | https://myav.com/dm44/en/ssni-215 |
| PA0002247258 | SSNI-221 | https://myav.com/dm45/en/ssni-221<br>https://myav.com/dm39/en/ssni-221-uncensored-leak |
| PA0002247260 | SSNI-236 | https://myav.com/dm44/en/ssni-236 |
| PA0002247264 | SSNI-242 | https://myav.com/dm45/en/ssni-242 |
| PA0002247265 | SSNI-266 | https://myav.com/dm44/en/ssni-266<br>https://myav.com/en/ssni-266-uncensored-leak |
| PA0002247266 | SSNI-254 | https://myav.com/dm44/en/ssni-254 |
| PA0002247268 | SSNI-268 | https://myav.com/dm44/en/ssni-268<br>https://myav.com/dm39/en/ssni-268-uncensored-leak |
| PA0002247270 | SSNI-297 | https://myav.com/dm57/en/ssni-297 |
| PA0002247271 | SSNI-573 | https://myav.com/dm44/en/ssni-573 |
| PA0002247272 | SSNI-644 | https://myav.com/dm45/en/ssni-644<br>https://myav.com/dm39/en/ssni-644-uncensored-leak |
| PA0002247273 | SSNI-645 | https://myav.com/dm47/en/ssni-645<br>https://myav.com/dm1/en/ssni-645-uncensored-leak |
| PA0002247278 | SSNI-646 | https://myav.com/dm46/en/ssni-646<br>https://myav.com/dm39/en/ssni-646-uncensored-leak |
| PA0002247281 | SSNI-730 | https://myav.com/dm45/en/ssni-730<br>https://myav.com/dm38/en/ssni-730-uncensored-leak |
| PA0002247282 | MEYD-435 | https://myav.com/dm44/en/meyd-435 |
| PA0002247283 | SSNI-731 | https://myav.com/dm59/en/ssni-731 |
| PA0002247284 | SSNI-737 | https://myav.com/dm44/en/ssni-737 |
| PA0002247287 | WANZ-562 | https://myav.com/dm57/en/wanz-562 |

**Domain Name: MISSAV789.COM**
**Registrations: 50**

| Copyright Registration # | Title | Infringing Link |
|---|---|---|
| PA0002245467 | IPX-394 | https://missav789.com/dm57/en/ipx-394 |
| PA0002245468 | IPX-398 | https://missav789.com/dm64/en/ipx-398 |
| PA0002246147 | SSNI-703 | https://missav789.com/dm45/en/ssni-703<br>https://missav789.com/dm39/en/ssni-703-uncensored-leak |
| PA0002246148 | SSNI-683 | https://missav789.com/dm32/en/ssni-683 |
| PA0002246149 | SSNI-655 | https://missav789.com/dm44/en/ssni-655 |
| PA0002246150 | SSNI-205 | https://missav789.com/dm44/en/ssni-205 |

| | | https://missav789.com/dm39/en/ssni-205-uncensored-leak |
|---|---|---|
| PA0002246151 | SSNI-678 | https://missav789.com/dm47/en/ssni-678 |
| PA0002246152 | SSNI-182 | https://missav789.com/dm44/en/ssni-182 |
| PA0002246153 | SSNI-152 | https://missav789.com/dm53/en/ssni-152 |
| | | https://missav789.com/dm16/en/ssni-152-uncensored-leak |
| PA0002246209 | SSNI-675 | https://missav789.com/dm45/en/ssni-675 |
| | | https://missav789.com/dm39/en/ssni-675-uncensored-leak |
| PA0002246213 | SSNI-135 | https://missav789.com/dm39/en/ssni-135 |
| PA0002246223 | SSNI-127 | https://missav789.com/dm31/en/ssni-127 |
| PA0002246228 | SSNI-117 | https://missav789.com/dm31/en/ssni-117 |
| PA0002246234 | SSNI-101 | https://missav789.com/dm45/en/ssni-101 |
| | | https://missav789.com/dm39/en/ssni-101-uncensored-leak |
| PA0002246244 | SSNI-012 | https://missav789.com/dm26/en/ssni-012 |
| PA0002246265 | MIAE-332 | https://missav789.com/dm40/en/miae-332 |
| PA0002246268 | SSNI-687 | https://missav789.com/dm44/en/ssni-687 |
| PA0002246271 | MIAD-963 | https://missav789.com/dm48/en/miad-963 |
| PA0002246273 | MIDE-430 | https://missav789.com/dm52/en/mide-430 |
| PA0002246278 | SSNI-674 | https://missav789.com/dm47/en/ssni-674 |
| | | https://missav789.com/dm39/en/ssni-674-uncensored-leak |
| PA0002246282 | SSNI-663 | https://missav789.com/dm45/en/ssni-663 |
| PA0002246285 | MIDE-677 | https://missav789.com/dm59/en/mide-677 |
| PA0002246288 | IPX-113 | https://missav789.com/dm44/en/ipx-113 |
| PA0002246289 | IPX-222 | https://missav789.com/dm57/en/ipx-222 |
| PA0002246290 | IPX-362 | https://missav789.com/dm58/en/ipx-362 |
| PA0002246291 | SSNI-143 | https://missav789.com/dm45/en/ssni-143 |
| PA0002246292 | SSNI-657 | https://missav789.com/dm46/en/ssni-657 |
| PA0002246294 | SSNI-192 | https://missav789.com/dm48/en/ssni-192 |
| | | https://missav789.com/en/ssni-192-uncensored-leak |
| PA0002246297 | MIDE-678 | https://missav789.com/dm57/en/mide-678 |
| | | https://missav789.com/dm26/en/mide-678-uncensored-leak |
| PA0002246298 | MIDE-683 | https://missav789.com/dm57/en/mide-683 |
| PA0002247253 | SSNI-054 | https://missav789.com/dm45/en/ssni-054 |
| | | https://missav789.com/en/ssni-192-uncensored-leak |
| PA0002247254 | SSNI-207 | https://missav789.com/dm44/en/ssni-207 |
| PA0002247255 | SSNI-214 | https://missav789.com/dm56/en/ssni-214 |
| PA0002247257 | SSNI-215 | https://missav789.com/dm44/en/ssni-215 |
| PA0002247258 | SSNI-221 | https://missav789.com/dm45/en/ssni-221 |
| | | https://missav789.com/dm39/en/ssni-221-uncensored-leak |
| PA0002247260 | SSNI-236 | https://missav789.com/dm44/en/ssni-236 |
| PA0002247264 | SSNI-242 | https://missav789.com/dm45/en/ssni-242 |
| PA0002247265 | SSNI-266 | https://missav789.com/dm44/en/ssni-266 |
| | | https://missav789.com/en/ssni-266-uncensored-leak |
| PA0002247266 | SSNI-254 | https://missav789.com/dm44/en/ssni-254 |
| PA0002247268 | SSNI-268 | https://missav789.com/dm44/en/ssni-268 |
| | | https://missav789.com/dm39/en/ssni-268-uncensored-leak |

| PA0002247270 | SSNI-297 | https://missav789.com/dm57/en/ssni-297 |
| PA0002247271 | SSNI-573 | https://missav789.com/dm44/en/ssni-573 |
| PA0002247272 | SSNI-644 | https://missav789.com/dm45/en/ssni-644 |
| | | https://missav789.com/dm39/en/ssni-644-uncensored-leak |
| PA0002247273 | SSNI-645 | https://missav789.com/dm47/en/ssni-645 |
| | | https://missav789.com/dm1/en/ssni-645-uncensored-leak |
| PA0002247278 | SSNI-646 | https://missav789.com/dm46/en/ssni-646 |
| | | https://missav789.com/dm39/en/ssni-646-uncensored-leak |
| PA0002247281 | SSNI-730 | https://missav789.com/dm45/en/ssni-730 |
| | | https://missav789.com/dm38/en/ssni-730-uncensored-leak |
| PA0002247282 | MEYD-435 | https://missav789.com/dm44/en/meyd-435 |
| PA0002247283 | SSNI-731 | https://missav789.com/dm59/en/ssni-731 |
| PA0002247284 | SSNI-737 | https://missav789.com/dm44/en/ssni-737 |
| PA0002247287 | WANZ-562 | https://missav789.com/dm57/en/wanz-562 |

**Domain Name: EIGTHCHA.COM**
**Registrations: 50**

| Copyright Registration # | Title | Infringing Link |
|---|---|---|
| PA0002245467 | IPX-394 | https://eightcha.com/ipx-394/cover.jpg?class=normal |
| PA0002245468 | IPX-398 | https://eightcha.com/ipx-398/cover.jpg?class=normal |
| PA0002246147 | SSNI-703 | https://eightcha.com/ssni-703/cover.jpg?class=normal |
| PA0002246148 | SSNI-683 | https://eightcha.com/ssni-683/cover.jpg?class=normal |
| PA0002246149 | SSNI-655 | https://eightcha.com/ssni-655/cover.jpg?class=normal |
| PA0002246150 | SSNI-205 | https://eightcha.com/ssni-205/cover.jpg?class=normal |
| PA0002246151 | SSNI-678 | https://eightcha.com/ssni-678/cover.jpg?class=normal |
| PA0002246152 | SSNI-182 | https://eightcha.com/ssni-182/cover.jpg?class=normal |
| PA0002246153 | SSNI-152 | https://eightcha.com/ssni-152/cover.jpg?class=normal |
| PA0002246209 | SSNI-675 | https://eightcha.com/ssni-675/cover.jpg?class=normal |
| PA0002246213 | SSNI-135 | https://eightcha.com/ssni-135/cover.jpg?class=normal |
| PA0002246223 | SSNI-127 | https://eightcha.com/ssni-127/cover.jpg?class=normal |
| PA0002246228 | SSNI-117 | https://eightcha.com/ssni-117/cover.jpg?class=normal |
| PA0002246234 | SSNI-101 | https://eightcha.com/ssni-101/cover.jpg?class=normal |
| PA0002246244 | SSNI-012 | https://eightcha.com/ssni-012/cover.jpg?class=normal |
| PA0002246265 | MIAE-332 | https://eightcha.com/miae-332/cover.jpg?class=normal |
| PA0002246268 | SSNI-687 | https://eightcha.com/ssni-687/cover.jpg?class=normal |
| PA0002246271 | MIAD-963 | https://eightcha.com/miad-963/cover.jpg?class=normal |
| PA0002246273 | MIDE-430 | https://eightcha.com/mide-430/cover.jpg?class=normal |
| PA0002246278 | SSNI-674 | https://eightcha.com/ssni-674/cover.jpg?class=normal |
| PA0002246282 | SSNI-663 | https://eightcha.com/ssni-663/cover.jpg?class=normal |
| PA0002246285 | MIDE-677 | https://eightcha.com/mide-677/cover.jpg?class=normal |
| PA0002246288 | IPX-113 | https://eightcha.com/ipx-113/cover.jpg?class=normal |
| PA0002246289 | IPX-222 | https://eightcha.com/ipx-222/cover.jpg?class=normal |
| PA0002246290 | IPX-362 | https://eightcha.com/ipx-362/cover.jpg?class=normal |
| PA0002246291 | SSNI-143 | https://eightcha.com/ssni-143/cover.jpg?class=normal |

| PA0002246292 | SSNI-657 | https://eightcha.com/ssni-657/cover.jpg?class=normal |
| PA0002246294 | SSNI-192 | https://eightcha.com/ssni-192/cover.jpg?class=normal |
| PA0002246297 | MIDE-678 | https://eightcha.com/mide-678/cover.jpg?class=normal |
| PA0002246298 | MIDE-683 | https://eightcha.com/mide-683/cover.jpg?class=normal |
| PA0002247253 | SSNI-054 | https://eightcha.com/ssni-054/cover.jpg?class=normal |
| PA0002247254 | SSNI-207 | https://eightcha.com/ssni-207/cover.jpg?class=normal |
| PA0002247255 | SSNI-214 | https://eightcha.com/ssni-214/cover.jpg?class=normal |
| PA0002247257 | SSNI-215 | https://eightcha.com/ssni-215/cover.jpg?class=normal |
| PA0002247258 | SSNI-221 | https://eightcha.com/ssni-221/cover.jpg?class=normal |
| PA0002247260 | SSNI-236 | https://eightcha.com/ssni-236/cover.jpg?class=normal |
| PA0002247264 | SSNI-242 | https://eightcha.com/ssni-242/cover.jpg?class=normal |
| PA0002247265 | SSNI-266 | https://eightcha.com/ssni-266/cover.jpg?class=normal |
| PA0002247266 | SSNI-254 | https://eightcha.com/ssni-254/cover.jpg?class=normal |
| PA0002247268 | SSNI-268 | https://eightcha.com/ssni-268/cover.jpg?class=normal |
| PA0002247270 | SSNI-297 | https://eightcha.com/ssni-297/cover.jpg?class=normal |
| PA0002247271 | SSNI-573 | https://eightcha.com/ssni-573/cover.jpg?class=normal |
| PA0002247272 | SSNI-644 | https://eightcha.com/ssni-644/cover.jpg?class=normal |
| PA0002247273 | SSNI-645 | https://eightcha.com/ssni-645/cover.jpg?class=normal |
| PA0002247278 | SSNI-646 | https://eightcha.com/ssni-646/cover.jpg?class=normal |
| PA0002247281 | SSNI-730 | https://eightcha.com/ssni-730/cover.jpg?class=normal |
| PA0002247282 | MEYD-435 | https://eightcha.com/meyd-435/cover.jpg?class=normal |
| PA0002247283 | SSNI-731 | https://eightcha.com/ssni-731/cover.jpg?class=normal |
| PA0002247284 | SSNI-737 | https://eightcha.com/ssni-737/cover.jpg?class=normal |
| PA0002247287 | WANZ-562 | https://eightcha.com/wanz-562/cover.jpg?class=normal |

**Domain Name: FIVETIU.COM**
**Registrations: 50**

| Copyright Registration # | Title | Infringing Link |
| --- | --- | --- |
| PA0002245467 | IPX-394 | https://fivetiu.com/ipx-394/cover.jpg?class=normal |
| PA0002245468 | IPX-398 | https://fivetiu.com/ipx-398/cover.jpg?class=normal |
| PA0002246147 | SSNI-703 | https://fivetiu.com/ssni-703/cover.jpg?class=normal |
| PA0002246148 | SSNI-683 | https://fivetiu.com/ssni-683/cover.jpg?class=normal |
| PA0002246149 | SSNI-655 | https://fivetiu.com/ssni-655/cover.jpg?class=normal |
| PA0002246150 | SSNI-205 | https://fivetiu.com/ssni-205/cover.jpg?class=normal |
| PA0002246151 | SSNI-678 | https://fivetiu.com/ssni-678/cover.jpg?class=normal |
| PA0002246152 | SSNI-182 | https://fivetiu.com/ssni-182/cover.jpg?class=normal |
| PA0002246153 | SSNI-152 | https://fivetiu.com/ssni-152/cover.jpg?class=normal |
| PA0002246209 | SSNI-675 | https://fivetiu.com/ssni-675/cover.jpg?class=normal |
| PA0002246213 | SSNI-135 | https://fivetiu.com/ssni-135/cover.jpg?class=normal |
| PA0002246223 | SSNI-127 | https://fivetiu.com/ssni-127/cover.jpg?class=normal |
| PA0002246228 | SSNI-117 | https://fivetiu.com/ssni-117/cover.jpg?class=normal |
| PA0002246234 | SSNI-101 | https://fivetiu.com/ssni-101/cover.jpg?class=normal |
| PA0002246244 | SSNI-012 | https://fivetiu.com/ssni-012/cover.jpg?class=normal |
| PA0002246265 | MIAE-332 | https://fivetiu.com/miae-332/cover.jpg?class=normal |

| PA0002246268 | SSNI-687 | https://fivetiu.com/ssni-687/cover.jpg?class=normal |
|---|---|---|
| PA0002246271 | MIAD-963 | https://fivetiu.com/miad-963/cover.jpg?class=normal |
| PA0002246273 | MIDE-430 | https://fivetiu.com/mide-430/cover.jpg?class=normal |
| PA0002246278 | SSNI-674 | https://fivetiu.com/ssni-674/cover.jpg?class=normal |
| PA0002246282 | SSNI-663 | https://fivetiu.com/ssni-663/cover.jpg?class=normal |
| PA0002246285 | MIDE-677 | https://fivetiu.com/mide-677/cover.jpg?class=normal |
| PA0002246288 | IPX-113 | https://fivetiu.com/ipx-113/cover.jpg?class=normal |
| PA0002246289 | IPX-222 | https://fivetiu.com/ipx-222/cover.jpg?class=normal |
| PA0002246290 | IPX-362 | https://fivetiu.com/ipx-362/cover.jpg?class=normal |
| PA0002246291 | SSNI-143 | https://fivetiu.com/ssni-143/cover.jpg?class=normal |
| PA0002246292 | SSNI-657 | https://fivetiu.com/ssni-657/cover.jpg?class=normal |
| PA0002246294 | SSNI-192 | https://fivetiu.com/ssni-192/cover.jpg?class=normal |
| PA0002246297 | MIDE-678 | https://fivetiu.com/mide-678/cover.jpg?class=normal |
| PA0002246298 | MIDE-683 | https://fivetiu.com/mide-683/cover.jpg?class=normal |
| PA0002247253 | SSNI-054 | https://fivetiu.com/ssni-054/cover.jpg?class=normal |
| PA0002247254 | SSNI-207 | https://fivetiu.com/ssni-207/cover.jpg?class=normal |
| PA0002247255 | SSNI-214 | https://fivetiu.com/ssni-214/cover.jpg?class=normal |
| PA0002247257 | SSNI-215 | https://fivetiu.com/ssni-215/cover.jpg?class=normal |
| PA0002247258 | SSNI-221 | https://fivetiu.com/ssni-221/cover.jpg?class=normal |
| PA0002247260 | SSNI-236 | https://fivetiu.com/ssni-236/cover.jpg?class=normal |
| PA0002247264 | SSNI-242 | https://fivetiu.com/ssni-242/cover.jpg?class=normal |
| PA0002247265 | SSNI-266 | https://fivetiu.com/ssni-266/cover.jpg?class=normal |
| PA0002247266 | SSNI-254 | https://fivetiu.com/ssni-254/cover.jpg?class=normal |
| PA0002247268 | SSNI-268 | https://fivetiu.com/ssni-268/cover.jpg?class=normal |
| PA0002247270 | SSNI-297 | https://fivetiu.com/ssni-297/cover.jpg?class=normal |
| PA0002247271 | SSNI-573 | https://fivetiu.com/ssni-573/cover.jpg?class=normal |
| PA0002247272 | SSNI-644 | https://fivetiu.com/ssni-644/cover.jpg?class=normal |
| PA0002247273 | SSNI-645 | https://fivetiu.com/ssni-645/cover.jpg?class=normal |
| PA0002247278 | SSNI-646 | https://fivetiu.com/ssni-646/cover.jpg?class=normal |
| PA0002247281 | SSNI-730 | https://fivetiu.com/ssni-730/cover.jpg?class=normal |
| PA0002247282 | MEYD-435 | https://fivetiu.com/meyd-435/cover.jpg?class=normal |
| PA0002247283 | SSNI-731 | https://fivetiu.com/ssni-731/cover.jpg?class=normal |
| PA0002247284 | SSNI-737 | https://fivetiu.com/ssni-737/cover.jpg?class=normal |
| PA0002247287 | WANZ-562 | https://fivetiu.com/wanz-562/cover.jpg?class=normal |

# Exhibit B

**EXHIBIT B**

Trademarks / Service Marks

| | | |
|---|---|---|
| エスワン | はじめ企画 | Hunter |
| ムーディーズ | ﾐﾆﾏﾑ | ROYAL |
| アイデアポケット | もっこりﾃﾚﾋﾞ | ジャックポットシステム |
| プレミアム | 胸ｷｭﾝ喫茶 | アパッチ |
| マドンナ | 本中 | ATOM |
| アタッカーズ | 未満 | ゴールデンタイム |
| 溜池ｺﾞﾛｰ | 無垢 | お夜食カンパニー |
| kira☆kira | 乱丸 | GO！GO！お手当ちゃん |
| kawaii* | DMMオリジナル | しろうとエチチ.ch |
| MUTEKI | 変態紳士倶楽部 | 素人天然水 |
| CROSS | 蜜月 | 肉女子キュンキュン♪ |
| オペラ | コア | ＃シロウト逸材発掘〜仕事帰りのヤリもくちゃんSSR |
| ヴィ | ワンズファクトリー | |
| 美 | MTK | Buzzシロウト |
| BeFree | Love Place | 神級ビッチ |
| E-BODY | team ZERO | 日払いちゃん |
| Fitch | D☆Collection | #職業女子 |
| エムズビデオグループ | ﾅﾝﾊﾟJAPAN | チョロすぎQ |
| オッパイ | ﾋﾞﾋﾞｱﾝ | しろうと速報 |
| ROOKIE | ｷｬﾝﾃﾞｨ | 素人ムクムク |
| イエロー | えむっ娘ﾗﾎﾞ | 路地裏ぱんぱん |
| ズッコンバッコン | ﾔﾘﾏﾝ伝説 | 巨乳は飲み物。 |
| ｱﾝﾅと花子 | ｸﾝｶ | しろうと屋 |
| ｴｱｰｺﾝﾄﾛｰﾙ | ぐりーんあっぷる | 素人盗撮倶楽部 |
| ﾀﾞｽｯ! | | |

素人ぱいぱい

ねっとりフリックス

東京恋マチ女子

東狂ハメンジャーズ

MOON LIGHTING

ｱｳﾄﾋﾞｼﾞｮﾝVR

ギャルpay

素人ムクムク-塩-

浮遊僧

裏垢ドットえす

#放課後ラブホ

即ハメちゃん

U-ra

YOASOBIちゃん

しろうとヤッホー

1day娘

既婚者の会

素人ムクムク-礼ぷ-

白昼夢

しろうとじゃっぷ

素人ムクムク-W-

ホームエロ〜ン

素人パコパコ-H-

ビッチーズ

素人ChuChu

ｴﾁﾁ速報

破天荒

素人ムクムク-痴-

レゾレボVR

少女A

寝取らせ屋

鳥パコ

ヤリサーちゃん。

パコなまゲートウェ〜イ

ぽこちん・ざ・ろっく！

オモチカエリ

素人ムクムク-人妻-

素人ムクムク-弱点-

ハーレムジャーニー

素人ムクムク-職-

レンタルなんもしないけど勃起はする人

素人ムクムク-塩PP-

素人ムクムク-クスリ-

陰娘

平成浪漫ポルノ

シンママッチング

とりあえずナマで！

女ひとり、一人飲み。

FAIR&WAY

素人ムクムク-部活-

スナップ娘

オルちゃん

S1