UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan,<br><br>Plaintiff,<br><br>vs.<br><br>KA YEUNG LEE, an individual; YOUHAHA MARKETING AND PROMOTION LIMITED, a foreign company; and DOES 1-5 d/b/a THISAV.COM, MISSAV.COM, MYAV.COM, MISSAV789.com, VASSIM.COM, and John Does 6-20<br><br>Defendants. | **Case No.:  3:20-cv-05802-BHS**<br><br>PLAINTIFF WILL CO. LTD.'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS KA YEUNG LEE AND YOUHAHA MARKETING AND PROMOTION LIMITED<br><br>NOTE ON MOTION CALENDAR: October 28, 2024 |

Plaintiff Will Co Ltd. hereby moves the Court, in accordance with Fed. R. Civ. P. 55(b)(2) and Local Rule 55(b)(2), for entry of Default Judgment against Defendants Ka Yeung Lee, Youhaha Marketing and Promotion Limited, and John Does 1-5, d/b/a thisav.com, missav.com, missav789.com, myav.com, vassim.com, fivetiu.com, and eightcha.com ("Defendants").

\\

\

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 1 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

# I.   Procedural Background

## A.   The Court has Jurisdiction over the Subject Matter and the Defendants.

This Court has subject matter jurisdiction pursuant to 17 U.S.C. §§ 101 et seq., 15 U.S.C. § 1114(1), 15 U.S.C. § 1121, 15 U.S.C. § 1125(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

This Court has personal jurisdiction over Defendants pursuant to 28 U.S.C. §§ 1391(b), (c), and/or (d), and 28 U.S.C. § 1400(a). Defendants owned and operated the website thisav.com, which (along with related sites missav.com, missav789.com, myav.com, vassim.com, fivetiu.com, and eightcha.com (collectively, 'Defendants Websites')) utilized United States vendors to broadcast and display Plaintiff's copyrighted works to U.S. viewers. These activities were conducted to develop and take advantage of the United States market. *See Second Amended Complaint ("SAC"),* p 3-8, ¶¶ 6-25, and 44. Dkt. No. 53.  The Ninth Circuit previously determined in a published opinion (*Will Co. v. Ka Yeung Lee,* 47 F.4th 917 (9th Cir. 2022)) that the Court has personal jurisdiction over Defendants Ka Yeung Lee, Youhaha Marketing and Promotion Ltd., and DOES 1-20 dba ThisAv.com.  Defendants are each foreign defendants and therefore subject to jurisdiction in any district. 28 U.S.C. 1391; Fed.R.Civ.P. 4(k)(2).

Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c) and (d); and 28 U.S.C. §1400(a).

## B.   Plaintiff Effected Service of Process of Defendants Pursuant to Fed.R.Civ.P. 4(h)

Defendants were served with the initial Complaint, First Amended Complaint, and Second Amended Complaint via email, pursuant to the Court's order granting leave for alternative service on January 27, 2021. *See* Dkt. No. 13; Dkt. Nos. 56-58.

Fed.R.Civ.P. 4(f)(3) prohibits service on a minor or incompetent person. Defendants are not minors. Defendant Youhaha Marketing and Promotion is a corporation and Defendant Ka

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 2 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1    Yeung Lee had established accounts with the vendors, which were paid by credit cards with
2    knowledge of advanced computer and web site programming.  Each of these facts establishes
3    that the Defendants are neither minors nor incompetent persons.
4
5    **C.     Default Judgment is Warranted Based Upon Facts and Record.**
6         Plaintiff Will Co Ltd. initiated this action on August 10, 2020, seeking damages and
7    injunctive relief for claims of copyright infringement. *See* Dkt. No. 1. Ka Yeung Lee was added
8    as a Defendant as the owner and operator of thisav.com, and Youhaha Marketing and Promotion
9    Limited was added as a Defendant for role operating the website. *See* Dkt. Nos. 9, 10. After
10   being served, Defendants appeared in this action, filed a motion to dismiss for lack of
11   jurisdiction, and defended the resulting appeal, which they ultimately lost. *See* Dkts. Nos. 17,
12   18, 36-39.   Will Co. was granted leave to file Second Amended Complaint after which
13   Defendants counsel withdrew.  Defendants failed to answer the Second Amended Complaint.
14   *See* Dkt. No. 57-58.
15
16                    **II.  Facts and Parties' Businesses**
17   **A.     Plaintiff's Copyrighted Works are Valuable.[1]**
18        Plaintiff Will Co. Ltd. is an award-winning Japan based entertainment company which
19   controls a vast library of full-length adult entertainment movies offered for viewing in a fee-
20   based model. (SAC, ¶ 1.)  Will Co. sells access to its content and has filed for and obtained
21   copyright registrations with the U.S. Copyright Office. It also owns dozens of trademarks and
22   service marks registered in Japan. Will Co. produces content that is available through dozens of
23   well-known brands. Through these brands, the content is purchased through a single exclusive
24   _____
25   [1]  Upon entry of default, well-pleaded allegations in the complaint are deemed true.  *Geddes v.*
26   *United Financial Group,* 559 F.2d 557, 560 (1977).

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 3 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

licensing agreement with Japan-based DMM via its online sales portal and through DVD sales. (*Id.*, ¶ 1.) By this lawsuit, Will Co. seeks to protect its copyrighted audiovisual works and trademark-related rights from blatant infringement by Defendants in the United States.

Plaintiff's niche content commands significantly higher value than typical adult entertainment for several reasons:

### 1. Cultural and Legal Exclusivity:

Japanese law mandates that adult content must be censored, particularly through pixelation of genitalia. *Declaration of Katsuhisa Aoyagi In Support of Motion for Default Judgment* ("*Decl. Aoyagi.*") p 5, ¶ 28. This censorship adds a layer of exclusivity to the content, creating heightened demand, especially among international audiences who perceive such content as rare or exotic. *Id.* By distributing Plaintiff's works on the Websites, Defendants exploit this demand, profiting from the cultural and legal allure of Plaintiff's content. Defendants' removal of the mandated pixelation violates Japanese law and severely undermines the integrity and value of Plaintiff's content. This alteration tarnishes Will Co.'s brands by associating them with illegal activity. Additionally, the models featured in the content may face significant liability and reputational damage, as uncensored distribution exposes them to privacy and reputational risks protected by Japanese law. *Id.*

### 2. Niche Markets:

Will Co. Ltd. specializes in producing content tailored to specific adult sub-genres like cosplay or roleplay that are less represented in Western markets. These niche genres, especially when tied to popular AV idols[2], attract a loyal fanbase worldwide. The Defendants have further

---

[2]  An "AV idol" is a Japanese performer in the adult video industry. *Decl. Aoyagi* p 6, fn 1.

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 4 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

diluted and violated Plaintiff's Marks by distributing content that diminishes the exclusivity and value of Plaintiff's curated content. *Decl. Aoyagi* p 5-6. ¶¶ 29-30.

### 3. High Production Quality and Brand Value:

Plaintiff's content is recognized for its superior quality. It spends an average of $20,000 per video, and it produces 600 videos per month. These high production costs make Plaintiff's works valuable in the adult entertainment industry. *Decl. Aoyagi*, , p 2, ¶ 6.

### 4. Limited Availability and International Appeal

Will Co. Ltd. limits distribution of its works in certain markets. The international audience's perception of Will Co. Ltd.'s content is rare.  Its content is distributed via streaming and DVDs through an exclusive arrangement with Digital Commerce Co. Ltd. ("DMM"), one of Japan's largest digital content platforms. DMM's exclusive control ensures compliance with Japanese legal requirements, and it identifies pirates because, essentially, every distributor or wholesaler besides DMM is a pirate. *Decl. Aoyagi*, p 7, ¶ 36.

### B.    Defendants' Wrongful Acts

### 1.    Defendants' Violation of Japanese and U.S. Law

In 2022 amendments to Japanese law granted adult performers greater control over their content, allowing models to withdraw consent and terminate contracts retroactively.[3]  This ensures that content produced under exploitative circumstances can be removed from circulation. Defendants have ignored takedown notices and have continued to unlawfully

---

[3]  The Act on Prevention of Injury and Protection of Performers in Adult Videos (アダルトビデオ出演被害防止・救済法) was enacted in June 2022 by the Japanese Diet. *Decl. Aoyagi*, p 6, fn 2.

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 5 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

distribute content featuring Will Co. Ltd.'s performers, violating not only U.S. copyright law but also Japanese legal protections.

Additionally, Defendants are not in compliance with the Digital Millennium Copyright Act's (DMCA) takedown or safe harbor provisions.  They have not registered DMCA agents or honored any of Plaintiff's numerous requests for removal.

2. **Exploitation and Tarnishment of Defendants' Business Model**:

Defendants have operated a business model dependent on the illegal distribution of high-value content to increase traffic to their websites. Because Defendants' business model is based upon advertising, they are incentivized to display as much valuable content as possible, so that more traffic is diverted to its webpages.  *Declaration of Jason Tucker In Support of Motion for Default Judgment* ("*Decl. J. Tucker")*, p2-3, ¶¶ 7-8.

The videos are not only displayed but are available for download and sharing.  They may also be shared via direct links for downloading or posting on or to any social site. This makes it impossible to track the extent of the infringement.  *See* SAC p 10, ¶ 59,

Indeed, Internet traffic on Defendant's Websites is *extensive*.  A report by respected company analytics company Similarweb.com, dated July 2020 (the "SimilarWeb Report"), for the three-month period ending June 30, 2020, ThisAV Web Site had 27.9 million visitors, with over a million in the United States. *See* SAC  ¶¶ 15. A report in 2024 focusing on a three month period ending in March 2024 reflected traffic to the MissAV.com Web Site alone at 611.5 million visitors. *See* SAC Page 4 ¶¶ 16 and Decl. Tucker, Exh. A.

Following additional discovery, websites missav.com, missav789.com, myav.com, vassim.com, fivetiu.com, and eightcha.com were also identified as infringing platforms operated by Defendants, so Plaintiff filed a motion for leave to file a Second Amended Complaint ("SAC"), which was granted. *See* Dkts. Nos. 48-50, 53. Counsel for Defendants then

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 6 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  filed a Motion to Withdraw, which the Court granted. *See* Dkt. No. 55. Defendants did retain

2  new counsel, did not answer the Second Amended Complaint, and default was entered against

3  them on August 21, 2024. *See* Dkt. No. 58.

4        Based on traffic data from Similarweb for August 2024, the scale of Defendants'

5  ongoing infringement continues to result in substantial traffic. <u>In August alone</u>, thisav.com

6  attracted at least 18.2 million visitors, while missav.com had a staggering 285.7 million visitors.

7  Additionally, according to SemRush[4], myav.com received over 5 million visitors, and

8  missav789.com saw at least 6 million visitors. Again, this was just in August 2024. The domain

9  vassim.com, a mirror site of missav.com, is not currently tracked, and eightcha.com and

10  fivetiu.com are not currently tracked, further complicating the full scope of the infringement.

11  *See Decl. J. Tucker,* p 3-4, ¶¶ 14-15.  Defendants' sites had an aggregate of 314,900,000 visitors

12  in August 2024. Further, Defendants operate an X.com account (formerly Twitter),

13  @missav_daily, where they post links to missav.com, some of which contain Plaintiff's

14  copyright-protected materials. *Decl. J. Tucker,* p4, ¶ 18.

15  \\\\

16  \\\

17  \\

18  \

19

20

21

22  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

23

24  [4] Semrush is a comprehensive digital marketing platform that provides tools for search engine

optimization (SEO), website traffic analytics, and competitor research, allowing businesses to

25  track site performance and discover strategies to improve their online visibility. Source:

https://www.semrush.com/company/

26  PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 7 [3:20-cv-05802-BHS]

                **FREEMAN LAW FIRM, INC.**
                  1107 ½ Tacoma Avenue South
                     Tacoma, WA 98042
         (253) 383-4500 - (253) 383-4501 (fax)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# III.  ARGUMENT

## A.    Default Judgement Is Appropriate Under The *Eitel* Factors

Because default has been entered, the Court takes as true the factual allegations in Plaintiff's complaint, except as to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)

Courts in the Ninth Circuit assess default judgment under the *Eitel* factors: (1) the possibility of prejudice to the Plaintiff; (2) the merits of Plaintiff's substantive claim; (3) the sufficiency of the Complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir. 1986).  All seven factors favor the entry of a default judgment.

### 1.   Possibility of Prejudice to Plaintiff

Plaintiff. will be prejudiced if default judgment is not entered.  Plaintiff served process on Defendants pursuant to Fed. R. Civ. P. 4.  Defendants have chosen to ignore the authority of this Court.  If Plaintiff's Application for Default Judgment is not granted, it "will likely be without recourse for recovery."  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2002).

Moreover, due to the fact that Plaintiff has stated a valid copyright and trademark claims, Plaintiff "undeniably would be prejudiced absent an entry of permanent injunctive relief [by] default judgment."  *PepsiCo, Inc. v. Distribuidora La Matagalpa, Inc.,* 510 F. Supp.2d 1110, 1116 (S.D. Fla. 2007);  *GS Holistic, LLC v. MSA-Bossy Inc.*  2023 U.S. Dist. LEXIS 89178, at *6 (N.D. Cal. May 22, 2023)  These concerns are magnified in the trademark context because goodwill is destroyed by unauthorized use. As such, Plaintiff will be sufficiently prejudiced to

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 8 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

warrant the entry of default judgment. *Amazon.com, Inc. v. Whatsofun, Inc.*, 2024 U.S. Dist. LEXIS 60659, at \*15 (W.D. Wash. Apr. 2, 2024) ("Defendant's trademark infringement and violations of the CPA have caused irreparable harm to Plaintiffs' goodwill and reputation").

### 2. The Merits of Plaintiff's Substantive Claim and the Sufficiency of the Complaint.

The second and third *Eitel* factors "require that a plaintiff state a claim on which [it] may recover." *PepsiCo*, 238 F. Supp. at 1175; *see also Discovery Commc'n, Inc. v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001). Plaintiff has alleged several copyright and trademark-related claims. *See* SAC, *passim*. Because Defendant has failed to deny the allegations, Plaintiff's allegations are deemed to be admitted. Again, on entry of default, well-pleaded allegations in the complaint concerning liability are taken as true. However, damages must be proven. *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012).

### a. The SAC Sufficiently Alleges Copyright Infringement.

The First Cause of Action levied against is for Copyright Infringement. "To prevail on a claim of copyright infringement, the Plaintiff must demonstrate both (1) the ownership of a valid copyright and (2) infringement of the copyright by the defendant." *Funky Films, Inc. v. Time Warner Entertainment Company, L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006).

The SAC adequately alleged copyright infringement. It alleged ownership of valid copyright registrations (SAC ¶ ¶ 18, 60.) It further alleged copying and infringement (SAC, ¶ 62). It also alleges in great detail Defendant's control over the websites' infringing content, or its reckless disregard for that infringing content (SAC ¶ ¶ 66 – 74).

Defendants own and/or operate the websites thisav.com, missav.com, missav789.com, myav.com, vassim.com, fivetiu.com, and eightcha.com. See SAC, p 3-8, ¶¶ 11-44.

Initially, Plaintiff alleged that between June 2020 and July 2020, the ThisAV Web Site displayed 13 of Plaintiff's copyright registered works over 19 separate and distinct URLs.

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 9 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

Tucker Decl., p3, ¶ 10; see FAC, p 8, ¶¶ 57. While this lawsuit has been pending, Plaintiff learned that Defendants' Websites displayed 50 of Plaintiff's copyright registered works on the Websites identified on Exhibit A of the SAC, resulting in at least three hundred (300) separate instances of infringing unauthorized display of registered works. See SAC,p 12 ¶¶ 68. To date, on MissAV.com and ThisAV.com alone, Plaintiff has identified 1,738,686 Links to the infringing use of 50,120 full-length, video titles owned by Plaintiff (mostly unregistered in the U.S.). *See* SAC p 12 ¶¶ 69; and *Decl. J. Tucker,* p 3, ¶ 11.

### b.  The SAC Sufficiently Alleges Inducement of Infringement

Inducement of infringement requires "(1) the distribution of a device or product, (2) acts of infringement, (3) an object of promoting its use to infringe copyright, and (4) causation." (*Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013) (detailing the elements propounded in *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936–37 (2005)). Inducement was adequately pleaded in ¶¶ 81-83 of the SAC, and those allegations are conceded as true under the entered default

The third and fourth *Grokster* elements are also met here, where Defendants actively promote the ability to download Plaintiff's copyrighted works. (SAC, ¶ 82.) For these reasons, judgment should be entered on the second cause of action.

### c.  The SAC Sufficiently Alleges Vicarious and Contributory Infringement

To prevail on a claim for vicarious infringement, a plaintiff must prove the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Giganews*, 847 F.3d at 673. "[V]icarious infringement's roots lie in the agency principles of *respondeat superior*." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007).

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 10 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

The SAC alleges at ¶ 93 that Defendant "had the right and ability to supervise the infringing conduct" and that they had a direct financial interest in the infringing conduct

Plaintiff should also be granted judgment on the contributory infringement claim. Contributory copyright infringement "may be imposed for intentionally encouraging infringement through specific acts." *Amazon.com*, 508 F.3d at 1170. "[O]ne contributorily infringes when he (1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Visa*, 494 F.3d at 795. This claim was adequately pleaded in Paragraphs 89 - 97 of the FAC. Therefore, judgment should be granted on the claim for contributory infringement.

### d.    The SAC Sufficiently Alleges Violation of 15 U.S.C. § 1125(a).

Plaintiff asserts three claims under 15 U.S.C. § 1125(a): trademark infringement, false designation of origin and unfair competition.  Trademark infringement under section 32(1) of the Lanham Act requires the same proof as false designation of origin. *See Brookfield Communs., Inc. v. West* Coast *Entertainment Corp.*, 174 F.3d 1036, 1046 n.6 (9th Cir. 1999) ("The same standard [embodied in section 32(1) of the Lanham Act] is embodied in section 43(a)(1) of the Lanham Act . . . ."); *Grey v. Campbell Soup Co*., 650 F. Supp. 1166, 1173 (C.D. Cal. 1986) ("The tests for infringement of a federally registered mark under § 32(1) . . . [and] unfair competition under § 43(a), 15 U.S.C. § 1125(a) . . . are the same"), aff'd, 830 F.2d 197 (9th Cir. 1987). *Nat'l Grange of the Order of Patrons of Husbandry v. Cal. State Grange*, 2016 U.S. Dist. LEXIS 158144, at *8 (E.D. Cal. Nov. 15, 2016) ("'Infringement of unregistered logo [ ] appears to be the same claim as false designation of origin.")

To succeed on a false designation of origin claim under § 1125(a), Plaintiff must show: (1) defendant uses a designation (any word, term, name, device or any combination thereof); 2) the use was in interstate commerce; (3) the use was in connection with goods or services; (4) the designation or false designation is likely to cause confusion, mistake or deception as to (a) affiliation, connection, or association of defendant with another person or (b) as to the

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

origin, sponsorship or approval of defendant's goods, services, or commercial activities by another person; and (5) plaintiff has been or is likely to be damaged by these acts. *Obesity Research Institute, LLC v. Fiber Research Int'l, LLC*, 165 F. Supp.3d 937, 949 (S.D. Cal. 2016).

Plaintiff alleged all of these elements against Defendant in the SAC. (SAC ¶¶ 99-103.) Plaintiff alleges that Defendant uses several marks registered in Japan (in both English and Japanese language), which are attached as Exhibit B to the SAC. Some of those marks in English are 1. KIRA * KIRA (Japan Reg. No. 5750634 in IC 009 and 041), for "Image files that can be received and stored using the Internet; Recorded video discs and video tapes" and "Planning or operation of a movie, entertainment, drama or music performance; Production of videotape/video disc masters; Planning, operation or holding of a sports performance"; 2. Kawaii* (Japan Reg. No. 5750637 in IC 09 and 041) for the same goods and services.; and 3. MUTEKI: Reg. No. 5734687 in IC 041 for "Planning or operation of a movie, entertainment, drama or music performance; Production of videotape/video disc masters; Planning, operation or holding of a sports performance." These marks are strong. They are arbitrary because they "have no logical connection mark is an existing word that is used to identify the source of a good with which the word otherwise has no logical connection." *Elliott v. Google, Inc.,* 860 F.3d 1151, 1157 (9th Cir. 2017).

The wrongful use of the Marks is on the Internet and in interstate commerce. Examples of Defendants' use of the KIRA * KIRA and MUTEKI marks are shown in Exhibits B and C to the Declaration of Tucker. The Internet is available in Interstate commerce. The use is in connection with goods and services identical to Plaintiff's. (SAC, ¶¶ 101-105.) In fact, because these are piracy sites, it is impossible to tell the difference between the goods and services sold on the two sites. Defendants copy the exact videos sold or distributed through Plaintiff's exclusively licensed DMM site.

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 12 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

### e.  Trademark Dilution Is Adequately Alleged

To prevail on a claim of federal **trademark dilution**, a mark owner must show that "(1) the mark is famous and distinctive;" (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution [*11] by blurring or dilution by tarnishment." *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008); I*ndustria de Diseno Textil, S.A. v. Zara Acad., LLC*, 2024 U.S. Dist. LEXIS 64172, at *10-11 (E.D. Wash. Apr. 8, 2024).

Plaintiff meets these elements.  Its marks are clearly famous and distinctive.  It is the leading provider of legally-complaint adult video content Japan.  (SAC, ¶ 117.)  Its products are available for purchase in the United States and viewable on website.  Defendants' unauthorized use of Plaintiff's marks, particularly in connection with non-pixelized genitalia, tarnishes Plaintiffs famous Marks.  *Decl. Aoyagi,* p 5, ¶ 28.

### f.  Washington Common Law Trademark Infringement

To prevail on a trademark or trade name infringement claim for an unregistered mark or name, a Plaintiff must demonstrate both that "(1) it owns a valid trademark or trade name and (2) 12th [Defendant's] unauthorized use of the mark or name is likely to cause consumer confusion. *Olson Kundig, Inc. v. 12th Ave. Iron, Inc.,* U.S. Dist. LEXIS 164054, at *37 (W.D. Wash. Sep. 12, 2022). The analysis for this claim is the same as the claim under 15 U.S.C. section 1125(a).

### g.  Plaintiff Has Pled a Claim under Washington RCW 19.86

To state a claim for violation of the WCPA, a Plaintiff must allege that (1) an unfair or deceptive act or practice, (2) occurred in the course of trade or commerce, (3) impacted the public interest, (4) injured the plaintiff's business or property, and (5) was caused by the defendant. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 719 P.2d 531, 533 (Wash. 1986); RCW 19.86.020. A WCPA claim "may be predicated upon a per

PLAINTIFF WILL CO LTD'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS KA YEUNG LEE AND YOUHAHA MARKETING AND PROMOTION LIMITED. - 13 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 295 P.3d 1179, 1187 (Wash. 2013).

A Lanham Act trademark claim is "substantially congruous" to state claims under the WCPA. *Safeworks, LLC v. Teupen Am., LLC*, 717 F. Supp. 2d 1181, 1192 (W.D. Wash. 2010)). A finding of trademark infringement constitutes an 'unfair or deceptive act'" and "satisfies the 'affecting public interest prong'" under the WCPA "because it involves deception or confusion of the public." *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 733 P.2d 208, 210 (Wash. 1987)). Thus, because Plaintiff has violation of the Lahman Act, it has shown a violation of the WCPA.  The allegations are also properly alleged in ¶¶ 128-131 of the FAC.

### 3.   The Amount of Money At Stake.

As shown below, statutory damages of $45,000,000 are appropriate for (at a statutory maximum of $150,000 per infringement) for Defendants' willful infringement.  Only a large award will serve to deter these arrogant Defendants from future illegal action.  Further, the money at stake for Plaintiff is substantial on the trademark claims.  It has invested massive amounts in protecting its brand and in regulatory compliance with Japanese law.

### 4.   The Remaining Factors.

Factors five, six, and seven have also been satisfied.  There can be little dispute as to the material facts.  Plaintiff has alleged infringements of its copyrighted works on the Defendants' websites.  Plaintiff has demonstrated that it owns the copyrights for these works, that registration occurred before the infringing activity.  On the trademark claims, Plaintiff has plead that it is the owner of the Marks and provided registration numbers. It has shown confusing uses in the United States and uses that dimmish the value of its trademarks. ,

PLAINTIFF WILL CO LTD'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS KA YEUNG LEE AND YOUHAHA MARKETING AND PROMOTION LIMITED. - 14 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1    There is no evidence that there is a dispute concerning material facts or that default was

2    due to excusable neglect.

3    With regard to factor seven, although "[c]ases should be decided upon their merits

4    whenever reasonably possible," *Eitel*, 782 F.2d at 1472, the mere existence of Rule 55(b)

5    "indicates that this preference, standing alone, is not dispositive." *Cal. Security Cans,* 238

6    F.Supp. at 1777.  Moreover, Defendants' failure to answer or otherwise respond to the Second

7    Amended Complaint "makes a decision on the merits impractical, if not impossible." *Id.*  It

8    should be remembered that Defendants were represented by counsel for much of this litigation.

9    There can be no doubt that the decision to default was intentional.

10

11   **B.    An Award of Damages Is Authorized.**

12   Statutory damages are authorized here. The Copyright Act provides for a plaintiff to

13   recover, at its election, either (1) its actual damages and (to the extent not redundant) the

14   defendant's profits attributable to infringement, or (2) statutory damages.[5]

15   If the works were registered with the U.S. Copyright Office prior to the commencement

16   of the infringing activity, the copyright holder may elect statutory damages in the amount of

17   $750.00 to $30,000.00 per work, increased to $150,000.00 in cases (such as this one) of willful

18   infringement.  17 U.S.C. § 504(c).

19   Here, Will Co. Ltd. registered 50 of the works prior to the commencement of the

20   infringing activity complained of herein.  *Decl. J. Tucker,* p 3, ¶ 12.  Each of these 50 works

21   were then displayed on at least 6 of Defendants' web sites, resulting in at least 300 separate

22   and distinct infringements. The value of Plaintiff's content, the damage caused by Defendants'

23

24

25   [5]  Given the extensive nature of damages under the Copyright Act, Will Co. seeks only those
     damages as default judgment and foregoes presentation of damages under the trademark claims,
26   opting instead for injunctive relief.

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 15 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1    unauthorized reproduction and distribution to hundreds of thousands of potential consumers,

2    and the willfulness of Defendants' infringing actions, warrant a sizeable award.

3        Because actual damages are often hard to prove, statutory damages have been

4    authorized to make such proof unnecessary.[6]    *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d

5    1224, 1229 (7th Cir. 1991).  Where timely registered works are infringed, as occurred here, the

6    Copyright Act authorizes statutory damages.   17 U.S.C. §504(c).   Where infringement is

7    "willful," the amount may be as high as $150,000 for each infringed work.    *Id*.   Congress

8    increased the maximum from $100,000 to $150,000 because it found large awards to be

9    necessary and desirable to deter the great temptation to infringement posed by modern

10   computer technology.  H.R. Rep. No. 106-216 (1999), pp.6-7.  The critical purpose of deterring

11   similar misconduct permits a maximum per work award for willful infringement, even where

12   the infringement caused little to no damage.   *Superior Form Builders, Inc. v. Dan Chase*

13   *Taxidermy Supply Co*., 74 F.3d 488, 496-97 (4th Cir. 1996) (collecting authority and sustaining

14   maximum awards despite no proof of actual damages).

15       Pursuant to 17 U.S.C § 504(c), Plaintiff elects the right to recover statutory damages but

16   submits this application with actual damages discussed to support the requested damages

17   amount and is prepared to offer additional in-court testimony with respect to actual damages.

18       It is impossible to calculate the exact loss caused by a pirate network like Defendants'.

19   While not all of the over 314,000,000 monthly visitors would have become paying customers

20   of Will Co Ltd. in the absence of Defendants' Websites, the value of the content offered for

21   free by Defendants is still representative of a significant and incalculable loss. *Decl. Aoyagi*, ,

22   p 9, ¶ 38.  Furthermore, this calculation does not account for the fact that Plaintiff's works can

23   be embedded and shared across the internet from Defendants' Websites, leading to an

_____

[6] Here, given that 314,900,000 Internet users visited Defendants' sites in August 2024 alone and
each had access to Plaintiff's copyrighted works for free, actual damages to Plaintiff is
immeasurable.

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 16 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1    immeasurable loss of potential customers and further diminishing the value of Plaintiff's

2    content.

3        In *Perfect 10, Inc. v. Talisman Communs., Inc*., 2000 U.S. Dist. LEXIS 4564 (C. D.

4    Cal. Mar. 27, 2000), the plaintiff magazine publisher sued a website for publishing its

5    photographs on the Internet.  Evaluating damages the Court wrote, "While it would be difficult

6    to quantify Perfect 10's damages resulting from the infringement, it is clear that Perfect 10 has

7    been severely damaged.  The photographs have been distributed worldwide, in a form that is

8    easy to download and easy to copy.  A virtually unlimited number of copies can be made of

9    the copyrighted photographs, as a result of [defendant's] infringement." *Perfect 10, Inc.,* 2000

10   U.S. Dist. LEXIS 4564 at 11.  The Court went on to award the maximum statutory award for

11   willful infringement ($100,000 per work at the time) for each infringed photograph. This

12   $100,000 per photograph certainly demonstrates a basis for Plaintiff claiming that much per

     video, if not more.

13       Defendants' infringement was for a commercial purpose.  Defendants earned money

14   from advertising and the value of advertising on Defendants' Websites was and is directly

15   related to the number of visitors to the site.  Thus, the value of advertising is directly related to

16   the quality and desirability of content.  The plaintiff's videos are among the most popular

17   Japanese videos in the world.  *Decl. Aoyagi,* p 2, 5, ¶¶ 11, 26.

18       Since the inception of this case, Defendants' websites have reached millions of potential

19   consumers. Every user who accesses Plaintiff's content for free through Defendants' platforms

20   directly harms Plaintiff. Defendants' actions have caused immeasurable long-term damage by

21   conditioning potential consumers to expect Plaintiff's high-quality, valuable products at no

22   cost, thereby undermining Plaintiff's ability to monetize its works.

23       Statutory damages serve both compensatory and punitive purposes, therefore

24   appropriate whether there is adequate evidence of actual damages suffered by plaintiff or

25   profits realized by defendants to effectuate the statutory policy of discouraging infringement.

26   *Los Angeles News Serv. v. Reuters Television Int'l, Ltd,* 149 F.3d 987, 996 (9th Cir 1998). Prior

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 17 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

federal court decisions have recognized the high economic value of erotic material.  *See Playboy v. Webbworld,* 968 F.Supp. 1171 (E.D. Tex 1997). (awarding $5,000 per erotic photo); *and Perfect 10, Inc.,* 2000 U.S. Dist. LEXIS 4564 at 11 (awarding $100,000, the then maximum, per adult photograph).

### C.    The Facts and Law Support a Maximum Statutory Award.

Infringements here were willful and malicious. Defendants knew that their conduct was unlawful and acted without the slightest pretense of justification. At a minimum, Defendants were made aware of the infringements upon the receipt of takedown notices sent by Plaintiff, 100% of which were ignored. Defendants' objective was, and continues to be, to unlawfully display Plaintiff's property for financial gain. There is no other plausible objective. Defendants' illegal action(s) were not a momentary lapse, but part of a sustained commercial enterprise.  To deter others from the same temptation, a large award is appropriate.  *Yurman*, 262 F.3d at 113-114.

Defendants willfully infringed Plaintiff's works fifty (50) times on at least six (6) separate websites. *See* SAC, Exhibit A. Therefore, there are at least 300 separate and distinct instances of infringement of its registered work. The sheer volume of infringements indicates the willfulness of Defendant's actions. To date, Plaintiff has identified 1,738,686 Links to the infringing use of 50,120 full-length video titles on MissAV.com and ThisAV.com alone. *See* SAC Page 12 ¶¶ 69.

On a motion for default judgment, a district court awarded a maximum statutory award of $150,000 each for infringements of *The Last Samurai* and *Mystic River*, when a member of the Academy of Motion Picture Arts and Sciences who had been provided with a screener copy of the movies allowed the movies to be duplicated and distributed via the Internet.  *Warner Bros. Entm't, Inc. v. Caridi*, 346 F. Supp. 2d 1068 (C.D. Cal. 2004).  Similarly*, in Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001), cert

PLAINTIFF WILL CO LTD'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS KA YEUNG LEE AND YOUHAHA MARKETING AND PROMOTION LIMITED. - 18 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1    denied, 534 U.S. 1127 (2002), the Ninth Circuit affirmed an award of approximately $72,000

2    per infringement of several half-hour television shows.

3        The popularity and economic value this niche of adult content cannot be denied.  Prior

4    federal court decisions have recognized the high economic value of erotic material. Where

5    infringement was found to be willful a court awarded $100,000 (the then maximum award) per

6    adult photograph. *Perfect 10, Inc.,* 2000 U.S. Dist. LEXIS 4564 at 11.

7

8    **D.    Increased Damages for Willfulness.**

9        "In a case where the copyright owner sustains the burden of proving, and the court

10   finds, that infringement was committed willfully, the court in its discretion may increase the

11   award of statutory damages to a sum of not more than $150,000."   17 U.S.C. § 504(c)(2).

12   Defendants here knew or should have known that their acts constituted copyright infringement.

13   Defendants knew and know that they did not have Plaintiff's permission to reproduce and

14   distribute the Works for their own commercial gain and could only remain unaware of the

15   infringing nature of their actions by engaging in willful blindness.  Will Co Ltd. has sent take-

16   down notices informing Defendants of the infringements.

17       The "statutory rule, formulated after long experience, not merely compels restitution

18   of profit and reparation for injury but also is designed to discourage wrongful conduct."  *F.W.*

19   *Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 233, 97 L. Ed. 276, 73 S.Ct. 222

20   (1952).

21       Courts should use opportunities such as this to send a message of deterrence to would

22   be infringers that, "it costs less to obey the copyright laws than to disobey them."  *International*

23   *Korwin Corp. v. Kowalczyk*, 665 F. Supp. 652, 659 (D.N. Ill. 1987), affirmed 855 F. 2d 375

24   (N.D. Ill. 1987).   The District Court in *Korwin* held that, "[t]o determine the amount of

25   statutory damages the court should primarily focus upon two factors:  the willfulness of the

26   defendant's conduct, and the deterrent value of the sanction imposed," pointing out that "courts

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 19 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

have repeatedly emphasized that defendants must not be able to sneer in the face of copyright owners and copyright laws." Id.  See also, *Hickory Grove Music v. Andrews*, 749 F. Supp. 1001, 1003 (D. Mont. 1990); *Van Halen Music v. Foos*, 728 F. Supp. 1495 (D. Mont. 1989).

Plaintiff alleged in its Complaint that Defendants acted willfully.  *See* FAC p 2, 12-15, ¶¶ 2, 72, 81-82, 87-89, 92, 100. Dkt. No. 19.  A Defendant's default with respect to a complaint that pleads willfulness, as here, establishes willful copyright infringement.  *See, Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 702 (9th Cir. 2008) (holding that, as a result of default, "all factual allegations in the complaint are deemed true, including the allegation of (defendant's) willful infringement of (plaintiff's) trademarks").

Willfulness can also be inferred from a Defendant's failure to defend.  *See, Tiffany* Inc. *v. Luban,* 282 F.Supp. 2d 123, 124 (S.D.N.Y. 2003) ("By virtue of the default, the (defaulting party's) infringement is deemed willful."); *Fallaci v. New Gazette Literary Corp.*, 568 F.Supp. 1172, 1173 (S.D.N.Y. 1983).

Therefore, it is proper to award maximum damages for the intentional infringement of Plaintiff's copyrighted motion pictures. At the maximum of $150,000 per work when the Court finds infringement willful, statutory damages for the offense of Copyright Infringement $45,000,000 is appropriate ($150,000 x 300 infringements).

**E.    Plaintiff is Entitled to Injunctive Relief and Attorneys' Fees.**

The Copyright Act provides that a district court may enter a permanent injunction "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).  The Lanham Act provides the same.  The decision to grant injunctive relief rests within the equitable discretion" of the district court.  *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 394, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006).  Such discretion should be "exercised consistent with traditional principles of equity."  *Id.*  Similarly with the trademark act.

PLAINTIFF WILL CO LTD'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS KA YEUNG LEE AND YOUHAHA MARKETING AND PROMOTION LIMITED. - 20 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

In determining whether to issue a permanent injunction in a copyright infringement action, a district court evaluates four factors: (1) irreparable harm; (2) the inadequacy of monetary damages for the infringement; (3) whether the balance of hardships weighs in the copyright holder's favor; and (4) whether the public interest would be served by a permanent injunction. *Id.* at 391; *see also Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 999 (9th Cir. 2011) (applying the four-factor test outlined in *eBay*). Further, a permanent injunction should issue when the intervention of the court in equity is essential to protect a party's rights against injuries that could not otherwise be remedied. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S. Ct. 1798, 72 L. Ed. 2d 91 (1982).

Here, all factors weigh in favor of injunctive relief against the Defendants.

### 1. Irreparable Harm

The first factor in a permanent injunction analysis is whether a plaintiff has suffered an irreparable injury as a result of a defendant's conduct *or* will suffer an irreparable injury absent an injunction. *See American Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). As part of a court's irreparable injury analysis in a copyright action, courts regularly examine three main considerations: (1) direct competition between the parties; (2) loss of market share due to the infringement; and (3) loss of customer and business goodwill. *See, e.g., Presidio Components Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1362 (Fed. Cir. 2012) (stating that direct competition in the same market strongly supports the potential for irreparable harm absent an injunction); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 861 (Fed. Cir. 2010) (finding that harm to a party's market share, revenues, and brand recognition is relevant for determining whether the party has suffered an irreparable injury); *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) (holding that loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm).

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 21 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

Further, the rampant use of Plaintiff's trademarks in connection with a low quality site that sells advertisements severely damages the goodwill that Plaintiff has built in its brand. **[cit]**

Here, the Defendants are in direct competition with Plaintiff. Plaintiff. licenses its full-length videos, while Defendants display full-length videos on Defendants Websites (monetizing through advertising revenue). Direct competition between a copyright holder and a proven copyright infringer has consistently supported the issuance of a permanent injunction. *See Presidio Components, Inc.*, 702 F.3d at 1362.

There is a clear loss of market share to Plaintiff. A single licensee, DMM**.**, holds the exclusive right to use and display Plaintiff's content to generate revenue, with the expectation of a return on their investment (the cost of the license). For instance, licensees may offer Plaintiff's content as a paid-per-view option or on DVD. However, when Plaintiff's content is available for free on Defendants' websites, users have no incentive to pay for it. The infringement has been and continues to be widespread, with 50 of Plaintiff's full-length, registered videos displayed across six different websites, and over 50,000 additional videos, not registered in the United States, remaining available on at least four of Defendants' websites. *Decl. Tucker*, p 3 ¶ 11. . Defendants have made a significant volume of infringing content available to potential customers who would otherwise be paying to view it.

There is also the loss of goodwill and damage to reputation. One of the benefits of Plaintiff's exclusive relationship with DMM.com is the ability to control the online environment. Plaintiff's content, through infringement, is associated with websites or entities inconsistent with Plaintiff's brand. Here, Defendants' websites display videos which are in extreme conflict with Plaintiff's brand, specifically non'-pixelated videos and videos involving INCEST[7]. On its face, it is clear why Plaintiff does not want its content associated with such videos. In addition, Defendants Websites appear to allow users to email videos to

---

[7] https://missav.com/dm36/en/genres/Incest; https://thisav.com/dm36/en/genres/Incest; https://myav.com/dm36/en/genres/Incest; https://missav789.com/dm36/en/genres/Incest

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 22 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

contact@missav.com for potential upload anonymously.  Plaintiff does not associate with such websites, as they are commonly associated with piracy.  Infringement of the works violates Plaintiff's ability to control its reputation and therefore brands.  Once the content has been associated contrary to Plaintiff's brands, the damage has been done.  Plaintiff is irreparably harmed by the loss of control of its copyrighted works and trademark-registered names.

Moreover, there is no evidence that Defendants will ultimately stop infringing Plaintiffs' recordings or that, absent an injunction, Defendants would stop.  Defendants' failure to respond to the Complaint or ceasing infringement after receiving takedown notices, offers no assurance that Defendants' infringing activity will cease, and only highlights that Defendants does not take seriously the illegality of their conduct.  *See Jackson v. Sturkie*, 255 F. Supp. 2d at 1103 (granting permanent injunction in a copyright infringement action as part of a default judgment because "defendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease."); *Cal. Sec. Cans*, 238 F. Supp. 2d at 1178 (granting permanent injunction as part of a default judgment because, among other things, "in the absence of opposition by the non-appearing defendant, it cannot be said that it is 'absolutely clear' that Defendant's allegedly wrongful behavior has ceased and will not begin again."). Thus, without an injunction, Plaintiffs' copyrighted recordings would remain vulnerable to continued and repeated infringement.

Here, there is evidence of irreparable harm and no evidence that absent an injunction Defendants will cease future exploitation of Plaintiff's copyrights.

### 2.  Monetary Damages are Inadequate.

To justify an injunction, it must be established that monetary damages alone are inadequate to fully compensate it for the Defendants' conduct.  *See eBay*, 547 U.S. at 391.

Lost market share and erosion of company goodwill are intangible injuries difficult to quantify and compensate which supports the issuance of a permanent injunction. *See Apple II*,

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 23 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

658 F.3d at 1154 (stating that injuries to a business' reputation and company goodwill are intangible injuries difficult to quantify and compensate).

Difficulty for the jury in quantifying damages a finding that monetary damages alone are insufficient to fairly and fully compensate for copyright infringement. See *Oracle USA, Inc. v. Rimini St., Inc.*, 324 F. Supp. 3d 1157, 1165 (D. Nev. 2018). Here, not only are there 300 infringements, but each of those were able to be shared via multiple various Internet mediums, including virtually all other pirate websites and through direct messaging. Thus, there is absolutely no way to determine the actual number of times the infringements resulted in infringing display throughout the Internet. The actual damage is incalculable.

One of the most fundamental rights a copyright holder has is the right to exclude others from taking and distributing the copyrighted work and this right has routinely been held difficult to compensate solely through monetary compensation. *See eBay*, 547 U.S. at 395 (Roberts, C.J. concurring) (identifying and explaining the difficulty of protecting a right to exclude through monetary remedies alone). *See Oracle,* 324 F. Supp. At 1166.

In the trademark context, damage to goodwill and reputation cannot always be compensated by money.

Further, there is no reason to believe that the Defendants herein will actually honor a monetary judgment assessed against them. They have ignored aspects of this case and wholly ignored requests for takedown. While the expressly aimed Defendant Websites in the United States, the Defendants reside outside the United States and collection of any monies will be incredibly difficult. Based upon investigations into the Defendants, it does not appear that there are assets sufficient to satisfy a monetary judgment, even should collection occur. Thus, it is probable that Plaintiff will be unable to collect any judgment against Defendants. The inability to collect on a monetary judgment is sufficient for a finding of irreparable harm. *Aspen Tech., Inc. v. M3 Tech, Inc.,* 569 F. App'x 259, 273 n.56 (5th Cir. 2014).

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 24 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

### 3.  Balance of Equities and Public Interest Favor an Injunction

A court must weigh and balance the competing effect that granting or withholding an injunction would have on each party. *See Oracle USA, Inc. v. Rimini St., Inc.*, 324 F. Supp. 3d 1157, 1166 (D. Nev. 2018) *citing Williams v. Bridgeport Music, Inc.*, 2015 U.S. Dist. LEXIS 97262, 2015 WL 4479500, at *41 (C.D. Cal. 2015).  The balance of hardships tips in favor of a holder of a copyright seeking to protect its copyrighted works when the party to be enjoined does not have a separate legitimate business purpose for continuing the conduct or acts deemed to be infringement. *Grokster*, 518 F. Supp. 2d at 1220.

"[T]he touchstone of the public interest factor is whether an injunction, both in scope and effect, strikes a workable balance between protecting the [copyright holder's] rights and protecting the public from the injunction's adverse effects." *i4i*, 598 F.3d at 863.

Here, a permanent injunction against Defendants for the possibility of future copyright infringement is in the public interest.  *See Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) ("[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work.").

In the trademark context, it is axiomatic that the public has an interest in knowing where its products come from.

### 4.  The Court Should Order Registries and Registrars to Disable and Transfer to Will Co. Ltd. the Domains Used by Defendants for Infringement.

Defendants used thisav.com, missav.com, myav.com, missav789.com, vassim.com, eightcha.com, and fivetiu.com to display Plaintiff's copyrighted full-length videos.  Verisign, Inc. is the registry for .com domains.  *Decl. J. Tucker,* p 4, ¶ 17.

Transferring thisav.com, missav.com, myav.com, missav789.com, vassim.com, eightcha.com, and fivetiu.com to Will Co. Ltd. would stop Defendants, at least temporarily,

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 25 [3:20-cv-05802-BHS]

from being able to distribute infringing content to the public in violation of Plaintiff's rights (as well as protect the public by preventing the site from displaying videos such as incest). The Court should instruct Verisign, Inc. to disable and transfer thisav.com, missav.com, myav.com, missav789.com, vassim.com, eightcha.com, and fivetiu.com to Will Co. Ltd. Further, the Court should instruct X.com (formerly Twitter) to transfer the @missav_daily account to Plaintiff. *Decl. J. Tucker,* p4, ¶ 18.

Such relief has been granted in other copyright infringement cases. *See China Central Television v. Create New Tech. (HK) Ltd.,* No. 15-01869 MMM, D.I. 192 at ¶ 18 (C.D. Cal. May 31, 2016); *DISH Network L.L.C. v. Dima Furniture, Inc.,* 2019 WL 2498224 at *8-9 (D. Md. June 17, 2019); *DISH Network L.L.C. v. Mo' Ayad Al Zayed Trading Est.*, No. 4:17-cv-03909, D.I. 24 (S.D. Tex. Aug 24, 2018); *DISH Network L.L.C. v. Lool Tech Co., Ltd.*, No. 4:16-cv-01771, D.I. 25 at ¶ 4 (Tex. Mar 17, 2017), App. at 403-07; *DISH Network L.L.C. v. Shava IPTV Network LLC*, No. 1:15-cv-00706 (TSE/IDD), D.I. 136 *E.D. Va. Feb 2, 2018); *Times Content Limited v. Doe*, No. 4:17-cv-01287, D.I. 10 at ¶ 3 (S.D. Tex. May 5, 2017), App. at 408-14; *Warner Bros. Entm't, Inc. v. Doe*, No. 14-cv-3492, D.I. 27 at 7 (S.D.N.Y. Oct 3, 2014).

### 5.   Attorneys' Fees

Will Co. Ltd. also requests attorneys' fees in the amount of $48,548, and $1,030.57 in costs. *See Decl. of S. Freeman,* p 2, ¶¶ 2-8.   17 U.S.C. § 505 provides that the Court may "award a reasonable attorney's fee to the prevailing party as part of the costs."   *See also*, *Warner* Bros. *Ent, Inc. v. Duhy*, 2009 U.S. Dist. LEXIS 123332, 8-9 (C.D. Cal. Nov. 30, 2009), citing *Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283, 289 (2d Cir. 1999).  The sum of $76,959 is reasonable.

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 26 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1

## IV.    Conclusion

2      For the reasons demonstrated above, and based on the supporting evidence, Plaintiff

3  requests that a default judgment be entered against Defendants as follows:

4          a.      The sum of $45,000,000 in statutory damages on the cause of action for

5  Copyright Infringement, and

6          b.      Award Plaintiff attorney's fees of $48,548 and costs of suit ($400 filing

7  fee, $400 appellate court filing fee, and appellate court exhibit costs of $230.57) for a total of

8  $48.578.57.

9

10          c.      Permanent injunctive relief enjoining Defendants and their respective

11  agents, servants, and employees, and any other persons or entities acting on their behalf from

12  infringing upon any of the Plaintiff's copyrighted works.

13          d.      Instruct Verisign, Inc. to disable and transfer thisav.com, missav.com,

14  myav.com, missav789.com, vassim.com, eightcha.com, and fivetiu.com to Will Co. Ltd.

15          e.      Such other relief as the Court deems just and proper.

16      RESPECTFULLY SUBMITTED this 28th day of October 2024.

17      *This brief contains 8,115 words in complaint with LCR 7(e)(3).*

18

19      **FREEMAN LAW FIRM, INC.**

20          _____/s/ Spencer D. Freeman_____
        Spencer D. Freeman, WSBA#25069

21      1107 ½ Tacoma Avenue South
        Tacoma, WA 98402

22      Telephone: (253) 383-4500
        Facsimile:  (253) 383-4501

23      Email: sfreeman@freemanlawfirm.org

24      Attorneys for Plaintiff

25

26

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 27 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF WILL CO LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANTS KA
YEUNG LEE AND YOUHAHA MARKETING AND
PROMOTION LIMITED. - 28 [3:20-cv-05802-BHS]

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)