UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan,<br><br>Plaintiff,<br><br>vs.<br><br>KA YEUNG LEE, an individual; YOUHAHA MARKETING AND PROMOTION LIMITED, a foreign company; and DOES 1-5 d/b/a THISAV.COM, MISSAV.COM, MYAV.COM, MISSAV789.com, VASSIM.COM, and John Does 6-20<br><br>Defendants. | Case No.: 3:20-cv-05802-BHS<br><br>PLAINTIFF WILL CO. LTD.'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS KA YEUNG LEE, an individual; YOUHAHA MARKETING AND PROMOTION LIMITED, a foreign company; and DOES 1-5 d/b/a THISAV.COM, MISSAV.COM, MYAV.COM, MISSAV789.com, VASSIM.COM, and John Does 6-20<br><br>NOTE ON MOTION CALENDAR: |

I, Katsuhisa Aoyagi, declare:

1. I am a Citizen of Japan, over the age of 18 years old, make this declaration based upon personal knowledge and, if called to testify could and would testify competently to the facts set forth herein.

2. I am the Chief Executive Officer of Will Co. Ltd., ("Will Co.") based in Japan.

3. Will Co. Ltd. is an award-winning Japanese-based entertainment company with nearly 100 employees managing over 35 registered trademarks and 50 distinct brands. Each brand

DECLARATION OF KATSUHISA AOYAGI IN SUPPORT OF PLAINTIFF WILL CO. LTD.'S MOTION FOR DEFAULT JUDGMENT - 1

[3:20-cv-05802-BHS]

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

explores sensuality and sexuality through high-end photography, video, and erotic stories, all produced in exclusive Japanese settings.

4. Since 2016, the company has expanded its video library to over 51,000 full-length adult entertainment movies, featuring more than 5,000 models. These productions are directed by over 300 renowned photographers and directors, contributing to the company's high-quality content.

5. Will Co.'s high-budget productions, use of exotic locations, engaging storylines, and dedication from its artists and technicians have earned numerous industry awards, solidifying its status as a globally recognized leader in Japanese sensual erotic art.

6. Will Co. spends, on average, at least US$20,000 per movie it produces. Will Co. produces approximately 600 titles per month.

7. Will Co. produces content that features Japanese models and is set in authentic Japanese environments and locations.

8. Will Co. is the producer, exclusive licensor, and owner of its motion pictures and associated content.

9. Attached as Exhibit A is a list of United States copyright registrations filed and owned by Will Co. Ltd. for videos that were found to be displayed on Defendants' websites without license or authorization.

10. Will Co. Ltd.'s library of full-length adult entertainment movies are offered exclusively through a fee-based model, generating revenue from paying viewers. None of Will Co.'s videos are intended for free viewing.

11. Will Co. is aware that Japanese erotica is a significant niche in the United States market with high demand. Its popularity equates to the potential to earn significant money in the

DECLARATION OF KATSUHISA AOYAGI IN
SUPPORT OF PLAINTIFF WILL CO. LTD.'S
MOTION FOR DEFAULT JUDGMENT - 2

[3:20-cv-05802-BHS]

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  United States.

2  12.  Will Co. has intentionally ventured into the United States market in a controlled environment.

3  13.  Will Co. has an exclusive distribution agreement with Digital Commerce Co. Ltd. ("DMM"), one of the largest distributors of Japanese adult content in the world for the distribution of Will Co.'s content.

4  14.  DMM solely distributes Will Co.'s content on paid platforms for on-demand or DVD viewing. Authorized DVD's bearing Will Co.'s trademarks are available and sold to the United States.

5  15.  Will Co. earns a revenue share from each transaction. Will Co. earns substantial revenue in the tens of millions of US dollars from its video content, including millions of US dollars throughout the length of this case, from the United States market.

6  16.  With sales into the U.S., and with an eye toward utilizing the sophisticated copyright protection infrastructure of the United States, Will Co. has registered certain titles with the United States Copyright Office.

7  17.  The free availability of Will Co.'s Japanese erotica films on websites such as ThisAV.com, MissAV.com, Missav789.com, Myav.com, Vassim.com, Fivetiu.com, and Eightcha.com ('Defendants' Websites') deprives Will Co. of revenue. Due to these illegal sites, viewers interested in this niche market are disincentivized from paying membership fees, Pay Per View fees, or making legitimate purchases through platforms like DMM, which would otherwise compensate Will Co. for each viewing.

8  18.  Defendants Websites post Will Co. videos in most instances on the same day as they are released to the public.

DECLARATION OF KATSUHISA AOYAGI IN
SUPPORT OF PLAINTIFF WILL CO. LTD.'S
MOTION FOR DEFAULT JUDGMENT - 3

[3:20-cv-05802-BHS]

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

19. Will Co. actively works to protect its content by contracting with anti-piracy service providers, such as Battleship Stance, Inc., ("Battleship") to investigate and monitor websites that display Japanese erotica without authorization. Specifically, Will Co. retains Battleship to investigate instances where its movies are being unlawfully streamed for free, in violation of its rights.

20. I am informed that Battleship documented at least 50 separate instances of Will Co.'s copyright-registered movies being displayed without authorization on each of the Defendants' Websites, resulting in at least 300 separate instances of infringing, unauthorized display of Will's registered movies across the network of domains that make up Defendants Websites.

21. Given Will Co.'s active presence in the U.S. market and the strong demand for Japanese adult films, the unauthorized free display of its movies in the U.S. causes substantial harm to the company's ability to generate revenue in the United States.

22. Will Co. goes to great lengths to create high-quality movies, which are in turn desired by Will Co.'s customers. It therefore additionally hurts Will Co.'s brands if Will Co.'s videos are associated with low-quality movies.

23. Will Co. makes significant investments in human and technological resources to produce its high-quality videos. Production of quality, legally compliant content requires a steady stream of revenue, which is jeopardized by free access to its content.

24. The value of Will Co.'s content is substantial, with the company being a multi-million-dollar (USD) enterprise, and its world-famous brands worth even more. The damage caused by Defendants' unauthorized reproduction and distribution to hundreds of millions of potential consumers, combined with the willfulness of Defendants' infringing actions, justifies a significant monetary award.

25. Defendants have refused to remove Will Co.'s content from their websites, causing ongoing damage to Will Co. every day. As this case has progressed, they have continued to add

DECLARATION OF KATSUHISA AOYAGI IN
SUPPORT OF PLAINTIFF WILL CO. LTD.'S
MOTION FOR DEFAULT JUDGMENT - 4

[3:20-cv-05802-BHS]

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

more content without removing any. There is no adequate legal remedy to fully compensate Will Co. for the extensive damages caused by Defendants' actions.

26. Will Co. Ltd. owns one of the largest portfolios of premium Asian niche adult-oriented audiovisual content in the world. It holds the copyrights and trademarks related to well-known brands such as 'S1 No. 1,' 'Style,' 'Moodyz,' and those listed in Exhibit B of the Second Amended Complaint in this action. These brands are among the most recognized and popular in the legal Japanese niche adult entertainment industry.

27. Will Co. is Japan's largest producer of high-end adult entertainment, renowned for creating content that stands out for its unique production values, cultural specificity, and legal exclusivity.

28. Japanese law mandates that adult content be censored, particularly through the pixelation of genitalia. This legal censorship adds a layer of exclusivity to the content, creating heightened demand—especially among international audiences who perceive it as rare or exotic. By unlawfully distributing Will Co. Ltd.'s copyrighted works on their websites, Defendants have exploited this demand, profiting from the cultural and legal allure of our restricted content. Moreover, Defendants' removal of the legally mandated pixelation not only violates Japanese law but also severely undermines the integrity and value of Will Co.'s content by stripping away the unique legal and cultural elements that make it distinct. This unauthorized alteration tarnishes Will Co.'s reputation by associating our content with illegal and unapproved modifications, potentially subjecting me, the company, and our performers to legal repercussions in Japan. Additionally, the models featured in the content may face significant liability and reputational damage, as uncensored distribution exposes them to risks that Japanese law seeks to mitigate, including violations of privacy and societal stigma.

29. Will Co. Ltd. also produces content tailored to specific niche markets, including cosplay, roleplay, and other genres that are less represented in Western markets. These niche

DECLARATION OF KATSUHISA AOYAGI IN SUPPORT OF PLAINTIFF WILL CO. LTD.'S MOTION FOR DEFAULT JUDGMENT - 5

[3:20-cv-05802-BHS]

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

genres, especially when tied to popular AV idols[1], attract a highly loyal and dedicated fanbase both in Japan and abroad. The Defendants have directly infringed on this specialized market by distributing Will Co.'s content through unauthorized channels.

30. Will Co. Ltd. controls how its content can be distributed in specific markets, which enhances its perceived value. Defendants' unauthorized distribution across multiple websites, including ThisAV.com, MissAV.com, and other Defendant Websites, has undermined Will Co.'s control over the availability and pricing of its content. The mass, illegal dissemination has damaged the international perception of Will Co.'s content as rare and exclusive.

31. Beyond infringing on Will Co.'s copyrights and trademarks, Defendants have blatantly disregarded the legal protections granted to performers under Japanese law.

32. Unlike the United States, in 2022[2], amendments to Japanese law granted adult performers greater control over the distribution of their content, allowing models to withdraw consent and terminate contracts retroactively. This ensures that content produced under exploitative or unfair circumstances can be removed from circulation. Despite these legal safeguards, Defendants have ignored takedown notices and continued to unlawfully distribute content featuring Will Co. Ltd.'s performers, violating both U.S. copyright law and Japanese legal protections.

33. Defendants have failed to comply with DMCA takedown notices and continue to display Will Co.'s copyrighted works across their network of domains, including MissAV.com and ThisAV.com. Additionally, Defendants' Websites are not in compliance with the DMCA's safe harbor provisions, as they have not registered DMCA agents or honored any of Will Co.'s

---

[1] An AV idol is a popular Japanese performer in the adult video industry, known for their dedicated fanbase and influence on the success of adult films and related content.

[2] The Act on Prevention of Injury and Protection of Performers in Adult Videos (アダルトビデオ出演被害防止・救済法), was enacted in June 2022 by the Japanese Diet. The law was created in response to growing concerns over the exploitation of performers in the adult industry, providing them with increased legal protection and control over their content. The law was introduced as part of Japan's broader efforts to prevent abuse in the entertainment industry, including recognition of past coercion cases in the adult video sector.

DECLARATION OF KATSUHISA AOYAGI IN
SUPPORT OF PLAINTIFF WILL CO. LTD.'S
MOTION FOR DEFAULT JUDGMENT - 6

[3:20-cv-05802-BHS]

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

numerous removal requests. Their disregard for both U.S. and Japanese legal standards demonstrates willful infringement.

34. Defendants have built a business model based on the illegal distribution of high-value content, including Will Co.'s works, to drive traffic and increase advertising revenue. This model relies on mass copyright infringement, undermining Will Co.'s business and brands. Despite being fully aware of the legal consequences, Defendants have not ceased their activities, even redirecting users to alternative websites in their network and identified in the Second Amended Complaint and this Motion when certain domains (e.g., ThisAV.com) were targeted for enforcement actions.

35. Will Co. Ltd. seeks injunctive relief, and attorneys' fees due to Defendants' ongoing and willful infringement of Will Co.'s valuable copyrighted materials. Without immediate injunctive relief, Will Co. will continue to suffer irreparable harm. The unlawful acts of the Defendants undermine our brands, and exposes us to significant legal and reputational risks. The urgency of this matter cannot be overstated; every day that passes without injunctive relief results in further damage to Will Co.'s market share, reputation, and ability to enforce its rights.

36. Will Co. Ltd. generates revenue through exclusive licensing with DMM, one of Japan's largest digital content platforms. DMM plays a vital role in distributing Will Co.'s high-end works, offering broad market access via digital sales, streaming services, and DVD distribution. By ensuring compliance with Japanese legal requirements, including the mandated pixelation of adult content, DMM helps Will Co. legally monetize its content while mitigating piracy risks. DMM's strict content protection policies safeguard Will Co.'s reputation and intellectual property, allowing the company to maintain control over distribution and ensure that its content is presented within a regulated, legitimate framework.

37. Will Co. Ltd. earns over US$30,000 per title; however, our ability to generate revenue is limited. Japanese laws grant models the right to withdraw consent, which can require us to cease distribution of certain titles. This legal framework, unique to Japan, heightens both

DECLARATION OF KATSUHISA AOYAGI IN
SUPPORT OF PLAINTIFF WILL CO. LTD.'S
MOTION FOR DEFAULT JUDGMENT - 7

[3:20-cv-05802-BHS]

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  the value and demand for our content. The inability to fully control the distribution of our works
2  adds further complications, especially when unauthorized use undermines our attempts to adhere
3  to a carefully regulated market.

4      38.    It is impossible to calculate the exact loss caused by a pirate network like
5  Defendants'. While not all of the over 314,000,000 monthly visitors would have become paying
6  customers of Will Co. Ltd. in the absence of Defendants' Websites, the availability of our content
7  for free represents a significant financial loss to Will Co., as it undermines our legitimate revenue
8  streams and devalues our content.

9      39.    Will Co. Ltd. is the owner of the trademarks identified in Exhibit B of the Second
10 Amended Complaint, which is attached here as Exhibit B. These trademarks are registered in
11 Japan, South Korea, and other countries, and we hold common law trademark rights in the United
12 States.

13     40.    Prior to the filing of this case, WILL Co. movies and the use of its trademarked
14 brands, through distribution licensing agreement with DMM, have earned over US$10 million
15 per year in the United States market. U.S. consumers familiar with Japanese videos have come to
16 recognize and rely on our movies and trademark names.

17     41.    Through our licensing partnership with DMM, we sell DVDs and pay per view
18 access. We are aware that our content is actively sold and consumed in the United States.

19     42.    In addition to the unauthorized display of Will Co.'s copyrighted content,
20 Defendants' Websites, including ThisAV.com and MissAV.com, feature highly inappropriate and
21 illegal content, including videos promoting **INCEST** and other extreme acts that violate both U.S.
22 and Japanese laws. The association of Will Co.'s premium Japanese adult content with such
23 material severely damages the reputation of Will Co.'s brands, which are known for their high
24 production values and strict adherence to legal and cultural standards. This inappropriate and

DECLARATION OF KATSUHISA AOYAGI IN
SUPPORT OF PLAINTIFF WILL CO. LTD.'S
MOTION FOR DEFAULT JUDGMENT - 8

[3:20-cv-05802-BHS]

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

illegal content creates a false association between Will Co.'s legitimate productions and the disreputable material found on Defendants' Websites, causing irreparable harm to the integrity of Will Co.'s trademarks, reducing consumer trust, and diminishing its standing in both domestic and international markets.

43.  Defendants purportedly allow anonymous uploads via email. Will Co. does not associate with websites that enable such activities, as it undermines the integrity of content distribution and promotes unlawful practices.

44.  Associating our box cover art, movies, and trademark brands with incest and other illegal content causes significant confusion in the market and severely damages our company's reputation. The mere appearance of our work on these platforms gives the false impression that we authorize, sponsor, or endorse the unlawful display of such illegal and reprehensible content.

45.  Once damage of this magnitude has occurred, it becomes nearly impossible to repair without incurring substantial costs, including millions of US dollars in corrective advertising efforts.

46.  For clarity, Will Co. Ltd. firmly rejects any association with videos containing illegal content, as this contradicts the company's commitment to producing high-quality, lawful entertainment.

DECLARATION OF KATSUHISA AOYAGI IN
SUPPORT OF PLAINTIFF WILL CO. LTD.'S
MOTION FOR DEFAULT JUDGMENT - 9

[3:20-cv-05802-BHS]

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

1  I declare under the penalty of perjury under the laws of the United States of America that
2  the foregoing is true and correct.
3
4  Executed on the __2__ day of October, 2024 at _3-15-20, Roppongi Minatoku, Tokyo 106-0032_, Japan.

_Katsuhisa Aoyagi_
Katsuhisa Aoyagi

DECLARATION OF KATSUHISA AOYAGI IN
SUPPORT OF PLAINTIFF WILL CO. LTD.'S
MOTION FOR DEFAULT JUDGMENT - 10

[3:20-cv-05802-BHS]

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)