UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILL CO. LTD. a limited liability company organized under the laws of Japan,<br><br>     Plaintiff,<br><br> v.<br><br>KA YEUNG LEE, an individual; YOUHAHA MARKETING AND PROMOTION LIMITED, a foreign company; and DOES 1-20 d/b/a THISAV.COM,<br><br>     Defendant. | CASE NO. C20-5802 BHS<br><br>ORDER |

  This matter is before the Court on Plaintiff Will Co. Ltd.'s unopposed motion for default judgment against Defendants Ka Yeung Lee, YouHaHa Marketing and Promotion Limited, and Does 1-20. Dkt. 60.

  Will Co. asserts it is an "award-winning Japan based entertainment company" with a "vast library of full-length adult entertainment movies." Dkt. 53 at 1. It alleges Defendants have committed copyright infringement by operating several websites that unlawfully copy and distribute content owned by Will Co. Defendants moved to dismiss

ORDER - 1

1   for lack of personal jurisdiction, which the Court denied. Dkts. 18, 46. With the Court's
2   permission, Will Co. filed a Second Amended Complaint. Dkts. 52, 53. Defendants did
3   not answer. Dkts. 56–58.
4         Will Co. moves for default judgment against each of the Defendants. Dkt. 60. It
5   alleges Defendants unlawfully displayed fifty of Will Co.'s works on at least six
6   websites, amounting to at least 300 separate instances of infringement. It states it has
7   accordingly established copyright infringement, inducement of infringement, and
8   vicarious and contributory infringement. Will Co. also alleges Defendants wrongfully
9   used trademarks registered in Japan in connection with goods and services identical to
10  Will Co.'s, resulting in trademark violations under 15 U.S.C. § 1125(a), trademark
11  dilution, and common law trademark infringement. Finally, Will Co. asserts it has
12  sufficiently pled Defendants engaged in an unfair or deceptive practice under
13  Washington's Consumer Protection Act, RCW Chapter 19.86.
14        Will Co. seeks statutory damages under the Copyright Act, 17 U.S.C. § 504(c). It
15  argues Defendants' extensive infringement of Will Co.'s copyrighted works was willful
16  and asks the Court to impose the maximum statutory award of $150,000 for each of the
17  300 infringement instances to "deter others from the same temptation." *Id.* at 18. It
18  alleges "substantial traffic" on Defendants' websites—an aggregate of 314,900,000
19  visitors in August 2024—and states that as of October 2024, it identified "1,738,686
20  Links to the infringing use of 50,120 full-length video titles" on two of Defendants'
21  websites alone. *Id.* at 7, 10, 18. It further argues Defendants' failure to defend
22  demonstrates willfulness. *Id.* at 20 (citing *Tiffany Inc. v. Luban*, 282 F. Supp. 2d 123, 124

ORDER - 2

(S.D.N.Y. 2003) ("By virtue of the default, the [defaulting party's] infringement is deemed willful.")). Will Co. does not provide an estimate of its total lost revenue. *Id.* at 16 (Will Co. suffered a "significant and incalculable loss."). Rather, it contends Defendants have undermined Will Co.'s "ability to monetize its works," caused Will Co. to lose significant market share and goodwill, and damaged Will Co.'s reputation. *Id.* at 17, 21–22.

"In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The Court has wide discretion in determining the amount of statutory damages to be awarded within the ranges provided by 17 U.S.C. § 504(c)(1)–(2). *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984). It must do what is just in the particular case, "considering the nature of the copyright, the circumstances of the infringement and the like . . . but with the express qualification that in every case the assessment must be within the prescribed [statutory range]. Within these limitations the court's *discretion and sense of justice* are controlling." *F.W. Woolworth Co. v. Contemp. Arts, Inc.*, 344 U.S. 228, 232 (1952) (emphasis added). "Statutory damages are particularly appropriate in a case . . . in which [a] defendant has failed to mount any defense or to participate in discovery." *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003). Further, "[b]ecause awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the

profits reaped by defendant." *L.A. News Serv. v. Reuters Television Int'l., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (quoting *Harris,* 734 F.2d at 1335); *see also Getty Images (U.S.), Inc. v. Virtual Clinics*, No C13-0626 JLR, 2014 WL 1116775 (W.D. Wash. Mar. 20, 2014).

Will Co. has demonstrated Defendants willfully infringed its copyrights 300 times, and an award of statutory damages is warranted and required. However, the Court in its discretion declines to award the maximum statutory damages per infringement instance.

Will Co. does not estimate how much revenue it has lost due to Defendants' actions. It asserts merely it suffered an "incalculable loss." Moreover, it admits that "not all of the over 314,000,000 monthly visitors" to Defendants' websites "would have become paying customers of Will Co." in the absence of Defendants' actions. Dkt. 60 at 16. Without any proof on how much revenue Will Co. lost due to Defendants' infringement or how much Defendants wrongfully gained, the Court declines to assume that $45,000,000 is a fair or accurate estimation of any lost revenue or illicit profits.

In its discretion and in the interests of justice, the Court will award statutory damages of **$15,000** for each of the **300** offending videos, for a total of **$4,500,000**. The award is against all Defendants, jointly and severally.

Will Co. also seeks injunctive relief under 17 U.S.C. § 502(a). Dkt. 60 at 20. It argues that it is irreparably harmed by Defendants actions, and that it is difficult to enforce any monetary judgment against Defendants because they reside outside the United States. *Id.* at 24.

      The Copyright Act authorizes the Court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The Court may grant a permanent injunction where the plaintiff demonstrates that (1) "it has suffered an irreparable injury;" (2) "remedies available at law, such as monetary damages, are inadequate to compensate for that injury;" (3) "considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted;" and (4) "the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The Court does so in the exercise of its equitable discretion. *Id*.

      Will Co. has demonstrated each of the elements required for a permanent injunction. It has demonstrated that the copyrighted videos hosted on Defendants' websites have a significant viewer base, resulting in Will Co. losing market share. Dkt. 60 at 22. It is also apparent monetary damages will not be adequate to prevent future infringement because Will Co. may not be able to collect the default judgment from the Defendants. *Id.* at 24. The balance of hardships in the absence of injunctive relief tilts towards Will Co., and public interest is served by granting injunctive relief. *See Apple Comput., Inc. v. Franklin Comput. Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) ("[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work."). In short, Will Co. is entitled to a permanent injunction precluding Defendants from infringing on its copyrighted works.

Will Co. requests the Court to order non-party Verisign, Inc. (the registry for .com domain names) to disable and transfer the following domains from Defendants to Will Co.: "thisav.com," "missav.com," "myav.com," "missav789.com," "vassim.com," "eightcha.com," and "fivetiu.com." Dkt. 60 at 25–26 (citing, *inter alia*, *DISH Network L.L.C. v. Dima Furniture, Inc.*, No. TDC-17-3817, 2019 WL 2498224 at *8–9 (D. Md. June 17, 2019)). The Court agrees and ORDERS that Verisign, Inc. DISABLE and TRANSFER Defendants' domain names "thisav.com," "missav.com," "myav.com," "missav789.com," "vassim.com," "eightcha.com," and "fivetiu.com" to plaintiff Will Co.

Finally, Will Co. requests attorneys' fees of $76,959. These fees and costs appear reasonable in light of the stakes and the effort reflected in the record, and the Court ORDERS such an award of fees and costs under 17 U.S.C. § 505.

The Clerk shall enter a JUDGMENT consistent with this Order and close the case.

**IT IS SO ORDERED.**

Dated this 7th day of January, 2025.

BENJAMIN H. SETTLE
United States District Judge